GIRARDI | KEESE
Stephen G. Larson (CA Bar No. 145225)
1126 Wilshire Boulevard
Los Angeles, CA 90017
Phone: 213-977-0211
Fax: 213-481-1554
E- Mail: slarson@girardikeese.com

Attorneys for Defendant
ANGELA MARIA GOMEZ AGUILAR

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>ENRIQUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE,<br><br>      Defendants. | CR No. 10-1031-AHM<br><br>**DEFENDANT ANGELA MARIA GOMEZ AGUILAR'S MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  December 13, 2010<br>Time:  3:00 p.m.<br>Place:  Courtroom 14 |

1    Defendant Angela Maria Gomez Aguilar hereby files this Motion to Dismiss the

2  First Superseding Indictment or, in the alternative, for a Bill of Particulars.

3    This Motion is based on the moving papers, the attached Memorandum of Points

4  and Authorities, and such further evidence as may be requested by the Court in support

5  of this Motion.

6

7  DATED: November 30, 2010                    Respectfully submitted,

8
                                    By:  _____/s/_____
9                                        Stephen G. Larson (Bar No. 145225)
                                         GIRARDI | KEESE
10                                       Attorneys for Defendant
11                                       ANGELA MARIA GOMEZ AGUILAR

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF ARGUMENT .....................................1

II. FACTUAL BACKGROUND.....................................................................................1

III. ARGUMENT .......................................................................................................1

    A. The Government's Superseding Indictment Should Be Dismissed For
        Lack Of Sufficiency ...........................................................................2

        1. The Superseding Indictment Fails to Sufficiently Allege An
             FCPA Violation.......................................................................4

        2. The Money Laundering Counts Must Be Dismissed Because The
             Indictment Fails To Sufficiently Allege Any Underlying
             Unlawful Activity ...................................................................7

    B. In the Alternative, The Government Should Be Ordered To Provide A
        Bill of Particulars.............................................................................8

IV. CONCLUSION....................................................................................................15

DEFENDANT MS. GOMEZ AGUILAR'S MOTION    - i -
TO DISMISS FIRST SUPERSEDING INDICTMENT
OR FOR BILL OF PARTICULARS                                   13198342.2

1

# <u>TABLE OF AUTHORITIES</u>

2

CASES                                                                          PAGE(S)

3
*Russell v. United States,*
4
   369 U.S. 749 (1962)................................................................2

5
*United States v. Bin Laden,*
   92 F. Supp. 2d 225 (S.D.N.Y. 2000) ............................................9, 13
6

7
*United States v. Bortnovsky,*
   820 F.2d 572 (2d. Cir. 1987) ............................................ 10, 11, 13
8

*United States v. Buddenberg,*
9
   2010 U.S. Dist. LEXIS 78201 (N.D. Cal. July 12, 2010) ....................3

10
*United States v. Carona,*
11
   2008 U.S. Dist. LEXIS 37386 (C.D. Cal. May 2, 2008).....................9

12
*United States v. Cecil,*
13
   608 F.2d 1294 (9th Cir. 1979) ...........................................2, 3, 8

14
*United States v. Chen,*
15
   2006 U.S. Dist. LEXIS 84786 (N.D. Cal. Nov. 9, 2006) ...............9, 12

16
*United States v. Cruz,*
17
   993 F.2d 164 (8th Cir. 1993) ...............................................7

18
*United States v. Dunn,*
   841 F.2d 1026 (10th Cir. 1988) ............................................8
19

20
*United States v. Fuentes,*
   252 F.3d 1030 (9th Cir. Cal. 2001)..........................................2
21

22
*United States v. Kay,*
   359 F.3d 738 (5th Cir. 2004) .........................................3, 4, 6
23

24
*United States v. Long,*
   706 F.2d 1044 (9th Cir. 1983) ..............................................9

25
*United States v. Nachamie,*
26
   91 F. Supp. 2d 565 (S.D.N.Y. 2000) .......................................10

27

28

*United States v. O'Donnell,*
  608 F.3d 546 (9th Cir. 2010) ................................................................2

