ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DOUGLAS M. MILLER (SBN: 240398)
Assistant United States Attorneys
NICOLA J. MRAZEK
Senior Trial Attorney
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2216
Facsimile: (213) 894-6436
Email: douglas.m.miller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-1031(A)-AHM |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO THE MOTION FOR A BILL OF PARTICULARS FILED BY DEFENDANTS KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY |
| v. | |
| ENRIQUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY, | |
| Defendants. | |

Plaintiff, United States of America, by and through its attorney of record, the United States Department of Justice, Criminal Division, Fraud Section, and the United States Attorney for the Central District of California (collectively, "the government"), hereby respectfully files its opposition to the Motion for a Bill of Particulars filed by defendants KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY ("the defendants").

1

2      The government's opposition is based on the attached

3  memorandum of points and authorities, all files and records in

4  this case, and any further evidence requested by the Court in

5  support of this motion.

6

7  DATED: December 6, 2010          Respectfully submitted,

8                                   ANDRÉ BIROTTE JR.
                                    United States Attorney
9
                                    ROBERT E. DUGDALE
10                                   Assistant United States Attorney
                                    Chief, Criminal Division
11

12                                   _____/s/_____
                                    DOUGLAS M. MILLER
13                                   Assistant United States Attorney

14                                   NICOLA J. MRAZEK
                                    Senior Trial Attorney
15                                   Criminal Division, Fraud Section

16                                   Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
17

18

19

20

21

22

23

24

25

26

27

28                    -2-

# TABLE OF CONTENTS

DESCRIPTION                                                    Page

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . .   ii

I. INTRODUCTION.. . . . . . . . . . . . . . . . . . . . . 1

    1.   The First Superseding Indictment.. . . . . . . . . . 1

        A.   The Introductory Allegations.. . . . . . . . . . 1
        B.   Count One: Conspiracy to Commit Bribery. . . . . 2
        C.   Counts Two-Six: The Substantive Bribery
            Counts . . . . . . . . . . . . . . . . . . . . . 4

    2.   The Motion for a Bill of Particulars.. . . . . . . . 5

II.   ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . 6

    A.   THE FIRST SUPERSEDING INDICTMENT GIVES THE
       DEFENDANTS ADEQUATE NOTICE OF THE CHARGES AGAINST
       THEM AND THE GOVERNMENT'S THEORY OF ITS CASE . . . . . 6

        1.   Federal Rule Of Criminal Procedure 7(f) And
            Controlling Precedent Establish That A Bill
            Of Particulars Is Proper Only For a Limited
            Purpose, And Not As A Discovery Device.. . . . . 6

        2.   The Defendants Are Attempting to Use Rule 7(f)
            As a Vehicle for Discovery.. . . . . . . . . . . 9

III. CONCLUSION.. . . . . . . . . . . . . . . . . . . .   14

-i-

# TABLE OF AUTHORITIES

DESCRIPTION                                                        Page(s)

**FEDERAL CASES**

Cooper v. United States,
    282 F.2d 527 (9th Cir. 1960).. . . . . . . . . . . 9

United States v. Ayers,
    924 F.2d 1468 (9th Cir. 1991). . . . . . . . . . . . 6

United States v. Calabrese,
    825 F.2d 1342 (9th Cir. 1987). . . . . . . . . . . . 8

United States v. DiCesare,
    765 F.2d 890 (9th Cir. 1985).. . . . . . . . . . 8, 10

United States v. Giese,
    597 F.2d 1170 (9th Cir. 1979). . . . . . . . . . 6, 10

United States v. Johnson,
    504 F.2d 622 (7th Cir. 1974).. . . . . . . . . . . . 9

United States v. Kendall,
    665 F.2d 126 (7th Cir. 1981).. . . . . . . . . . . . 7

United States v. Long,
    706 F.2d 1044 (9th Cir. 1983). . . . . . . . . . . . 8

United States v. Massino,
    605 F. Supp. 1565 (S.D.N.Y. 1985),
    rev'd on other grounds, 784 F.2d 153 (2d Cir. 1986). . . . 7

United States v. Mitchell,
    744 F.2d 701 (9th Cir. 1984).. . . . . . . . . . . . 8

United States v. Nachamie,
    91 F. Supp. 2d 565 (S.D.N.Y. 2000).. . . . . . . . . 11

United States v. Nicolo,
    523 F. Supp. 2d 303 (W.D.N.Y. 2007). . . . . . . . . 11

