ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DOUGLAS M. MILLER (SBN: 240398)
Assistant United States Attorney
Public Corruption & Civil Rights Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2216
    Facsimile: (213) 894-6436
    E-mail: douglas.m.miller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. CR 10-1031(A)-AHM |
|---|---|
| Plaintiff, | ) GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER ALLOWING DISCLOSURE OF GRAND JURY TESTIMONY OF PHILIP SPILLANE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DOUGLAS M. MILLER |
| v. | |
| ENRIQUE FAUSTINO AGUILAR NORIEGA, et al., | |
| Defendants. | |

    Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby applies ex parte for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing the government to provide defense counsel with copies of the grand jury testimony of a witness the government may call at trial.

//

1      The government makes this application because of the
2 defendants' request for such testimony and the disclosure
3 requirements of the Jencks Act, 18 U.S.C. § 3500. This
4 application is based on the attached Memorandum of Points and
5 Authorities, the declaration of Douglas M. Miller, the files and
6 records of this case, and such further evidence and argument as
7 may be presented at any hearing on this application.

8 Dated: December 8, 2010      Respectfully submitted,

          ANDRÉ BIROTTE JR.
          United States Attorney

          ROBERT E. DUGDALE
          Assistant United States Attorney
          Chief, Criminal Division

              /s/
          DOUGLAS M. MILLER
          Assistant United States Attorney

          Attorneys for Plaintiff
          UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . ." Fed. R. Crim. 6(e)(2)(B). Rule 6(e)(3)(E) provides in relevant part: "The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding . . ." Fed. R. Crim. 6(e)(3)(E).

A trial court has "substantial discretion to order or deny release" of a grand jury transcript. United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988). The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Id. (citation omitted). The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of

crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681, n.6 (1958) (internal quotations omitted); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (citing Procter & Gamble, and Douglas Oil Co. of Calif. v. Petrol Stops Northwest, 441 U.S. 211, 219 (1979), for the same proposition). In United States Industries, Inc. v. United States District Court, the Ninth Circuit reasoned that a determination of whether disclosure of grand jury material should be made under Rule 6(e) depends on the need of the party seeking disclosure and on the "policy considerations for grand jury secrecy as they apply to the request for disclosure under consideration." 345 F.2d 18, 21 (9th Cir. 1965). The court held: "[I]f the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking the disclosures should not be required to demonstrate a large compelling need." Id.

In this instance, the policy considerations requiring secrecy are inapplicable with respect to a witness who may testify at trial because the case has been indicted. See Dynavac, 6 F.3d at 1412 ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted). Moreover, disclosure of the grand jury testimony to defense counsel would be in the interest

4

of justice and allow defense counsel to have the material necessary to prepare a defense in advance of trial.

    For the foregoing reasons, the government respectfully requests that this Court issue an order authorizing the government to provide defense counsel with a copy of the grand jury testimony of Philip Spillane, a witness the government may call at trial.

Dated: December 8, 2010       Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

        /s/
DOUGLAS M. MILLER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA