JANET I. LEVINE (STATE BAR NO. 94255)
CROWELL & MORING LLP
515 SOUTH FLOWER STREET, 40TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2258
PHONE: (213) 622-4750
FAX: (213) 622-2690
EMAIL: jlevine@crowell.com

Attorneys for Defendant
Steve K. Lee

JAN L. HANDZLIK (STATE BAR NO. 47959)
GREENBERG TRAURIG LLP
2450 COLORADO AVENUE, SUITE 400 EAST
SANTA MONICA, CA 90404
PHONE: (310) 586-6542
FAX: (310) 586-0542
EMAIL: handzlikj@gtlaw.com

Attorneys for Defendants Lindsey Manufacturing
Company and Keith E. Lindsey

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 10-1031(A)-AHM |
| Plaintiff, | **DEFENDANTS LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, AND STEVE K. LEE'S REPLY TO THE GOVERNMENT'S OPPOSITION TO THE MOTION FOR A BILL OF PARTICULARS** |
| v. | |
| ENRIQUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE, | |
| Defendants. | |

REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR BILL OF PARTICULARS

Defendants Lindsey Manufacturing Company, Keith E. Lindsey, and Steve K. Lee hereby submit their Reply to the Government's Opposition to the Motion for a Bill of Particulars.

# I.

# **INTRODUCTION**

Defendants Lindsey Manufacturing Company ("Lindsey Manufacturing") and Keith E. Lindsey ("Dr. Lindsey") (collectively the "Lindsey Defendants"), and Steve K. Lee ("Mr. Lee") are seeking a Bill of Particulars because, "nothing in the Superseding Indictment states with any specificity what Mr. Lee and the Lindsey Defendants did, when Mr. Lee and the Lindsey Defendants learned any of the pertinent facts, and how or what Mr. Lee and the Lindsey Defendants knew about any allegedly false and fraudulent invoices, illegal payments or bribes." Defendants' Motion for a Bill of Particulars ("Mot."), p. 8, lines 7-11. Their Motion also establishes that "except for naming the defendants themselves, the Superseding Indictment fails to identify additional key players, except by generic terms . . . ." Mot., p. 8, lines 11-13.

In its reflexive Opposition, the Government asserts that count one of the Superseding Indictment "explains[1] in detail the foreign officials to whom the defendants paid the bribes, the amount of those bribes, and over 70 specific overt acts the defendants committed or caused others to commit in furtherance of their conspiracy." Government's Opposition to the Motion for a Bill of Particulars filed by Defendants Keith E. Lindsey, Steve K. Lee, and Lindsey Manufacturing Company ("Opp."), p. 2, lines 23-26.

The Government then recites, for over a page, what the Superseding Indictment "explains," never (except to identify two of the *many generically*

---

[1] "Explains" is not a synonym for "states." *See infra* at p. 5.

identified parties)[2] addressing the particulars requested – among other things, what made the payments "bribe payments" rather than ordinary payments under legitimate contracts; whether the "bribe payments" were made to a foreign official, much less one in a position to influence the Comisión Federal de Electricidad's ("CFE") decisions; whether the receipt of such payments affected CFE's decision to purchase Lindsey Manufacturing products; and what Mr. Lee and the Lindsey Defendants knew and when and how they knew it. Moreover, the Government's Opposition never acknowledges that the Superseding Indictment fails to indicate these particulars.

Instead of seriously addressing the substance of the defendants' requests, the Government notes that, because the decision to issue a Bill of Particulars is vested in the court's discretion, this Court should not be concerned about wrongfully denying a Bill of Particulars because that decision will only be reversed on appeal "for an abuse of discretion." Opp., p. 6, lines 12-16.

As the moving papers establish, the Superseding Indictment, containing only general statements of facts while alleging the essential elements of the offenses charged, is wholly insufficient to enable the defendants to properly prepare a defense and avoid surprise at trial. Rule 7 of the Federal Rules of Criminal Procedure gives this Court the ability to remedy the problems inherent in the Superseding Indictment. Principles of fairness, and the right to have effective assistance of counsel and to proceed to trial without surprise, dictate that this Court should order the requested particulars.

