JANET I. LEVINE (STATE BAR NO. 94255)
MARTINIQUE E. BUSINO (STATE BAR NO. 270795)
Crowell & Moring LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071-2258
Phone: (213) 622-4750
Fax: (213) 622-2690
EMAIL: jlevine@crowell.com
EMAIL: mbusino@crowell.com

Attorneys for Defendant
Steve K. Lee

JAN L. HANDZLIK (STATE BAR NO. 47959)
MATTHEW B. HAYES (STATE BAR NO. 220639)
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, Ca 90404
Phone: (310) 586-6542
Fax: (310) 586-0542
EMAIL: handzlikj@gtlaw.com
EMAIL: hayesm@gtlaw.com

Attorneys for Defendants Lindsey Manufacturing
Company and Keith E. Lindsey

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 10-1031(A)-AHM |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY PURSUANT TO *BRADY V. MARYLAND*; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JANET I. LEVINE; EXHIBITS; [PROPOSED] ORDER (FILED UNDER SEPARATE COVER)** |
| v. | |
| ENRIQUE FAUSTINO AGUILAR, ANGELA MARIA GOMEZ AGUILAR, LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE, | |
| Defendants. | Date: January 24, 2011 Time: 3:00 p.m. Place: Courtroom 14 |

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY PURSUANT TO *BRADY*

TO: UNITED STATES ATTORNEY ANDRÉ BIROTTE JR., ASSISTANT UNITED STATES ATTORNEY DOUGLAS M. MILLER, AND UNITED STATES DEPARTMENT OF JUSTICE SENIOR TRIAL ATTORNEY NICOLA J. MRAZEK:

PLEASE TAKE NOTICE that on Monday, January 24, 2011 at 3:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable A. Howard Matz, defendants Lindsey Manufacturing Company, Keith E. Lindsey, and Steve K. Lee, by and through their counsel of record, will move to compel the production of discovery pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

This motion is based on the accompanying Memorandum of Points and Authorities, attached exhibits, declaration of Janet I. Levine, all files and records in this case, and any such arguments and evidence as may be presented at or before the hearing on this Motion.

DATED:  January 14, 2011          Respectfully submitted,

                                  JANET I. LEVINE
                                  CROWELL & MORING LLP

                                  By: /s/ Janet I. Levine_____
                                  JANET I. LEVINE
                                  Attorneys for Defendant
                                  Steve K. Lee

DATED: January 14, 2011           JAN L. HANDZLIK
                                  GREENBERG TRAURIG LLP


                                  By: /s/  Jan L. Handzlik_____
                                  Attorneys for Defendants
                                  Lindsey Manufacturing Company and
                                  Keith E. Lindsey

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This motion targets a narrow category of exculpatory material in the government's possession.  Specifically, this Motion requests the *Brady* materials related to the audits by the Internal Revenue Service ("IRS") of Lindsey Manufacturing Company ("Lindsey Manufacturing" or "LMC") for the 2004, 2005, and 2006 tax years.  In response to repeated requests by the defense for **all** *Brady* and *Giglio* materials, the government has maintained that it has produced all relevant documents, even stating as such during a court hearing on December 14, 2010.  This is not so, and Lindsey Manufacturing Company, Keith E. Lindsey ("Dr. Lindsey"), and Steve K. Lee ("Mr. Lee") are entitled to the requested information as a matter of constitutional right.

### II.   FACTS

Lindsey Manufacturing, a company located in Azusa, California, manufactures emergency power transmission systems and markets its products both domestically and internationally.  LMC sells its products using sales agents, who are paid on commission.  Enrique Faustino Aguilar Noriega ("Mr. Aguilar") acted as a sales agent for LMC in Mexico.  Mr. Aguilar operated through his company Grupo Internacional de Asesores S.A. ("Grupo").

The government has charged LMC, Dr. Lindsey, and Mr. Lee with conspiring with Mr. Aguilar (and others unnamed and unidentified in the Superseding Indictment), to violate the Foreign Corrupt Practices Act ("FCPA"), and with certain substantive FCPA violations related to Mr. Aguilar's sales to the Mexican Comisión Federal de Electricidad ("CFE").

