JANET I. LEVINE (STATE BAR NO. 94255)
MARTINIQUE E. BUSINO (STATE BAR NO. 270795)
Crowell & Moring LLP
515 South Flower Street, 40th Floor
Los Angeles, California  90071-2258
Phone:  (213) 622-4750
Fax:  (213) 622-2690
EMAIL: jlevine@crowell.com
EMAIL: mbusino@crowell.com

Attorneys for Defendant
Steve K. Lee

JAN L. HANDZLIK (STATE BAR NO. 47959)
MATTHEW B. HAYES (STATE BAR NO. 220639)
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, Ca 90404
Phone: (310) 586-6542
Fax: (310) 586-0542
EMAIL: handzlikj@gtlaw.com
EMAIL: hayesm@gtlaw.com

Attorneys for Defendants Lindsey Manufacturing
Company and Keith E. Lindsey

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 10-1031(A)-AHM |
| Plaintiff, | **DEFENDANTS' MEMORANDUM IN REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY PURSUANT TO *BRADY V. MARYLAND*** |
| v. | |
| ENRIQUE FAUSTINO AGUILAR, ANGELA MARIA GOMEZ AGUILAR, LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE, | Date: January 24, 2011<br>Time: 3:00 p.m.<br>Place: Courtroom 14 |
| Defendants. | |

REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY
PURSUANT TO *BRADY*

1       Defendants Lindsey Manufacturing Company, Keith E. Lindsey, and Steve K. Lee hereby submit their Memorandum in Reply to the Government's Opposition to the Motion to Compel Discovery Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

**REPLY MEMORANDUM**

**I. INTRODUCTION**

Defendants Lindsey Manufacturing Company ("Lindsey Manufacturing") and Keith E. Lindsey ("Dr. Lindsey") (collectively the "Lindsey Defendants"), and Steve K. Lee ("Mr. Lee") filed a Motion to Compel the production of *Brady* materials. Specifically, the Lindsey Defendants and Mr. Lee are seeking materials related to or arising from audits of Lindsey Manufacturing and Lindsey International, Inc. (henceforth, Lindsey Manufacturing and Lindsey International, Inc. will be referred to collectively as "LMC") conducted by the Internal Revenue Service ("IRS") for the 2004, 2005, and 2006 tax years. The requested *Brady* materials include but are not limited to notes from the government's interview of the auditor, agent statements while seeking a search warrant that omit mention of the auditor's exculpatory findings, and other related documents.

As the moving papers establish and the government does not dispute, Agent Kelli Hua ("Agent Hua"), the IRS Revenue Agent that supervised the LMC audit for the 2005 and 2006 tax years and examined LMC's payments on its orders from Mexico, never found any indication that LMC paid bribes. *See* Defendants' Motion to Compel Discovery Pursuant to *Brady v. Maryland* ("Mot."), p. 3, lines 4-20; *see also* Exhibit A to Mot., p. 3, ¶¶ 16, 18. Agent Hua's conclusion is contrary to the government's repeated assertions that the nature and size of the payments to Enrique Faustino Aguilar Noriega ("Mr. Aguilar"), and the manner in which the payments were made, is clear evidence of bribery in violation of the Foreign Corrupt Practices Act.

In opposing the requested *Brady* disclosures, the government misstates the standard for analyzing pretrial disclosure under *Brady*, incorrectly claims the motion is moot, and overstates the scope of the materials the government has now agreed to disclose. As set forth in the moving papers and this Reply, the materials

requested by this Motion are clearly exculpatory, and must be disclosed under *Brady*.