*United States v. R.P. Oldham Co.,*
  152 F. Supp. 818 (N.D. Cal. 1957) ......................................................9

*United States v. Ramirez,*
  54 F. Supp. 2d 25 (D.D.C. 1999) .........................................................8

*United States v. Rogers,*
  617 F. Supp. 1024 (D. Colo. 1985) ......................................................9

*United States v. Rosi,*
  27 F.3d 409 (9th Cir. 1994) .............................................................3, 8

*United States v. Ryland,*
  806 F.2d 941 (9th Cir. 1986) .........................................................9, 12

STATUTES

Article 222 of the Mexican Federal Penal Code ........................................7

OTHER AUTHORITIES

Federal Rule Criminal Procedure 7(c)(1).........................................1, 2, 8

U.S. Const. Amendment,

  Fifth Amendment ...............................................................................2

  Sixth Amendment ..............................................................................2

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Angela Maria Gomez Aguilar ("Ms. Gomez Aguilar"), through her counsel of record, respectfully moves this Court for an order dismissing all counts of the government's eight-count First Superseding Indictment.  Alternatively, Ms. Gomez Aguilar respectfully moves, pursuant to Fed. R. Crim. P. 7(c)(1), for a Bill of Particulars with respect to all counts in the deficient Superseding Indictment for the reasons set forth below.

### II.    FACTUAL BACKGROUND

On September 15, 2010, the government indicted Ms. Gomez Aguilar along with her husband, Enrique Faustino Aguilar Noriega ("Mr. Aguilar Noriega"), in a seven-count indictment that alleged conspiracy to violate the FCPA (count one); a substantive violation of the FCPA (counts two through five); conspiracy to commit money laundering (count six); and money laundering (count seven).  Mr. Aguilar Noriega was charged in all seven counts; Ms. Gomez Aguilar was charged only in the money laundering counts (counts six and seven).

On October 4, 2010, Ms. Gomez Aguilar filed a Motion to Dismiss All Counts of the Indictment or, in the alternative, to obtain a Bill of Particulars.  The Motion was heard on October 22, 2010, in conjunction with the government's Motion to Disqualify Counsel for Ms. Aguilar for Conflict of Interest, and was denied without prejudice as moot, the government having filed a First Superseding Indictment on October 21, 2010. (Docket No. 56.)

///

///

///

## III.   ARGUMENT

### A.   The Government's Superseding Indictment Should Be Dismissed For Lack Of Sufficiency

The Supreme Court has held that the Fifth Amendment indictment clause and the Sixth Amendment notice clause, as reflected in Federal Rule of Criminal Procedure Rule 7(c), require that an indictment "contain[] the elements of the offense intended to be charged, and sufficiently apprise the defendant of what [s]he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763-64 (1962); *see also United States v. Fuentes*, 252 F.3d 1030, 1032 (9th Cir. Cal. 2001) (holding that an "indictment's failure to 'recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment'." (*citing United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999).)  An indictment must provide the "substantial safeguards" to criminal defendants that indictments are designed to guarantee; pursuant to this purpose, an indictment must furnish the defendant with a sufficient description of the charges against her in order to: (i) enable her to prepare her defense, (ii) ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, (iii) enable her to plead jeopardy against a later prosecution, and (iv) inform the court of the facts alleged so that it can determine the sufficiency of the charge. *See United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).

To meet this standard, an indictment "must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged." *Id.*  "An indictment must be specific in its charges and necessary allegations cannot be left to inference." *United States v. O'Donnell*, 608 F.3d 546, 555 (9th Cir. 2010) (emphasis added) (citations omitted).  Furthermore, while the language of the statute may be used in the general description of an offense, the fact that an indictment may have tracked the language of

the statute will not render it valid if *it fails to allege an essential element of the offense or the facts required to fulfill the purposes of indictments.*" *Cecil*, 608 F.2d at 1297 (emphasis added); *see also United States v. Buddenberg*, No. No. CR-09-00263 RMW, 2010 U.S. Dist. LEXIS 78201, at *6 (N.D. Cal. July 12, 2010) ("[A]n indictment must do more than simply repeat the language of the criminal statute.'" (citing *O'Donnell*, 608 F.3d 546).