United States v. Pena,
    542 F.2d 292 (5th Cir. 1976).. . . . . . . . . . . . 8

United States v. Ramirez,
    609 F.3d 495 (2d Cir. 2010). . . . . . . . . . . . 12

-ii-

TABLE OF AUTHORITIES (CONTINUED)

DESCRIPTION                                              Page(s)

**FEDERAL CASES**

United States v. Robertson,
        15 F.3d 862 (9th Cir. 1994),
        reversed on other grounds, 514 U.S. 669, 672 (1995). . . . 7

United States v. Rogers,
        617 F. Supp. 1024 (D. Colo. 1985). . . . . . . . . . .  12

United States v. Smith,
        776 F.2d 1104 (3rd Cir. 1985). . . . . . . . . . . . . 7

United States v. W.R. Grace,
        401 F. Supp. 2d 1103 (D. Mont. 2005).. . . . . . . . . . 9

**FEDERAL STATUTES**

Federal Rule of Criminal Procedure 7(f). . . . . . . . . . . . 9

-iii-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

1. <u>The First Superseding Indictment</u>

On October 21, 2010, a federal grand jury sitting in the Central District of California returned a detailed, 28-page, eight-count first superseding indictment ("the indictment") against defendants ENRIQUE AGUILAR, ANGELA AGUILAR, KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY. (Indictment, p. 1).  As is set forth clearly in the indictment, defendants ENRIQUE AGUILAR, KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY are charged in the first six counts of the indictment with conspiring to bribe a foreign official and bribing a foreign official, in violation of Title 18, United States Code, Section 371 and Title 15, United States Code, Section 78dd-2.  (<u>Id.</u>).  Defendants ENRIQUE AGUILAR and ANGELA AGUILAR are charged in the remaining two counts of the indictment with conspiring to launder monetary instruments and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(I) and 1956(h).  (<u>Id.</u>).

    A.   <u>The Introductory Allegations</u>

The first five pages of the indictment provide a detailed explanation of all the statutes, persons and entities relevant to the indictment.  (Indictment, pp. 1-5).  For example, the introductory allegations explain, among other things, that CFE was an electric utility company owned by the government of Mexico

-1-

and that "Official 1" and "Official 2" both worked at CFE between 2002 and 2007. (Indictment, pp. 2-3). The introductory allegations explain what positions Official 1 and Official 2 held during their time at CFE. (Id.). The introductory allegations explain that "Grupo" was a Mexican-based company whose Director, defendant ENRIQUE AGUILAR, served as defendant LINDSEY MANUFACTURING COMPANY's sales representative in Mexico and how defendant ENRIQUE AGUILAR was paid a percentage of the revenue defendant LINDSEY MANUFACTURING COMPANY received from its contracts with CFE. (Indictment, pp. 4-5). Finally, the introductory allegations explain that "Sorvill," like Grupo, was a Mexican-based company whose Director, also defendant ENRIQUE AGUILAR, purportedly provided the same sales representation services to other companies looking to do business with CFE. (Indictment, p. 5).

B. Count One: Conspiracy to Commit Bribery

Count one of the indictment notifies defendants ENRIQUE AGUILAR, KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY that they are each being charged with conspiring to bribe foreign officials in order to assist defendant LINDSEY MANUFACTURING COMPANY in obtaining and retaining business. (Indictment, pp. 6-7). Over the next ten pages, Count one explains in detail the foreign officials to whom the defendants paid the bribes, the amount of those bribes, and over 70 specific overt acts the defendants committed or caused others to commit in furtherance of their conspiracy. (Indictment, pp. 6-15).

//

-2-

In summary, Count one explains that defendants KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY hired defendant ENRIQUE AGUILAR to serve as defendant LINDSEY MANUFACTURING COMPANY's sales representative in Mexico because of his close personal relationship with and influence over Official 1. (Indictment, p. 7). It explains how defendants KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY agreed to pay defendant ENRIQUE AGUILAR a thirty percent commission, knowing that all or a portion of that money would be used to pay Official 1 and others at CFE bribes, and how the defendants paid those bribes in exchange for CFE awarding defendant LINDSEY MANUFACTURING COMPANY contracts. (Id.). Count One explains how, in order to conceal the fact that defendant LINDSEY MANUFACTURING COMPANY was paying bribes to Official 1 and others at CFE, defendant ENRIQUE AGUILAR caused Grupo to submit false invoices to defendant LINDSEY MANUFACTURING COMPANY. (Indictment, p. 8). It explains how the Grupo invoices were false in that only half of the money being paid to Grupo was listed as a commission (or 15%) and how the remaining 15% percent was listed as payment for goods and services rendered by Grupo. (Id.). Count One goes on to specify in detail all of the invoices it alleges were fraudulent, including the date the fraudulent invoices were submitted by Grupo, the fraudulent invoice numbers, and the amounts of the fraudulent invoices. (Indictment, pp. 9-10). Count One even identifies which of the fraudulent invoices defendants KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY paid and the dates on which they paid them. (Indictment, pp. 11-12). Finally, Count One