///

---

[2] The Government's Opposition identifies Officials 1 and 2. *See* Opp., p. 14, lines 2-6. Given the many still unidentified parties, that is not enough to enable the Lindsey Defendants and Mr. Lee to prepare for and avoid surprise at trial. *See* Mot., p. 8, lines 7-18.

3
REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR BILL OF PARTICULARS

## II.

## ARGUMENT

**A.     The Government's Opposition Overstates The Specificity Of The Allegations In The Superseding Indictment, Misinterprets The Law, And Wrongly Concludes That The Requested Particulars Are Not Warranted**

### 1.     Rule 7 Of The Federal Rules Of Criminal Procedure Gives This Court Discretion To Grant The Requested Particulars

As the moving papers establish, a district court has broad discretion to grant a Bill of Particulars.  The requested particulars should be granted when necessary to avoid surprise at trial, to aid in preparation of a defense, or to protect against double jeopardy.  *See United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

While the Government correctly cites the standard of appellate review in its Opposition to the Motion – that a court's ruling on a Bill of Particulars will only be reversed for an abuse of discretion – citation to and reliance on the appellate standard of review is inexplicable in the trial court context.  *See* Opp., p. 6, lines 12-16.  As *United States v. Johnson* (a case cited by the Government for other purposes) noted, on appeal the question "is not whether a trial court, in its discretion, may properly require production of the information sought; rather it is whether the refusal to do so constitutes a clear abuse of that discretion." 504 F.2d 622, 627 (7th Cir. 1974) (citations omitted).

Here, the issue is not whether this Court will be reversed on appeal in the event of a conviction if it fails to grant the requested particulars.  Rather, the issue is whether the requested particulars will further the common goals of an effective defense and a just trial, free of surprise.  *Cf. Long*, 706 F.2d at 1054.

///

### 2. The Government Mischaracterizes The Allegations In The Superseding Indictment

The Motion requests three categories of particulars: 1) the particulars related to intent, knowledge, and the intended purpose of the payments from Lindsey Manufacturing to Mr. Aguilar's company, Grupo Internacional de Asesores S.A. ("Grupo"); 2) the particulars that establish that those payments were actually made, were illegal payments, and influenced CFE's decisions to purchase Lindsey Manufacturing's products;[3] and 3) the identity and authority of those referenced by generic terms such as "others" and "foreign official." In its Opposition, the Government claims the Superseding Indictment provides the first two types of particulars.

The Government claims that the Superseding Indictment "explains" everything the Lindsey Defendants and Mr. Lee need to know. *See* Opp., p. 1, line 22 through p. 4, line 28. For example, the Government claims that it "explains how defendants Keith E. Lindsey, Steve K. Lee, and Lindsey Manufacturing Company agreed to pay defendant Enrique Aguilar a thirty percent commission, *knowing that all or a portion of that money would be used to pay Official 1 and others . . . bribes . . . .*" Opp., p. 3, lines 6-10 (emphasis added). The Government also claims that the Superseding Indictment ". . . explains how the Grupo invoices were false . . . ." Opp., p. 3, lines 17-18.

The Government confuses the word "explain" with the word "state." "Explain" means to "make plain or clear" or to "present in detail." *Webster's New International Dictionary* 801 (3d ed. 1986). "State," on the other hand, means to "assert" or "declare." *Id.* at 2228. Here, the Superseding Indictment "states" the

---

[3] The Government calls these payments "bribes," using the words "bribe" or "bribery" 33 times in its 14-page Opposition. Using this pejorative is not a substitute for providing the necessary particulars.

allegations against the Lindsey Defendants and Mr. Lee, but it never "explains" them.[4] As the moving papers show, however, an *explanation* of these basic particulars is what is needed to allow the defense to proceed to trial without surprise. The defendants are simply requesting the explanation that the Government claims it has already given.[5]

### 3. The Request For Particulars Is Not A Request For Further Discovery

The Government claims that the Lindsey Defendants and Mr. Lee "[a]re [a]ttempting to [u]se Rule 7(f) [a]s a [v]ehicle for [d]iscovery." Opp., p. 9, lines 14-15. This is not correct.