As discussed in prior motion papers filed by counsel for LMC, Dr. Lindsey, and Mr. Lee, a key issue the government must prove regarding these charges is each defendants' *knowing* involvement, including that they knew payments were being made to government officials and that they intended to make these payments

1   in order to retain or obtain business for LMC.  *See generally* Lindsey Defendants

2   and Mr. Lee's Notice of Motion and Motion for a Bill of Particulars filed on

3   November 30, 2010 at p. 13-14.

4          On December 10, 2010, the government produced the memorandum of

5   interview of IRS Revenue Agent Kelli Hua  ("Agent Hua").  *See* Exhibit A,

6   Memorandum of Interview of Kellie Hua.  This interview was conducted on July

7   30, 2009, lasted two hours, and many IRS and FBI agents participated, including

8   case agents Farrell Binder and Susan Guernsey.  *See id.* at p. 1.

9          LMC was initially audited by the IRS for the 2004 tax year.  *See id.* at p. 1,

10  ¶ 1.  The company was then audited for the 2005 and 2006 tax years as a follow-up

11  to this initial audit.  *See id.*  One of the main issues addressed during the 2005 and

12  2006 audits were the commissions paid by LMC to its sales agents.  *See id.* at p. 2,

13  ¶ 5.  As part of the audit, Agent Hua reviewed information relating to LMC's sales

14  in Mexico, including the contract between Grupo and LMC and the commissions

15  for Grupo sales.  *See id.* at p. 2, ¶¶ 6, 7, 9-11.  Agent Hua stated that if she

16  believed the commissions paid to Mr. Aguilar were actually being used to make

17  payments to foreign officials or were bribes, she would have requested a referral to

18  IRS Criminal Investigation.  *See id.* at p. 3, ¶¶ 16, 18.  Agent Hua apparently never

19  made any such referral; thus, the information related to the IRS's audits of LMC is

20  clearly exculpatory *Brady* material that must be produced.

21         The defense has made multiple requests to the government for *Brady*

22  material *generally* – first in a letter dated November 12, 2010, second in a letter

23  dated November 17, 2010, third during the initial meet and confer on November

24  22, 2010, and then again during the second meet and confer on January 3, 2011.

25  *See* Declaration of Janet I. Levine, attached hereto at ¶¶ 2-3.  In response to each

26  of these requests, the government has asserted that it has complied with its

27  obligations under *Brady v. Maryland*.  And in response to this Court's questioning,

28

the government affirmed that it has "turned over every piece of evidence." *See* Exhibit B, Transcript of December 14, 2010 hearing, p. 41, lines 22-24.

On January 10, 2011, having reviewed Agent Hua's interview, the defense renewed its *Brady* request[1], seeking the following specific materials related to the IRS audits of LMC:

1. The IRS audit file regarding this matter, including all work papers, notes, recordations of meetings and/or interviews, correspondence within the IRS and with third parties, including, but not limited to, communications with Special Agents Guernsey, Binder, and/or Rudolfo Mendoza (IRS-CI Special Agent), and all other FBI, IRS, or other federal agents;

2. Any communications regarding this matter (which includes written, oral and electronic communications) to which any prosecutor was a party that discusses Agent Hua, her investigation and/or analysis, and/or findings, her statement, and her audit;

3. Agent Hua's resume/curriculum vitae;

4. All notes of the July 30, 2009 interview of Agent Hua. Several agents were present, yet the defense has not been provided with any notes of this interview, and only received a typed interview summary by one agent;

5. Any testimony, affidavits, and/or other statements made on or after July 30, 2009, by any FBI or IRS agent, including, but not limited to, case agents Binder and Guernsey, that omit this exculpatory information (*i.e.*, the Agent Hua's prior analysis of the commission payments and her decision not to refer the matter for criminal investigation) including all drafts of the Binder 2010 search warrant affidavit that omit mention of this;

6. The testimony of any witness present for Agent Hua's interview, including, but not limited to, testimony of Agent Guernsey and/or Agent Binder

---

[1]    *See* Declaration of Janet I. Levine at ¶ 4.