## II. ARGUMENT

### A. The Disclosure Obligations Under *Brady* Are Much Broader Than The Government's Opposition Acknowledges

#### 1. *Brady* requires the disclosure of exculpatory material evidence, not just the "substance" of that evidence.

The due process clause and *Brady* require the disclosure of any arguably exculpatory material. *See United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1204 (C.D. Cal. 1999) (requiring disclosure under *Brady* of "any information that reveal[ed] any variations in the proffered testimony of an accomplice witness [who was] testifying pursuant to a leniency agreement"). By citations to cases applying a miserly and dated attitude toward *Brady*, the government attempts to limit its disclosure obligation to the bare minimum of what is required, even stating that "'*Brady* . . . is a rule of minimum prosecutorial obligation.'" Government's Opposition to Defendants' Motion to Compel Discovery Pursuant to *Brady v. Maryland* ("Opp."), p. 7, lines 24-27 (citation omitted). It argues that it is only required to disclose the "substance" of the exculpatory information, and not "evidence in every form." Opp., p. 7, lines 12-27. In support of this argument, the government cites to two out of circuit cases reviewing *Brady* disclosures *post-conviction* – a very different standard.[1]

---

[1] The government's arguments ignore the Department of Justice's ("DOJ") own clear directives regarding *Brady* disclosure obligations. *See* David W. Ogden, *DOJ Memorandum to Department Prosecutors: Guidance for Prosecutors Regarding Criminal Discovery*, January 4, 2010, http://www.justice.gov/dag/discovery-guidance.html ("Prosecutors are . . . encouraged to provide discovery broader and more comprehensive than the discovery obligations" under *Brady*.); *see also* United States Attorney Manual ("USAM") § 9-5.001, *et seq*.

### 2. The "materiality" standard noted in the government's Opposition does not apply here.

The *Brady* standard cited in the government's brief does not apply in the pretrial context. The government argues that to be within the scope of *Brady*, the evidence sought must be "material," meaning that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Opp., p. 7, lines 5-11 (citing *United States v. Bagley*, 473 U.S. 667, 682 (1985)). However, the "materiality" standard is "only appropriate, and thus applicable, in the context of [post-trial] appellate review of [*Brady* violations]." *Sudikoff*, 36 F. Supp. 2d at 1198.

The materiality standard espoused by the government is inapposite in the pretrial context. If a trial court were to apply this materiality standard, it would have to make a pretrial determination about what evidence will be "material" after trial under *Brady*. Such a determination would be difficult if not impossible for the court to make. *See* USAM § 9-5.001(B)(1) ("Recognizing that it is sometimes difficult to assess the materiality of evidence before trial, prosecutors generally must take a broad view of materiality and err on the side of disclosing exculpatory and impeaching evidence.").

### B. The Government's Brief Inexplicably Argues about Jencks and Rule 16 Disclosures

The Lindsey Defendants and Mr. Lee's *Brady* motion sought a limited set of materials. In its Opposition, the government argues for two-and-a-half pages that these disclosures are not required under the Jencks Act and Federal Rule of Criminal Procedure 16 ("Rule 16"). Opp., p. 4, line 4 through p. 6, line 18. This argument is puzzling, at best.

///

///

As the caption of our Motion makes clear, this is a motion for *Brady* materials. Arguments about Rule 16 and Jencks are misplaced.[2]

### C. The Specific *Brady* Requests Should Be Granted

#### 1. Request One

Request One seeks the IRS audit file of LMC, including all work papers, notes, recordations of meetings and/or interviews, correspondence within the IRS and with third parties, including, but not limited to, communications with Special Agents Guernsey, Binder, and/or Rudolfo Mendoza (IRS-CI Special Agent), and all other FBI, IRS, or other federal agents.

The government now claims that, because it agreed to produce a limited subset of our requests, it need not produce anything else sought by our *Brady* motion. It argues the motion is moot. This claim is misleading and baseless.

By *ex parte* application, the government only requested an order disclosing the LMC tax returns and "return information." The government defined "return information" as "certain tax-related information provided to the Secretary of Treasury (typically the IRS)." *See* No. CR 10-1031(A)-AHM, Docket Number 137, Government's *Ex Parte* Application for Order Directing IRS to Disclose Tax Returns and Return Information, p. 2, n. 2 (citations omitted). The government then states that "taxpayer return information" is a subset of "return information," and defines these materials as "information of that type provided to the Secretary (again, typically the IRS) by or on behalf of a taxpayer." *See id.*

In essence, the government requested that this Court order the IRS to provide the defendants what the defendants had provided to the IRS. Of course, the government's limited request failed to encompass or include any of the materials sought in Request One. This is not sufficient.