In addition, to withstand a motion to dismiss an indictment, the indictment must "contain the elements of the charged offense in sufficient detail . . . to enable the defendant to prepare his defense." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994). Further (and specific to the FCPA), the Fifth Circuit has held that the "minimally sufficient facts" that, if proved, will meet the elements of a violations of the FCPA include:

> the citizenship of the briber, the identity of the qualified business entity, the particular instrumentalities of foreign and interstate commerce employed, the identity of the foreign country and of the officials to whom the suspected payments are made, and ***the sought after unlawful actions taken or not taken by the foreign official in consideration of the bribes***.

*United States v. Kay*, 359 F.3d 738, 760 (5th Cir. 2004).

The original Indictment was fatally defective because it failed entirely to allege essential elements of an FCPA violation; the Superseding Indictment fares no better.

Specifically, the Superseding Indictment fails to allege facts sufficient to identify the contracts or benefits obtained or retained by Lindsey Manufacturing through improper advantage, as well as the sought-after unlawful actions taken or not taken by the purported foreign officials in consideration of the alleged bribes. Instead, the Superseding Indictment largely recites the language of the FCPA, without providing allegations of facts and circumstances providing defendant with notice how that language is implicated here. The Indictment relies entirely on the inference that Lindsey Manufacturing was awarded unspecified and entirely ambiguous contracts from

DEFENDANT'S MOTION TO DISMISS FIRST
SUPERSEDING INDICTMENT OR AT A
MINIMUM, FOR A BILL OF PARTICULARS

-3-

13241785.2

1  CFE during a broad six-year period it conducted business throughout Mexico, whereby

2  contracts were allegedly secured due to some improper advantage (despite industry-

3  wide recognition of the superiority of the products sold here and which are sold in such

4  a manner that compels a higher-than-typical commission structure for sales

5  representatives), and the further inference that foreign officials acted or failed to act in

6  some improper way.  This glaring omission of even a hint of the actual contract or

7  contracts that were (or were not) awarded compels dismissal of the Superseding

8  Indictment.

9        Moreover, the money laundering counts against Ms. Gomez Aguilar contained in

10  counts seven and eight are also defective and must be dismissed because those charges

11  are wholly dependent on the alleged underlying violations of the FCPA and the criminal

12  bribery laws of Mexico, but the Superseding Indictment critically fails to allege specific

13  factual allegations in support of any of those alleged offenses.

### 1.    The Superseding Indictment Fails to Sufficiently Allege An FCPA Violation

15        As the Fifth Circuit has explained, the anti-bribery provision of the FCPA does

16  not criminalize every payment to a foreign official:

> [The FCPA] criminalizes only those payments that are intended to (1)
> influence a foreign official to act or make a decision in his official
> capacity, or (2) induce such an official to perform or refrain from
> performing some act in violation of his duty, or (3) secure some
> wrongful advantage to the payor.

21  *Kay*, 359 F.3d at 743.  "[E]ven then, the FCPA criminalizes these kinds of

22  payments only if the result they are intended to produce – their *quid pro quo* – will

23  assist (or is intended to assist) the payor in efforts to get or keep some business for or

24  with 'any person.'" *Id.*  The instant indictment does not provide a single fact evidencing

25  the required *quid pro quo*.  The fact that Lindsay Manufacturing contracted with CFE is

26  not in itself enough to infer that those contracts were corruptly obtained, and it is

27  implausible and insufficient for the government to merely plead that "all of the

28

1    contracts" over a six-year period were allegedly obtained pursuant to purported bribes.

2    The government must at least be able to point to a single instance of a contract so

3    improperly obtained; here, the Superseding Indictment does not even identify the date,

4    substance, or identity of the foreign official who awarded even one of these purported

5    improperly obtained contracts.  Defendants cannot be left to guess at what these actions

6    were, and, as has been born out after reviewing all of the discovery produced so far by

7    the government, this information will be difficult if not impossible to obtain through

8    discovery.