-3-

1   identifies exactly how and when portions of the money that

2   defendants KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY

3   MANUFACTURING COMPANY paid to defendant ENRIQUE AGUILAR for the

4   purpose of corruptly obtaining contracts from CFE was, in fact,

5   used for the benefit of Officials 1 and 2.  (Indictment, pp. 12-

6   15).  For example, Count One identifies the exact dates and

7   amounts of the wires and checks used to buy Official 1 a Ferrari

8   and a $1.8 million yacht, and to pay approximately $500,000 to

9   Official 2's relatives. (Id.).

10        C.   Counts Two-Six: The Substantive Bribery Counts

11        Counts Two through Six of the indictment notify the

12   defendants that they are each being charged with five substantive

13   counts of foreign bribery. (Indictment, p. 16).  The substantive

14   counts incorporate the same detailed explanation of the statutes,

15   persons and entities relevant to those charges.  (Id.).  In

16   addition, Counts Two through Six explain that the defendants are

17   being charged with paying, promising to pay, authorizing the

18   payment of, and causing others to pay, bribes to foreign

19   officials, knowing that all or part of the bribes were for the

20   purpose of corruptly influencing the foreign officials and

21   securing an improper advantage for defendant LINDSEY

22   MANUFACTURING COMPANY.  (Indictment, pp. 16-17).  Finally, Counts

23   Two through Six allege with specificity the means and

24   instrumentalities of interstate commerce that the defendants used

25   to pay the bribes, the dates on which those bribe payments were

26   paid, the exact amounts of those bribe payments, and the bank

27   accounts to and from which the bribe payments were sent.

28   (Indictment, p. 17).

-4-

2. <u>The Motion for a Bill of Particulars</u>

On November 30, 2010, defendants KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY filed the instant motion. In it, they argue that the indictment "lacks the basic details necessary to apprise [the defendants] of the charges against them" and claim that "nothing in [the indictment] states with any specificity what [defendants KEITH E. LINDSEY, STEVE K. LEE and LINDSEY MANUFACTURING COMPANY] did, when [they] learned any of the pertinent facts, and how or what [they] knew about any allegedly false or fraudulent invoices, illegal payments or bribes." (Def. Mot., p. 8). The defendants request the Court to issue an order compelling the government to explain "how" it will prove the allegedly un-particularized charges at trial. (Def. Mot. pp. 2-6). For example, the defendants ask the Court to issue an order compelling the government to disclose "how" it will prove the bribes were actually paid to Official 1 and "how" the defendants knew those payments were bribes. (<u>Id.</u>). Although the motion is captioned as a motion for a bill of particulars, the relief sought reveals that it is nothing more than a motion to compel discovery beyond what the government is required to provide under Federal Rules of Criminal Procedure ("FRCP") 16. Accordingly, the defendants' motion should be denied in its entirety.

//

//

−5−

II.

<u>ARGUMENT</u>

A.   THE FIRST SUPERSEDING INDICTMENT GIVES THE DEFENDANTS
     ADEQUATE NOTICE OF THE CHARGES AGAINST THEM AND THE
     GOVERNMENT'S THEORY OF ITS CASE

     1.   <u>Federal Rule Of Criminal Procedure 7(f) And
          Controlling Precedent Establish That A Bill Of
          Particulars Is Proper Only For a Limited Purpose, And
          Not As A Discovery Device</u>

     Federal Rule of Criminal Procedure 7(f) provides:

     **(f) Bill of Particulars.**  The court may direct the
     government to file a bill of particulars.  The
     defendant may move for a bill of particulars before or
     within 10 days after arraignment or at a later time if
     the court permits.  The government may amend a bill of
     particulars subject to such conditions as justice
     requires.