Here, the Government has represented that it has and will be providing complete discovery. *See* No. CR 10-1031(A)-AHM, Docket Number 85, *Joint Proposed Schedule for Discovery and Motion Practice*, pp. 2-7. The Government's initial productions amount to over one-million pages, and it has told the defense to expect about another three terabytes of data imminently. The last thing the defense needs is millions of more pages of information without specificity. The defense already has the proverbial "haystack" of evidence. *See* Mot., p. 14, lines 17-18. What the defense needs is some information in order to avoid being surprised by the "needle" hidden in that haystack.

The particulars requested are narrow and directed, going to the key disputed

---

[4] Indeed, the Government seems to confuse defendants' requests for particulars with a Motion to Dismiss the Superseding Indictment for failure to state an offense. For purposes of their Motion, defendants' acknowledge that the essential elements of the charged offenses are alleged in the Superseding Indictment. Rather, defendants seek particulars in support of the essential elements of these purported offenses.

[5] The word "explain" and its derivatives are used 17 times in the Opposition. Despite the liberal use of this term, no *explanation* was provided.

issues: what did the Lindsey Defendants and Mr. Lee know and when did they know it; what the supposed "bribe" money was paid to obtain; and who else was involved in these alleged crimes.[6] Principles of fairness require these questions to be answered in a more direct manner than by three terabytes of discovery.[7] As the more recent cases that deal with electronically-stored information recognize, discovery dumps are no substitute for particulars. *See* Mot., p. 12, lines 1-24.[8]

### 4. The Government's Citation To *W.R. Grace* Is Inexplicable, Given The Scheduling Order In *W.R. Grace* And The Government's Well-Publicized *Brady* Violations In That Case

The Government, in its argument that the Lindsey Defendants and Mr. Lee should not be provided the requested particulars, cites to *United States v. W.R. Grace*, 401 F. Supp. 2d 1103, 1106-07 (D. Mont. 2005). Opp., p. 9, lines 8-13.

---

[6] The Government argues it should not have to provide particulars now, as it would be frozen in a certain litigation posture three months before trial. Rule 7, of course, allows the Government to amend its particulars. *See* Fed. R. Crim. P. 7(f) ("The government may amend a bill of particulars subject to such conditions as justice requires."). This reason to deny the requested particulars is, thus, baseless.

[7] Occasionally laws are written with a flexibility that accommodates modernization not contemplated by the drafters. It is hard to imagine that, when Rule 7 was amended in 1966 to vest broad discretion in trial courts to require the Government to provide particulars, the drafters expected that an unremarkable, local case would involve millions of pages of discovery delivered on two hard drives and additional compact discs, all taking less physical space than a large loaf of bread.

[8] The Government's string cites to cases where Bills of Particular were denied is not instructive. As the Government itself recognizes, whether to grant a Bill is a decision entrusted to the discretion of the trial court. It is a fact-based, case-by-case decision. That is why the moving papers focused on the facts – the sophisticated, intent-laden allegations in the Superseding Indictment, the huge amount of electronic discovery, the detained defendant, and the "efficient" motion and trial schedule. These facts militate in favor of granting the Bill. *See* Mot., p. 12, line 27, through p. 15, line 6.

7
REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR BILL OF PARTICULARS

The Government says that this case stands for the principle that a motion for a bill of particulars should be denied "where defendants in essence sought to know details of how [the] indictment would be proved." Opp., p. 9, lines 8-10. The Government notes that the *W.R. Grace* Court held "that FRCP 7(f) is not [a] vehicle for obtaining discovery from the government and should not be invoked to force the government to spread its entire case before [the] defendant." *Id.* at lines 11-13.

The Government's reliance on *W.R. Grace* ignores at least two key things about that case. In a scheduling order entered by the Court *before* the Bill of Particulars was denied, the *W.R. Grace* Court ordered the Government to provide the defense with *final* trial exhibits and a *final* trial witness list *over a year* before trial.[9] *See United States v. W.R. Grace*, No. CR-05-00007-DWM, Docket Number 91 (Mar. 15, 2005); *see also United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (en banc) (affirming the Court's right to issue such a scheduling order). The *W.R. Grace* Court's order requiring *full discovery*, including *Brady* material, a year before trial, and the Government's claims of compliance with that order, did not stop the Government's discovery shenanigans. *See W.R. Grace*, No. CR-05-00007-DWM, Docket Numbers 233 and 233-1 (Nov. 23, 2005). Despite the order, the Government in *W.R. Grace* failed to produce all exculpatory material. Thus, during trial, the Court disallowed some testimony and instructed the jury that the Government had failed to fulfill its duty to the defense and its obligations under *Brady*. *See id.* Docket Number 1150 (Apr. 28, 2009). As such, the circumstances in *W.R. Grace* are not analogous to the situation faced by the Lindsey Defendants and Mr. Lee. Indeed, the *W.R. Grace* defendants were clearly better situated than are the defendants in this case.