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY PURSUANT TO *BRADY*

4

concerning payments to a foreign official(s), providing things of value to a foreign official(s), the financial and banking aspects of this case, including payments from LMC to any entity related to Angela Maria Gomez Aguilar ("Mrs. Aguilar") and/or Mr. Aguilar, and purchases and/or expenditures made by Mr. or Mrs. Aguilar, or by any Aguilar-related entity; and

7.   All grand jury and other testimony from Agent Hua.

*See* Exhibit C, Letter from Ms. Levine to Mr. Miller and Ms. Mrazek dated January 10, 2011.

In response, the government agreed to seek "the audit file" from the IRS, but has not agreed to disclose it or the other requested information.  It further advised that it will not call Ms. Hua as a witness at trial.

## III.   ARGUMENT

The government is beholden to constitutional obligations under *Brady v. Maryland*.  It is obligated to disclose, upon request, any favorable evidence to the accused where the evidence is material to guilt or punishment.  *See Brady*, 373 U.S. at 87; *United States v. Price*, 566 F.3d 900, 912 (9th Cir. 2009) ("[w]here the prosecution possesses or knows of material favorable to the defendant that would be admissible subject to the court's discretion *Brady* requires that such material be turned over to the defense.").  This obligation extends to evidence that in any way may be exculpatory or could be used to impeach government witnesses.  *United States v. Bagley*, 473 U.S. 667, 676-77 (1985); *Giglio v. United States*, 405 U.S. 150, 154 (1972) ("When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credability falls within [the *Brady*] rule." (citation omitted)).

Under *Brady*, when faced with a pretrial evidentiary request, the government cannot second-guess defense counsel's strategic judgments about the kind of evidence that will prove favorable at trial.  Instead, "where doubt exits as to the usefulness of evidence, [the government] should resolve such doubts in favor of

full disclosure . . . ."  *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984); *see also Cone v. Bell*, 129 S. Ct. 1769, 1783 n. 15 (2009) ("As we have often observed, the prudent prosecutor will err on the side of transparency, resolving doubtful questions in favor of disclosure.").

The United States Attorney's Manual addresses the scope of the disclosure obligation: "A prosecutor must disclose information that is inconsistent with any element of any crime charged against the defendant or that establishes a recognized affirmative defense, regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal of the defendant for a charged crime."  United States Attorney's Manual § 9-5.001(C)(1) (emphasis added).  This recognizes that information is "exculpatory" if it rules out any specific basis for criminal liability that would be encompassed by the indictment.

Under these standards, it is clear that the government cannot legitimately contend that the requested evidence related to the IRS audits of LMC is not *Brady* material.  Even a brief review of Agent Hua's interview report makes it clear that the IRS analyzed the commissions paid by LMC on the CFE contracts and did not believe that the commissions were illegal payments to Mexican foreign officials.  As Agent Hua stated, if she had believed this were the case, she would have referred the matter to the IRS's Criminal Investigation division.  Agent Hua did not do so.  The fact that another federal agency failed to find any illegal conduct involving the commissions paid to Mr. Aguilar after investigating LMC and reviewing many of the same files seized by the government during the execution of its search warrant is clearly exculpatory, and bears on the key elements of knowledge and intent.[2]

---

[2]      The government's stated theory that Dr. Lindsey and Mr. Lee acted with "willful blindness" (and not direct knowledge and intent) makes it even more patent that the requested documents are *Brady*.

Therefore, it is imperative to LMC, Dr. Lindsey, and Mr. Lee's defense to explore this fully, including reviewing the entire IRS audit file, reviewing other accounts of Agent Hua's interview to determine if there are more details in those documents, exploring who else knew about this exculpatory evidence, how this exculpatory evidence was shared within the government, and how or if this exculpatory evidence was presented in affidavits and to grand jurors in this case. Despite the patent exculpatory nature of these documents, the government has not agreed to produce this material.  Without this information, LMC, Dr. Lindsey, and Mr. Lee cannot receive the fair trial they deserve.