---

[2] There are discovery issues under both Rule 16 and Jencks which will be the subject of a separate motion.
REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY
PURSUANT TO *BRADY*
5

The materials the government agreed to disclose do not include the "audit" of LMC conducted by the IRS or anything similar. They do not include the materials generated *by the IRS* as part of the LMC audits, including but not limited to any reports or analysis drafted by Agent Hua or other revenue agents. They do not include Agent Hua's work papers, notes, interview reports, or the like. These materials are necessary to explore the factual underpinnings for Agent Hua's statement that she did not find any evidence that LMC paid bribes to officials of the Mexican Comisión Federal de Electricidad's ("CFE").

The government also fails to address the Lindsey Defendants and Mr. Lee's request for "communications" in Request One. These communications are relevant *Brady* materials in that they will inevitability establish who received information about Agent Hua's conclusions and findings, including her determination that the evidence does not show that the LMC payments were bribe payments.[3]

### 2. Request Two

Request Two seeks any communications regarding this matter (which includes written, oral and electronic communications) to which any prosecutor was a party that discussed Agent Hua, her investigation and/or analysis, and/or findings, her statement, and her audit. As set forth above, Agent Hua's conclusions are exculpatory and were communicated to the investigative team. What was done with this information is key.

The government asserts these communications are protected from disclosure by certain privileges. Curiously, the government does not represent that it has reviewed these documents. It has also not offered to supply the Court with a

---

[3] The communications by Agent Hua are percipient witness communications. Agent Hua was and is not a part of this prosecution team. Her determination that the payments to Grupo by LMC were not bribes was within the scope of the audit and relevant to a determination by the IRS that deductions taken by LMC for such payments as business expenses were legitimate.

privilege log and submit the communications for an *in camera* review. Both are necessary for their claim.

### 3. Request Three

Request Three seeks Agent Hua's resume/*curriculum vitae*. In response, the government asserts that it cannot see why this information is covered by *Brady*. Simply stated, this information is relevant to establish the validity of Agent Hua's factual determinations and related conclusions. The level of education attained by Agent Hua, the training she has received, and her experience as an IRS employee and Revenue Agent in participating in and conducting such audits are all relevant and material to establishing the validity of her factual determinations and related conclusions. This resume/*curriculum vitae* information is simply what is often used to describe the witness' expertise, and establish the validity of their opinion.

### 4. Request Four

Request Four seeks all notes of the July 30, 2009 interview of Agent Hua. The government argues that disclosure of the summary of Agent Hua's interview is sufficient to satisfy *Brady*. This is unfounded. This summary may constitute the government's version of the general "substance" of the evidence. That does not, however, absolve the government of its obligation of producing all iterations of exculpatory evidence, including the requested rough notes.[4] Six agents were present at the two hour interview of Agent Hua. What Agent Hua said was exculpatory. Subsequently, a single agent distilled the two-hour interview taken by

---

[4] Interestingly, while the government states that it has preserved these notes, it does not state that it has reviewed these documents for possible *Brady* materials.

REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY PURSUANT TO *BRADY*

7

six agents into a three-and-a-half page memorandum. The remaining substance, as expressed in the notes of those present, must be produced under *Brady*.[5]

### 5. Request Five

Request Five seeks any testimony, affidavits, and/or other statements made on or after July 30, 2009, by any FBI or IRS agent, including, but not limited to, case agents Binder and Guernsey, that omit Agent Hua's analysis, factual determinations, and related conclusions with respect to the payments made by LMC, and Agent Hua's decision not to refer the matter for criminal investigation. The materials responsive to this request include all drafts of Agent Binder's affidavits in support of the arrest warrant for Angela Maria Gomez Aguilar ("Mrs. Aguilar") and the search of LMC's electronic data.

By way of example, Agent Guernsey's testimony should be produced in order to determine if the information from Agent Hua's interview and the IRS audit files was disclosed to the grand jury. It is also highly relevant to determine whether Agent Guernsey omitted disclosure of this exculpatory evidence in other sworn statements. This would impact the validity of the grand jury proceedings and the warrants issued as a result of such sworn statements. The prior drafts of Agent Binder's 2010 search warrant affidavit should be produced in order to determine if she included the exculpatory information provided by Agent Hua in any of these drafts. Omission of this exculpatory information is relevant to the Lindsey Defendants and Mr. Lee's subsequent motion pursuant to *Franks v. Delaware*.