9       To be clear, the Superseding Indictment is entirely devoid of any specific factual

10    allegations showing that Lindsey Manufacturing obtained or retained business with CFE

11    due to the purported bribery.  The indictment merely asserts — without even the

12    slightest mention of a single contract actually awarded — that Lindsey Manufacturing

13    "obtained multiple contracts with CFE while using Grupo as its sales representative."

14    This is not sufficient.  How can such a deficient Indictment failing to allege an essential

15    element of an FCPA charge be sustained while an imprisoned defendant remains in

16    custody, with no allegations of any contract actually awarded by the foreign government

17    official?  This element is at the heart of the FCPA charge, and without it, no Indictment

18    asserting violations of the FCPA should survive.

19       In addition to failing to allege a single specific contract awarded by CFE to

20    Lindsey Manufacturing, the government fails to allege any causal connection

21    whatsoever between any payments and any contract.  Instead, the government lists

22    various dates and amounts of various transactions, but leaves the defendants (and the

23    Court) to guess at which, if any, contracts were connected to these transactions and were

24    allegedly improper.  The financial transactions (conclusorily identified as "Overt Acts")

25    are not connected to the award of any actual contract or benefit.  Showing a defendant

26    made a transaction, and compelling the bare inference (with no factual support

27    whatsoever) that that transaction is connected somehow to obtaining an unidentified

28

1    (and conclusorily corrupt) benefit is tantamount to deprivation of a defendant's

2    Constitutional protections.  Certainly no defendant should be held in custody on such

3    bereft allegations which deprive them of basic notice of the very nature of the benefit

4    allegedly received.

5            Finally, most obviously lacking from government's indictment is a single factual

6    allegation of any unlawful act taken, or not taken, by a foreign official.  Instead, the

7    government simply asserts (without support) that Lindsey Manufacturing received

8    contracts from CFE and from that, expects the Court and Ms. Gomez Aguilar to infer

9    the requisite acts or omissions the purported foreign officials took in violation of their

10   unidentified official duties.  Again, the government's reliance on inference, instead of

11   facts, is insufficient, and sustaining the Superseding Indictment would be a miscarriage

12   of justice.

13           Even assuming the government's allegations regarding payments being made to

14   Official 1 and Official 2 are true, which Ms. Gomez Aguilar disputes, the FCPA does

15   not "criminalize every payment to a foreign official." *See Kay*, 359 F. 3d at 743.  The

16   government must allege facts showing that the allegedly corrupt payments were

17   "intended to (1) influence a foreign official to act or make a decision in his official

18   capacity, or (2) induce such an official to perform or refrain from performing some act

19   in violation of his duty, or (3) secure some wrongful advantage to the payor." *Id.*  The

20   government has failed to do so here.

21           Furthermore, even had it done so, it has entirely failed to allege the required *quid*

22   *pro quo* – the government has failed to allege facts showing that the alleged payments

23   caused some unlawful act by a foreign official that improperly benefited Lindsey

24   Manufacturing.  Indeed, the Indictment does not allege any acts at all (for Lindsey

25   Manufacturing's improper benefit or otherwise) by a foreign official.

26

27

28   DEFENDANT'S MOTION TO DISMISS FIRST          -6-
     SUPERSEDING INDICTMENT OR AT A
     MINIMUM, FOR A BILL OF PARTICULARS

13241785.2

2. **The Money Laundering Counts Must Be Dismissed Because The Indictment Fails To Sufficiently Allege Any Underlying Unlawful Activity**

Counts seven and eight alleged against Ms. Gomez Aguilar in the Superseding Indictment fail because the government has failed to sufficiently allege the underlying unlawful activity.[1]  As explained fully above, the Superseding Indictment critically fails to sufficiently allege a violation of the FCPA.  Therefore, an FCPA violation cannot serve as the requisite unlawful act supporting the money laundering counts.