     The denial of a motion for a bill of particulars is within

the discretion of the district court, and is reviewed on appeal

for an abuse of that discretion.  <u>United States v. Giese</u>, 597

F.2d 1170, 1180 (9th Cir. 1979).

     The purposes of a bill of particulars are threefold: (1) to

inform the defendant of the nature of the charge against him with

sufficient precision to enable him to prepare for trial; (2) to

avoid or minimize the danger of surprise at the time of trial;

and (3) to enable the defendant to plead his acquittal or

conviction in bar of another prosecution for the same offense

when the indictment itself is too vague and indefinite for such

purposes.  <u>United States v. Ayers</u>, 924 F.2d 1468, 1483 (9th Cir.

1991) (affirming denial of bill where indictment specified means,

methods, and overt acts of conspiracy; government provided

significant discovery to defendant; and indictment was definite

enough for defendant to later plead double jeopardy).

-6-

A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case.  _Giese_, 597 F.2d at 1181.  The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved or for what purpose the government will seek to introduce evidence.  _United States v. Kendall_, 665 F.2d 126, 135 (7th Cir. 1981) (affirming denial of bill identifying known but unnamed co-conspirators).  Further, ["b]ecause a bill of particulars confines the government's proof to the particulars furnished, requests for bills of particulars should not be granted where the consequence of granting the request would be to restrict unduly the government's ability to present its case."  _United States v._ _Massino_, 605 F. Supp. 1565, 1582 (S.D.N.Y. 1985), _rev'd on other_ _grounds_, 784 F.2d 153 (2d Cir. 1986) (citing _United States v._ _Glaze_, 313 F.2d 757, 759 (2d Cir.1963)); _United States v. Smith_, 776 F.2d 1104, 111 (3rd Cir. 1985) (noting that "a bill of particulars, like the indictment, is designed to define and limit the government's case" and "[a]s with the indictment, there can be no variance between the notice given in a bill of particulars and the evidence at trial").

To the extent that the indictment itself provides details of the alleged offense, a bill of particulars is unnecessary.  _Giese_, 597 F.2d at 1180; _see also_ _United States v. Robertson_, 15 F.3d 862, 873-74 (9th Cir. 1994) (bill not necessary where indictment contained names of alleged co-conspirators, approximate dates of illegal conduct, and overt acts comprising illegal activity), _reversed on other grounds_, 514 U.S. 669, 672

-7-

1  (1995).

2      Full discovery also obviates the need for a bill of

3  particulars.  Giese, 597 F.2d at 1180; see also United States v.

4  Mitchell, 744 F.2d 701, 705 (9th Cir. 1984) (affirming denial of

5  bill; purposes of bill are served if indictment provides

6  sufficient details of charges and government provides full

7  discovery); United States v. Long, 706 F.2d 1044, 1054 (9th Cir.

8  1983) (affirming denial of bill where defendant advised court

9  that full discovery had been made; stating that in determining

10 whether to order bill, court should consider whether defendant

11 has been advised adequately of charges through indictment and all

12 other disclosures made by government).

13     Courts have consistently held that a bill of particulars is

14 not a proper vehicle for the defendant to obtain discovery,

15 including the names of government witnesses, unindicted co-

16 conspirators, and uncharged overt acts.  See, e.g., United States

17 v. Calabrese, 825 F.2d 1342, 1347 (9th Cir. 1987) (affirming

18 denial of bill seeking identification of government witness);

19 United States v. DiCesare, 765 F.2d 890, 897-98 (9th Cir. 1985)

20 (affirming denial of bill seeking names of unknown co-

21 conspirators, exact date when conspiracy began, and all other

22 overt acts comprising the charged conduct; holding that "[t]hese

23 reasons . . . do not warrant a bill of particulars"); United

24 States v. Pena, 542 F.2d 292, 294 (5th Cir. 1976) (affirming

25 denial of bill that amounted to an attempt to obtain government's

26 witness list; holding that Rule 7(f) creates no right to such a

27 list); United States v. Johnson, 504 F.2d 622, 627-28 (7th Cir.