---

[9] Unlike this case, in *W.R. Grace*, no defendant was detained pending trial. Thus, the matter was set for trial well after indictment.

8
REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR BILL OF PARTICULARS

Here, the Government has not produced a final set of trial exhibits and its final trial witness list; it has not even identified a set of "hot documents" from among the millions of pages provided to the defense. *Cf. United States v. Skilling*, 554 F.3d 529, 577 (5th Cir. 2009) (recognizing that, by creating indices for the discovery and producing a set of "hot documents," the Government did more than dump several-million pages of documents on the defendants), *reversed on other grounds*, 130 S. Ct. 2896 (2010). Instead, the Government has produced a mass of discovery with *no* indices, *no* exhibit list, and *no* identification of "hot documents" to assist in the review of these materials.[10]

This compounds the potential for surprise at trial. To suggest that this case, with its general indictment, a mass of discovery, no trial exhibit list, no production of the trial exhibits or witness list, and no set of "hot documents" is like *W.R. Grace* is, at best, uninformed.

### III.
### CONCLUSION

Even with more than three terabytes of discovery, the Superseding Indictment does not supply the detail necessary to enable the Lindsey Defendants and Mr. Lee to adequately prepare for trial. For the reasons set forth in the initial

---

[10] The Government has produced or promised to produce about three terabytes of data. This data is the equivalent of about 3,000 copies of the *Encyclopedia Britannica* or about 30 percent of the Library of Congress' printed collection. *See* http://www.whatsabyte.com. Alternatively, three terabytes is approximately 1.5 trillion words. *See* http://www.unitconversion.org/data-storage/words-to-gigabytes-10-9-bytes-conversion.html. To put that in context, *Moby-Dick* has 211,735 words. http://www.feedbooks.com/book/54/moby-dick. In essence, the Government has provided the defendants with approximately 7,254,350 *Moby-Dicks'* worth of discovery.

1  Motion papers and in this Reply, the Motion should be granted.

3  DATED: December 9, 2010         Respectfully submitted,

         JANET I. LEVINE
         CROWELL & MORING LLP


         _/s/ Janet I. Levine_____
         By:  JANET I. LEVINE
         Attorneys for Defendant
         Steve K. Lee

10  DATED:  December 9, 2010        Respectfully submitted,

         JAN L. HANDZLIK
         GREENBERG TRAURIG LLP

         _/s/ Jan L. Handzlik per email authorization
         By:  JAN L. HANDZLIK
         Attorney for Defendants
         Lindsey Manufacturing Company &
         Keith E. Lindsey

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, at Crowell & Moring LLP at 515 S. Flower Street, 40th Floor, Los Angeles, California 90071. I am over the age of 18 and not a party to the within action.

On **December 9, 2010**, I served the foregoing document described as **DEFENDANTS LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, AND STEVE K. LEE'S REPLY TO GOVERNMENT'S OPPOSITION TO THE MOTION FOR A BILL OF PARTICULARS** on the parties in this action by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following:

Douglas M. Miller (Assistant United States Attorney)
Email: doug.miller@usdoj.gov

Nicola J. Mrazek (United States Department of Justice Senior Trial Attorney)
Email: nicola.mrazek@usdoj.gov

Jan L. Handzlik (Attorney for Defendants Lindsey Manufacturing Company and Keith E. Lindsey)
Email: handzlikj@gtlaw.com

In addition to the above, the following are not on the District Court ECF System and were served via fax:

Stephen G. Larson
(Attorney for Defendant Angela Maria Gomez Aguilar)
Fax: (213) 481-1554

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 9, 2010**, at Los Angeles, California.

\_\_\_/s/ D. Garlow_____
D. Garlow