///

///

///

///

///

///

## V.   <u>CONCLUSION</u>

For the foregoing reasons, LMC, Dr. Lindsey, and Mr. Lee respectfully request that this Court issue an order compelling the government to produce all the requested information set forth above, all of which is related to the IRS audits of LMC.


DATED:  January 14, 2011          Respectfully submitted,

                                  JANET I. LEVINE
                                  CROWELL & MORING LLP


                                   _/s/ Janet I. Levine_____
                                  By:  JANET I. LEVINE
                                  Attorneys for Defendant
                                  Steve K. Lee

DATED: January 14, 2011           JAN L. HANDZLIK
                                  GREENBERG TRAURIG LLP


                                  By: /s/  Jan L. Handzlik_____
                                  Attorneys for Defendants
                                  Lindsey Manufacturing Company and
                                  Keith E. Lindsey

## DECLARATION OF JANET I. LEVINE

I, Janet I. Levine, declare:

1.      I am a lawyer duly admitted to practice law before this court and in California.  I am counsel of record for Steve K. Lee in this case.  I have personal and first-hand knowledge of the facts set forth in this Declaration, unless otherwise stated, and, if called as a witness, I could and would testify competently to those facts.

2.      On November 12, 2010 and November 17, 2010, I sent letters to the government requesting *Brady* materials generally, but did not receive the materials I am now requesting.

3.      On November 22, 2010, and January 3, 2010, I met and conferred with the government regarding discovery generally, and made renewed requests for *Brady* materials.  Again, I did not receive any of the materials I am now requesting. Instead, the government represented that it had produced all *Brady* and *Giglio* information.

4.      On January 10, 2011, I sent a letter to the government specifically requesting the materials addressed in this motion, with a "return" date of January 12, 2011. *See* Exhibit C, Letter from Ms. Levine to Mr. Miller and Ms. Mrazek dated January 10, 2011.  The government did not comply with this request.  Instead, it replied that it would obtain the audit file, but did not commit to disclosing it.  The government also stated, despite its representation on January 3, 2011 to the contrary, that Ms. Hua would now not be a government witness.

5.      Ms. Hua's statements, while known to the case agents who were present at her interview, were not included in the 2010 search warrant affidavit filed since Agent Hua's interview occurred.

1   I declare under the penalties of the laws of the United States that the

2   foregoing is true and correct to the best of my knowledge.

3   Executed this 14th day of January 2011, at Los Angeles, California.

4

5   /s/ Janet I. Levine_____

6   JANET I. LEVINE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, at Crowell & Moring LLP at 515 S. Flower Street, 40th Floor, Los Angeles, California  90071. I am over the age of 18 and not a party to the within action.

On **January 14, 2011**, I served the foregoing document described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY PURSUANT TO *BRADY V. MARYLAND*; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JANET I. LEVINE; [PROPOSED] ORDER (FILED UNDER SEPARATE COVER)** on the parties in this action by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following:

Douglas M. Miller (Assistant United States Attorney)
Email: doug.miller@usdoj.gov

Nicola J. Mrazek (United States Department of Justice Senior Trial Attorney)
Email: nicola.mrazek@usdoj.gov

Jan L. Handzlik (Attorney for Defendants Lindsey Manufacturing Company and Keith E. Lindsey)
Email: handzlikj@gtlaw.com
Email: hayesm@gtlaw.com

Stephen G. Larson (Attorney for Defendant Angela Maria Gomez Aguilar)
Email: slarson@girardikeese.com

In addition to the above, the following are not on the District Court ECF System and were served via fax:

Molly B. Weber (Attorney for Defendant Angela Maria Gomez Aguilar)
Fax: (213) 481-1554

1    I declare under penalty of perjury under the laws of the State of California
2    that the above is true and correct.
3    Executed on **January 14, 2011**, at Los Angeles, California.
4    _____/s/Kristen Savage Garcia_____
5    KRISTEN SAVAGE GARCIA