///

---

[5] The Court may wish to inquire of the government about the contents of the agents' notes. Hypothetically, should the notes of one or some of the agents present for Agent Hua's interview fail to reflect her exculpatory statements, the defense would take the position that those notes must still be produced. Any omission to reflect this exculpatory evidence would in itself raise *Brady* concerns.

**6.     Request Six**

Request Six seeks the testimony of any witness present for Agent Hua's interview, whether at the grand jury or in court proceedings related to this case, specifically in connection with the arrest of Mrs. Aguilar. This should include, but is not limited to, testimony of Agent Guernsey and/or Agent Binder concerning payments to a foreign official(s), providing things of value to a foreign official(s), the financial and banking aspects of this case, including payments from LMC to any entity related to Mrs. Aguilar and/or Mr. Aguilar, and purchases and/or expenditures made by Mr. or Mrs. Aguilar, by anyone on their behalf, or by any Aguilar-related entity.

Agent Guernsey is a case agent in this matter. She testified as the summary government witness before the grand jury. Presumably, Agent Guernsey reviewed Agent Binder's search warrant affidavit or assisted in the preparation of it.[6] Again, the testimony of Agent Guernsey is relevant *Brady* material for the reasons discussed above related to Request Five.

**7.     Request Seven**

Request Seven is for all grand jury and other testimony from Agent Hua. The government represents this does not exist. The Lindsey Defendants and Mr. Lee accept this representation.

///

///

---

[6]     As stated in its Opposition, the government represents that Agent Guernsey will not be called as a witness at trial. Opp., p. 10, lines 11-13. This is either because or as a result of the fact she testified before the grand jury.

REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY
PURSUANT TO *BRADY*

9

## III. CONCLUSION

As set forth here and in the moving papers, the requested materials are *Brady* and must be disclosed.

DATED: January 20, 2011          Respectfully submitted,

                                        JANET I. LEVINE
                                      CROWELL & MORING LLP

                                      /s/ Janet I. Levine
                                      By: JANET I. LEVINE
                                      Attorneys for Defendant
                                      Steve K. Lee

DATED: January 20, 2011          JAN L. HANDZLIK
                                      GREENBERG TRAURIG LLP

                                      By: /s/ Jan L. Handzlik
                                      Attorneys for Defendants
                                      Lindsey Manufacturing Company and
                                      Keith E. Lindsey

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, at Crowell & Moring LLP at 515 S. Flower Street, 40th Floor, Los Angeles, California 90071. I am over the age of 18 and not a party to the within action.

On **January 20, 2011**, I served the foregoing document described as **DEFENDANTS' MEMORANDUM IN REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY PURSUANT TO *BRADY V. MARYLAND*** on the parties in this action by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following:

Douglas M. Miller (Assistant United States Attorney)
Email: doug.miller@usdoj.gov

Nicola J. Mrazek (United States Department of Justice Senior Trial Attorney)
Email: nicola.mrazek@usdoj.gov

Jan L. Handzlik (Attorney for Defendants Lindsey Manufacturing Company and Keith E. Lindsey)
Email: handzlikj@gtlaw.com
Email: hayesm@gtlaw.com

Stephen G. Larson (Attorney for Defendant Angela Maria Gomez Aguilar)
Email: slarson@girardikeese.com

In addition to the above, the following are not on the District Court ECF System and were served via fax:

Molly B. Weber (Attorney for Defendant Angela Maria Gomez Aguilar)
Fax: (213) 481-1554

1 I declare under penalty of perjury under the laws of the State of California
2 that the above is true and correct.
3 Executed on **January 20, 2011**, at Los Angeles, California.

　　　　　　　　　　　　　　　_____/s/Martinique E. Busino_____
　　　　　　　　　　　　　　　MARTINIQUE E. BUSINO