Furthermore, to the extent that the money laundering counts rely on an alleged violation of Article 222, an anti-bribery provision under Mexican law, those counts are defective because the government has failed to allege an essential element of that offense.  Article 222 prohibits a public servant from soliciting or receiving money or gifts for himself or another, or accepting a promise, in exchange for an act or omission, whether lawful or unlawful, in relation to his public duties.  Article 222 also prohibits any person from giving or offering money or gifts in order for any public servant to commit an act or omission, whether lawful or unlawful, in relation to his public duties.  As explained more fully above, the Indictment does not allege a single act or omission by a public official.  Therefore, it fails to adequately allege a violation of Article 222.  As such, Article 222 cannot serve as the requisite unlawful conduct required to support the money laundering counts.

Because the government — after filing a supplemented and revised Superseding

---

[1]     For the government to prove the money laundering counts alleged against Ms. Gomez Aguilar, it must establish some other underlying unlawful conduct. *See, e.g., United States v. Cruz,* 993 F.2d 164, 167 (8th Cir. 1993) ("For the government to prove a violation of section 1956( a)(l )(A)(i), the evidence must establish (1) that the defendant conducted a financial transaction which involved the proceeds of unlawful activity; (2) that he knew that the property involved in the transaction was proceeds of some form of specified unlawful activity; and (3) that he intended to promote the. . . unlawful activity.").

1   Indictment — still fails to provide the minimally sufficient factual allegations necessary

2   for Ms. Gomez Aguilar to prepare a full and fair defense, to ensure that Ms. Gomez

3   Aguilar is prosecuted on the basis of facts presented to the grand jury, and to inform the

4   court of the facts alleged so that it can determine the sufficiency of the charge, the

5   Superseding Indictment should be dismissed.

6   **B.      In the Alternative, The Government Should Be Ordered To Provide**

7   **A Bill of Particulars**

8        While Ms. Gomez Aguilar has requested, in the alternative, a Bill of Particulars,

9   "(i)t is well settled. . . that a [B]ill of [P]articulars cannot cure an otherwise invalid

10  [I]ndictment." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (citing *United*

11  *States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979); *Russell v. United States*, 369 U.S.

12  749 (1962).)  Otherwise, "<u>the prosecutor would be in a position to second guess</u>

13  <u>what actually happened within the grand jury and fill in the gaps with what he</u>

14  <u>assumed transpired</u>," leaving the defendant to speculate as to the actual basis of the

15  charges against them and creating surprise and prejudice at trial.  *Cecil,* 608 F.2d at

16  1296.  Such a result cannot be allowed here.

17       Federal Rule of Criminal Procedure Rule 7(c)(1) provides that an Indictment

18  should contain a "plain, concise, and definite written statement of the essential facts

19  constituting the offense charged."  In that regard, Rule 7(c)(1) gives the Court discretion

20  to direct the filing of Bill of Particulars when "necessary to prevent the unfair surprise at

21  trial"; however, it is recognized that the Court must strike a "'prudent balance' between

22  the legitimate interests of the government and those of the defendant[]." *United States v.*

23  *Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999) (*citing United States v. MacFarlane*, 759

24  F. Supp. 1163, 1169 (W.D. Pa. 1991).  Should the Superseding Indictment not be entirely

25  dismissed as to Ms. Gomez Aguilar, a Bill of Particulars is a method of supplementing

26  the Indictment, where appropriate, to enable her to prepare an adequate defense, avoid

27  prejudicial surprise at trial, and avoid the risk of double jeopardy.  *See United States v.*

28

*Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).  It "is designed to apprise the defendant of the specific charges being presented to minimize [these] danger[s]…"  *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *see also United States v. Carona*, 2008 U.S. Dist. LEXIS 37386 (C.D. Cal. May 2, 2008) (unpublished) (holding that the Indictment's broad allegation that over a three-year period the defendant corruptly persuaded and attempted to persuade a witness to give false testimony to a grand jury was insufficient to enable the defendant to effectively prepare for trial, or to avoid surprise at trial).  At the very least, "[a] defendant is [] entitled to know…the theory of the government's case."  *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986).