28 1974) (affirming denial of bill seeking identification of unnamed

-8-

1   co-conspirators, witnesses to conversations charged as overt

2   acts, and uncharged overt acts that the government intended to

3   prove; holding that bill cannot be used to obtain government

4   witness list); <u>Cooper v. United States</u>, 282 F.2d 527, 532 (9th

5   Cir. 1960) (where motion for bill was apparent attempt to

6   circumvent denial of motion for discovery, holding that Rule 7(f)

7   should not be invoked to bring about a result prohibited in

8   effect by Rule 16); <u>United States v. W.R. Grace</u>, 401 F.Supp.2d

9   1103, 1106-07 (D. Mont. 2005) (denying bill where defendants in

10  essence sought to know details of how indictment would be proved;

11  holding that FRCP 7(f) is not vehicle for obtaining discovery

12  from the government and should not be invoked to force government

13  to spread its entire case before defendant).

14      2.   <u>The Defendants Are Attempting to Use Rule 7(f) As a</u>
             <u>Vehicle for Discovery</u>

15

16      In this case, it is clear from the relief sought that the

17  defendants are attempting to use Rule 7(f) beyond its intended

18  purpose.  Almost all of the particulars sought by the defendants

19  in this case relate to "how" the charges will be proven, not the

20  specificity of those charges.  For example, the defendants

21  acknowledge in their motion that the indictment clearly charges

22  defendants KEITH E. LINDSEY, STEVE K. LEE and LINDSEY

23  MANUFACTURING COMPANY with giving money to defendant ENRIQUE

24  AGUILAR to pay bribes to Official 1 in exchange for contracts

25  with CFE.  (Def. Mot., pp. 3-4).  Nevertheless, the defendants

26  ask the Court to compel the government to disclose "how" it

27  intends to prove those charges at trial.  (<u>Id.</u>).  The defendants

28  base their improper motion on the discovery provided by the

government, arguing that it does not reveal two critical aspects of the government's case: the identity of all the coconspirators or the details of "what" defendants KEITH E. LINDSEY and STEVE K. LEE knew about the bribes and "when" they knew it.  (Def. Mot., p. 13).  Not only has the Ninth Circuit held that Rule 7(f) does not provide this type of relief, see supra pp. 6-7, the argument that the discovery in this case is what warrants such relief is completely unfounded.

In Giese, the defendants moved for bills seeking "a wide range of information," such as lists of conspiratorial acts performed by each person named in the indictment, how each alleged overt act contributed to the conspiracy, and which of defendants' oral statements created the conspiracy.  Giese, 597 F.2d at 1180.  The Ninth Circuit affirmed the denial of the bill, holding:

> [T]here is no requirement in conspiracy cases that the government disclose even all the overt acts in furtherance of the conspiracy . . . .  Appellant's request for the 'when, where, and how' of every act in furtherance of the conspiracy was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars.

Id. at 1180-81 (citations omitted).  In DiCesare, the Ninth Circuit denied a motion for a bill of particulars when the defendants sought to compel the government to disclose "the names of any unknown coconspirators" and "to delineate all other overt acts that comprised the charged activity."  DiCesare, 765 F.2d at 897.  The Ninth Circuit explained that these types of request "do not warrant a bill of particulars."  Id.

-10-

1    Even the out-of-circuit cases the defendants cite do not

2    support their motion.  For example, in United States v. Nicolo,

3    the defendant filed a motion seeking details of the charged

4    scheme, including the names and addresses of all unnamed

5    coconspirators and aiders and abettors, the dates, times, places

6    and other specifics regarding the alleged overt acts committed in

7    furtherance of the scheme.  The district court denied the

8    defendant's motion, noting that "[i]t is well settled that the

9    Government is not required to particularize all of its evidence.

10   Nor is the Government obligated to 'disclose the manner in which

11   it will attempt to prove the charges, the precise manner in which

12   the defendant committed the crime charged, or a preview of its

13   evidence or legal theories.'"  United States v. Nicolo, 523

14   F.Supp.2d 303, 315 (W.D.N.Y. 2007)(citations omitted).

15       In United States v. Nachamie, the district court granted the

16   defendants' motion for a bill of particulars, but only after it

17   found that the government's indictment failed to specify which of

18   the 2,000 Medicare claims the defendants allegedly filed were

19   false and the ways in which those claims were false.  United

20   States v. Nachamie, 91 F.Supp.2d 565, 569 (S.D.N.Y. 2000).  Here,

21   the government has specified (1) the bribe payments it alleges

22   the defendants paid, (2) the fraudulent invoices it alleges the

23   defendants used to make those bribe payments, (3) the ways in

24   which the invoices were fraudulent so as to conceal the bribe

25   payments, (4) the invoice numbers for the fraudulent invoices,

26   (5) the amounts of the fraudulent invoices, and (5) the dates on

27   which the fraudulent invoices were paid.