In determining whether to grant a motion for Bill of Particulars, a court should consider "the complexity of the offense charged, the clarity of the indictment and the degree of discovery available to the defendant . . ." *United States v. Rogers*, 617 F. Supp. 1024, 1026 (D. Colo. 1985) (citations omitted); *United States v. Chen*, 2006 U.S. Dist. LEXIS 84786, at *11 (N.D. Cal. Nov. 9, 2006) (unpublished) (ordering a Bill of Particulars where the case was factually and legally complex, and encompassed numerous alleged conspiracies and dozens of defendants); *United States v. R.P. Oldham Co.*, 152 F. Supp. 818, 824 (N.D. Cal. 1957) ("Because of the complexities of this case–particularly in its foreign aspect–and the generality of the allegations in the indictment, I feel that a [B]ill of [P]articulars is necessary here to enable the defendants properly to prepare their case and avoid surprise at trial.")

Where a case is broad and complex — such as here, where the government has vaguely alleged volumes of complex transactions, payments, and contracts over a more than six-year period touching witnesses in at least four countries:

> "requiring [a] defendant to search through a mountain of discovery does not
> satisfy the [government's] obligation to adequately advise [the] defendant of the
> charges against him." *Chen*, 2006 U.S. Dist. LEXIS 84786, at *12.

*See also United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("It is no

1  solution to rely solely on the quantity of information disclosed by the government;

2  sometimes, the large volume of material disclosed is precisely what necessitates a [B]ill

3  of [P]articulars"); *United States v. Nachamie*, 91 F. Supp. 2d 565, 572-73 (S.D.N.Y.

4  2000) ("If the government has failed to provide adequate notice of the particulars, or if

5  the discovery has been voluminous, identification of known unindicted co-conspirators

6  will help a defendant focus his or her investigation and prepare for trial."); *United States*

7  *v. Bortnovsky*, 820 F.2d 572, 575 (2d. Cir. 1987) ("The government did not fulfill its

8  obligation merely by providing mountains of documents to defense counsel ....").

9      In *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d. Cir. 1987), the defendants

10  were charged with mail fraud associated with submitting false insurance claims for

11  burglary losses. *Id.* At 573.  In total, the defendants had submitted fifteen burglary

12  claims. *Id.* At 575. Yet, the Indictment failed to specify which of the fifteen burglaries

13  were allegedly staged and which of the numerous documents were false. *Id.* At 574.

14  The defendants moved for a Bill of Particulars asking for identification of the fraudulent

15  documents and burglaries. *Id.*  The defendants argued that without being informed of the

16  dates of the phony burglaries and the identity of the false documents, they were unable

17  to prepare a defense. *Id.*  In response, the government contended that it fulfilled its

18  obligation to inform the defendants of the charges because it explicitly set forth the

19  essential elements of mail fraud in the Indictment, and provided the defendants *with*

20  *over 4,000 documents in discovery.*  *Id.*  The district court denied the defendants'

21  Motion for a Bill of Particulars. *Id.*

22      At trial, the government presented evidence of twelve of the fifteen burglaries,

23  only <u>four</u> of which the government alleged to be fabricated. *Id.*  Additionally, the

24  government entered into evidence numerous documents relating to the twelve burglaries,

25  although only three documents were alleged to be false. *Id.*  The defendants were

26  convicted at trial. *Id.* At 573.  The Court of Appeals reversed the conviction, finding

27  that the district court had abused its discretion in denying the Bill of Particulars. *Id.* At

28  DEFENDANT'S MOTION TO DISMISS FIRST
   SUPERSEDING INDICTMENT OR AT A
   MINIMUM, FOR A BILL OF PARTICULARS

-10-

132417852

573-74. The court held that the defendants were "hindered in preparing their defense" because the district court failed to compel the identification of the fake burglaries and fraudulent documents. *Id*. At 574. The court stated:

> "The relevance of key events was shrouded in mystery at the commencement of and throughout the trial. The [g]overnment did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged." *Id*. At 575.