28       In United States v. Ramirez, the Second Circuit merely

-11-

1   acknowledged the district court's discretion to order a bill of

2   particulars without analyzing the adequacy of the government's

3   indictment, noting that the defendant failed to identify "any

4   particular charge on which further detail would have been

5   helpful." United States v. Ramirez, 609 F.3d 495, 502 (2d Cir.

6   2010).  While the defendants cite one out-of-circuit district

7   court case in which the government was required to identify the

8   names of all undisclosed or unidentified coconspirators, as well

9   as the date and time of every overt act, the ruling is

10  inconsistent with the Ninth Circuit's holding in DiCesare and

11  goes beyond Rule 7(f)'s intended purpose.  United States v.

12  Rogers, 617 F.Supp. 1024, 1028 (D. Colo. 1985).

13      The argument that the quality and size of the government's

14  discovery warrants a bill of particulars is completely unfounded.

15  It is preposterous for the defendants to argue that "nothing in

16  [the indictment] states with any specificity what [they] did . .

17  .".  As explained above, the indictment lays out every wire

18  transfer it alleges were bribe payments, the dates of those

19  alleged bribe payments, the amounts of the alleged bribe

20  payments, and the bank accounts to and from which the alleged

21  bribe payments were sent.  It explains exactly how and when those

22  bribe payments were used for the benefit of Officials 1 and 2.

23  It explains the government's general theory of its case, which is

24  that the defendants hired defendant ENRIQUE AGUILAR to serve as

25  defendant LINDSEY MANUFACTURING COMPANY's sales representative in

26  Mexico because of his close personal relationship with and

27  influence over Official 1.  That the defendants agreed to pay

28  defendant ENRIQUE AGUILAR a thirty percent commission, knowing

                                  -12-

that all or a portion of that money would be used to pay Official 1 and others at CFE bribes in exchange for contracts with CFE. That, in order to conceal the bribes, defendant ENRIQUE AGUILAR caused Grupo to submit fraudulent invoices to defendant LINDSEY MANUFACTURING COMPANY. And, lastly, that the invoices were fraudulent in that they stated only half of the money being paid to Grupo was a commission (or 15%) and that the remaining 15% percent was payment for goods and services rendered by Grupo. Again, the indictment identifies each of the invoices it alleges were fraudulent, the date of the fraudulent invoices, the fraudulent invoice numbers, and the amounts of the fraudulent invoices.

The defendants' argument that they still do not know the "key players" in this case is also unfounded. The defendants filed their motion just eight days after they met with the government to work out a "Joint Proposed Schedule for Discovery." See CR 10-1031(A)-AHM, Docket Number 85, Joint Proposed Schedule for Discovery and Motion Practice. During that meeting, the government told the defendants it would be turning over what it described as "key" witness statements in the case, including the grand jury testimony and FBI's 302s of the witnesses the government intends to call at trial. On November 30, 2010, the same day these key witness statements were due to be turned over by the government, the defendants filed their instant motion.

Even before the November 30, 2010 discovery was provided, the defendants had information from the government disclosing the identities of Officials 1 and 2. The defendants had obtained copies of the search warrant for defendant LINDSEY MANUFACTURING

-13-

1    COMPANY from the government.  The affidavit in support of that

2    search warrant makes it very clear that Official 1 is Nestor

3    Moreno.  Likewise, the discovery provided to the defendants on

4    November 10, 2010, makes it very clear that Official 2, who also

5    held the position of Director of Operations at CFE before Nestor

6    Moreno, was Arturo Hernandez.  See Bates LINDSEY15833.

7        The suggestion that a bill of particulars is warranted given

8    the relatively close proximity of the trial date and the large

9    amount of discovery is equally unfounded.  The defendants jointly

10   requested the current trial date and all of the other dates

11   currently set in this case.  The defendants agreed to these dates

12   after they received a copy of the indictment and after they knew

13   the amount of discovery in this case.  Therefore, the defendants

14   should be prohibited from arguing that the schedule, which they

15   requested, now warrants a bill of particulars.

16                                III.

17                             CONCLUSION

18       In conclusion, the defendants' motion for a bill of

19   particulars regarding "when, where, and how" of what is

20   essentially every act in furtherance of the conspiracy is the

21   equivalent of a request for complete discovery of the

22   government's evidence, which is not a purpose of the bill of

23   particulars.  Accordingly, the defendants' motion should be

24   denied.

25

26

27

28

                              -14-