Here, as in *Bortnovsky*, the government's failure to direct its allegations toward specific misconduct makes it impossible for Defendant Ms. Gomez Aguilar to identify what conduct the government will present at trial as unlawful. Here, for example, the government broadly alleges that Defendants conspired to violate the FCPA with regard to "all of the contracts" obtained by Lindsay Manufacturing from CFE during a six-year period in order to secure and maintain business with CFE. Indictment, ¶¶ 5-6. However, the Indictment mentions not a single of these contracts by name, date, substance, or terms, and fails to describe which official the alleged bribe payments were made to.

In fact, the government fails to even nail down which official the bribes were paid to — the Superseding Indictment broadly alleges that the alleged bribe payments were made to "Official 1 *and others at CFE*." Indictment, ¶ 6. Who these "others at CFE" are, or their official duties, is a mystery according to the Indictment. The Indictment's failure to identify who these officials are, and what official duties were allegedly violated, leaves open the possibility that the government will introduce surprise "Officials" from CFE at trial, severely prejudicing Defendant Ms. Gomez Aguilar.

Further, of the handful of *payments* and commissions that are identified as "bribes" or connected to bribes (vs. the total lack of identification of any contracts), the Superseding Indictment provides only partial information, omitting essential information such as the name of the recipient of the payment or commission and no

1    identification whatsoever as to what contract that payment or commission relates. *See*

2    *e.g.*, Indictment, ¶¶ 5-6.

3        The government also alleges that Defendants conspired to violate the FCPA by

4    providing payments to an American Express card account and assisting with the

5    purchase and transfer of a Ferrari and a yacht to potential and actual customers during

6    the same six-year period.  Indictment, ¶ 6.  However, similar to the allegations regarding

7    the payments and commissions, the government makes little to no effort to tie these

8    "gift" or "bribe" allegations to specific illegal conduct or any benefits that were received

9    therefrom.  Many company sales representative become like family with their business

10   partners, intermingle with them professionally and personally, spending leisure time

11   together in ways the government might consider "lavish."  In the eyes of the prosecution,

12   some of these events apparently resulted in illegal conduct.  Yet none are fully identified

13   or connected with anything illegal. Defendants are therefore left to guess which events

14   the government believes are at issue. *Cf. United States v. Ryland*, 806 F.2d 941, 942 (9th

15   Cir. 1986) ("[a] defendant is [] entitled to know…the theory of the government's case.").

16       Against the complex and expansive factual backdrop of this case involving six

17   years and at least five Defendants, it is impossible for Defendant Ms. Gomez Aguilar to

18   pin down these vague allegations on her.  Like the various burglaries in *Bortnovsky*, it

19   will be extraordinarily challenging, if not impossible, for Defendant Ms. Gomez Aguilar

20   to determine in advance of trial which of the contracts the government believes were

21   unlawfully obtained, why, or how.  Furthermore, while the defendants in *Bortnovsky*

22   had a burdensome 4,000 documents produced by the government to contend with, here,

23   Ms. Gomez Aguilar has many times that amount with which she must contend, most of

24   which were produced by the government.

25       The government will likely respond that Defendant Ms. Gomez Aguilar can

26   divine information about the charges through discovery.  In a complex case such as this,

27   such a response lacks merit. *See United States v. Chen*, 2006 U.S. Dist. LEXIS 84786,

28   DEFENDANT'S MOTION TO DISMISS FIRST       -12-
     SUPERSEDING INDICTMENT OR AT A
     MINIMUM, FOR A BILL OF PARTICULARS

13241785.2

at *12 (unpublished) (ordering a bill of particulars on the grounds that, where a case is broad and complex, "requiring [a] defendant to search through a mountain of discovery does not satisfy the [government's] obligation to adequately advise [the] defendant of the charges against him."); *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("It is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars.").

Furthermore, Ms. Gomez Aguilar was not charged with any of the underlying FCPA counts. She is particularly entitled to this information in a bill of particulars, and the need is even greater due to the fact that she has been denied bail, which has limited her ability to aid her own defense.

All of these factors suggest that the voluminous items produced thus far in discovery, and any discovery Ms. Gomez Aguilar can perform before the quickly approaching March 2011 trial date, will do little to remove the "shroud of mystery" hanging over the alleged misconduct in this case. *See Bortnovsky*, 820 F.2d at 575 (finding that a bill of particulars was necessary where key documents produced in discovery remained "shrouded in mystery" throughout trial).

Therefore, in order for Ms. Gomez Aguilar to prepare a full and fair defense and to avoid any prejudicial surprise at trial, Ms. Gomez Aguilar respectfully requests that the Court direct the filing of a bill of particulars identifying the following information with respect to Superseding Indictment counts seven and eight:

1.   Any acts or omissions of the purported foreign official, identified in the Indictment as "Official 1," undertaken in exchange for money or gifts from defendants.

2.   Any acts or omissions of the purported foreign official, identified in the Indictment as "Official 2," undertaken in exchange for money or gifts from defendants.

///

3.      Any acts or decisions of the purported foreign official, identified as "Official 1," in his official capacity, undertaken in exchange for money or gifts from defendants.

4.      Any acts or decisions of the purported foreign official identified as "Official 2," in his official capacity, undertaken in exchange for money or gifts from defendants.

5.      Any acts done or omitted to be done by the purported foreign official, identified as "Official 1," in violation of the lawful duty of such official, undertaken in exchange for money or gifts from defendants.

6.      Any acts done or omitted to be done by the purported foreign official, identified as "Official 2," in violation of the lawful duty of such official, undertaken in exchange for money or gifts from defendants.

7.      Any acts done or omitted to be done, which show the purported foreign official identified as "Official 1," using his influence with a foreign government to affect and influence acts and decisions of such government and instrumentalities, undertaken in exchange for money or gifts from defendants.

8.      Any acts done or omitted to be done, which show the purported foreign official, identified as "Official 2," using his influence with a foreign government to affect and influence acts and decisions of such government and instrumentalities, undertaken in exchange for money or gifts from defendants.

9.      The factual basis for any allegation that Lindsey Manufacturing secured an improper advantage in obtaining or retaining business with CFE.

10.      Any contracts between Lindsey Manufacturing and CFE that were allegedly obtained or retained due to an improper advantage gained by Lindsey Manufacturing.

///

///

///

///

///

DEFENDANT'S MOTION TO DISMISS FIRST
SUPERSEDING INDICTMENT OR AT A
MINIMUM, FOR A BILL OF PARTICULARS

-14-

13241785.2

1

## IV.   CONCLUSION

2

For the reasons stated above, defendant Ms. Gomez Aguilar respectfully requests

3

that the Court dismiss all counts of the Superseding Indictment, or in the alternative,

4

direct the filing of a Bill of Particulars with respect to all counts as requested herein.

5

6

DATED: November 30, 2010            Respectfully submitted,

7

8

By:    _____/s/_____
                                    Stephen G. Larson (Bar No. 145225)

9

                                    GIRARDI | KEESE
                                    Attorneys for Defendant

10

                                    ANGELA MARIA GOMEZ AGUILAR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS FIRST       -15-
SUPERSEDING INDICTMENT OR AT A
MINIMUM, FOR A BILL OF PARTICULARS

13241785.2

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, at Girardi | Keese at 1126 Wilshire Boulevard, Los Angeles, California 90017. I am over the age of 18 and not a party to this action.

On **November 30, 2010**, I served the foregoing document described as **DEFENDANT ANGELA MARIA GOMEZ AGUILAR'S MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS; MEMORANDUM OF POINTS AND AUTHORITIES** on the parties in this action by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following:

Douglas M. Miller (Assistant United States Attorney)
Email: doug.miller@usdoj.gov

Nicola L. Mrazek (United States Department of Justice Senior Trial Attorney)
Email: Nicola.mrazek@usdoj.gov

Jan L. Handzlik (Attorney for Defendants Lindsey Manufacturing Company and Keith E. Lindsey)
Email: handzlikj@gtlaw.com

Janet I. Levine (Attorney for Defendant Steve K. Lee)
Email: jlevine@crowell.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 30, 2010**, at Los Angeles, California.


_____/s/ Molly B. Weber_____
MOLLY B. WEBER