1

JANET I. LEVINE (STATE BAR NO. 94255)
MARTINIQUE E. BUSINO (STATE BAR NO. 270795)

2

Crowell & Moring LLP
515 South Flower Street, 40th Floor

3

Los Angeles, California 90071-2258
Phone: (213) 622-4750

4

Fax: (213) 622-2690
EMAIL: jlevine@crowell.com

5

EMAIL: mbusino@crowell.com

6

Attorneys for Defendant
Steve K. Lee

7

8

JAN L. HANDZLIK (STATE BAR NO. 47959)
THOMAS H. GODWIN (STATE BAR NO. 255384)
GREENBERG TRAURIG LLP

9

2450 Colorado Avenue, Suite 400 East
Santa Monica, Ca 90404

10

Phone: (310) 586-6542
Fax: (310) 586-0542

11

EMAIL: handzlikj@gtlaw.com
EMAIL: godwint@gtlaw.com

12

Attorneys for Defendants Lindsey Manufacturing

13

Company and Keith E. Lindsey

14

**UNITED STATES DISTRICT COURT**

15

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

16

UNITED STATES OF AMERICA,

17

Plaintiff,

18

v.

19

ENRIQUE FAUSTINO AGUILAR
NORIEGA, ANGELA MARIA

20

GOMEZ AGUILAR, LINDSEY
MANUFACTURING COMPANY,

21

KEITH E. LINDSEY, and
STEVE K. LEE,

22

Defendants.

23

24

25

26

27

28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CR 10-1031(A)-AHM

**DEFENDANTS' NOTICE OF
MOTION AND MOTION TO
SUPPRESS EVIDENCE SEIZED IN
NOVEMBER 20, 2008 SEARCH
(SUPPRESSION MOTION ONE:
NOVEMBER 14, 2008 SEARCH
WARRANT); MEMORANDUM OF
POINTS AND AUTHORITIES;
DECLARATIONS; EXHIBITS;
[PROPOSED] ORDER (FILED
UNDER SEPARATE COVER)**

Date: March 21, 2011
Time: 3:00 p.m.
Place: Courtroom 14

NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES.................................................................ii

LIST OF EXHIBITS........................................................................iv

MEMORANDUM OF POINTS AND AUTHORITIES.................................2

I.      INTRODUCTION ..................................................................2

II.     FACTS................................................................................2

        A.      Applications And Affidavits For Search Warrant .......................3

        B.      Statement Of Probable Cause .........................................3

III.    ARGUMENT ........................................................................6

        A.      The Search Warrant Affidavit Fails To Establish Probable
                Cause That Any Crime Was Committed .......................................7

        B.      There Is No Probable Cause To Search Lindsey ...........................9

        C.      The Warrant Authorizes Seizure Of Items For Which
                There Is No Probable Cause .........................................9

        D.      The Government Seized Items Beyond The Scope Of The
                Search Warrant................................................................10

        E.      *Leon's* Good Faith Exception Does Not Apply...........................11

IV.     CONCLUSION ....................................................................12

DECLARATION OF JANET I. LEVINE.........................................13

DECLARATION OF KEITH E. LINDSEY ......................................14

DECLARATION OF STEVE K. LEE.............................................15

1

2

# <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

C<small>ASES</small>

5

6

*Illinois v. Gates,*
    462 U.S. 213 (1983) ....................................................................... 7

7

8

*Mancusi v. DeForte,*
    392 U.S. 364 (1968) ....................................................................... 6

9

10

*United States v. Crozier,*
    777 F.2d 1376 (9th Cir. 1985) ..................................................... 10

11

12

*United States v. Gonzalez, Inc.,*
    412 F.3d 1102 (9th Cir. 2005) ....................................................... 6

13

14

*United States v. Jefferson,*
    594 F. Supp. 2d 655 (E.D. Va. 2009) ........................................... 7

15

*United States v. Kow,*
    58 F.3d 423 (9th Cir. 1995) ......................................................... 10

16

17

*United States v. Leary,*
    846 F.2d 592 (10th Cir. 1988) ....................................................... 6

18

19

*United States v. Leon,*
    468 U.S. 897 (1984) ..................................................................... 11

20

21

*United States v. Lopez,*
    482 F.3d 1067 (9th Cir. 2007) ....................................................... 8

22

23

*United States v. Luong,*
    470 F.3d 898 (9th Cir. 2006) ................................................... 7, 11

24

*United States v. Michaelian,*
    803 F.2d 1042 (9th Cir. 1986) ..................................................... 11

25

26

*Wong Sun v. United States,*
    371 U.S. 471 (1963) ..................................................................... 12

27

28

**STATUTES**

15 U.S.C. § 78dd-1 .................................................................................................. 3

15 U.S.C. § 78dd-2(a) ............................................................................................. 7

18 U.S.C. §§ 371 ..................................................................................................... 3

18 U.S.C. § 1956 ..................................................................................................... 3

18 U.S.C. § 1957 ..................................................................................................... 3

**OTHER AUTHORITIES**

Fed. R. Crim. P. 41(d)(1) ....................................................................................... 7

# INDEX OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | Search Warrant for Lindsey Manufacturing & Lindsey International, dated November 14, 2008 (including Attachments A and B) |
| B | Affidavit of Agent Farrell A. Binder in Support of Search Warrant for Lindsey Manufacturing & Lindsey International, dated November 14, 2008 |
| C | Receipts for Property Seized by the United States Department of Justice, Federal Bureau of Investigation |
| D | List of Items Seized Without Probable Cause and/or Beyond the Scope of the Warrant |
| E | FBI 302 Report of Search of Lindsey on November 20, 2008, dated November 21, 2008 |

TO: UNITED STATES ATTORNEY ANDRÉ BIROTTE JR., ASSISTANT UNITED STATES ATTORNEY DOUGLAS M. MILLER, AND UNITED STATES DEPARTMENT OF JUSTICE SENIOR TRIAL ATTORNEYS NICOLA J. MRAZEK AND JEFFREY GOLDBERG:

PLEASE TAKE NOTICE that on Monday, March 21, 2011 at 3:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable A. Howard Matz, defendants Lindsey Manufacturing Company, Keith E. Lindsey, and Steve K. Lee, by and through their counsel of record, will move this Court for an order suppressing all evidence, information, and the fruits thereof, seized during an execution of a search warrant at 760 N. Georgia Avenue, Azusa, California, on November 20, 2008.

This motion is based on the accompanying Memorandum of Points and Authorities, exhibits, declarations, all files and records in this case, and any such arguments and evidence as may be presented at or before the hearing on this Motion.

DATED:  February 28, 2011          Respectfully submitted,

                                   JANET I. LEVINE
                                   CROWELL & MORING LLP

                                    /s/ Janet I. Levine_____
                                   By: JANET I. LEVINE
                                   Attorneys for Defendant
                                   Steve K. Lee

DATED: February 28, 2011           JAN L. HANDZLIK
                                   GREENBERG TRAURIG LLP

                                    /s/  Jan L. Handzlik_____
                                   By: JAN L. HANDZLIK
                                   Attorneys for Defendants
                                   Lindsey Manufacturing Company and
                                   Keith E. Lindsey

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

An affidavit in support of a search warrant must establish probable cause to find both that a crime was committed and that evidence of that crime will be found at the place to be searched.  Five buildings on the Lindsey Manufacturing Company ("LMC") and Lindsey International (collectively "Lindsey") premises were the subject of a search warrant issued November 14, 2008, and executed November 20, 2008.  *See* Exhibit A, Search Warrant for Lindsey Manufacturing & Lindsey International, dated November 14, 2008 (including Attachments A and B) ("Search Warrant"); Exhibit B, Affidavit of Agent Farrell A. Binder in Support of Search Warrant for Lindsey Manufacturing & Lindsey International, dated November 14, 2008 ("Binder Affidavit").  The warrant fails to establish either of the two required prongs: that a crime was committed and that evidence of that crime would be found at the place to be searched.  The warrant is also overbroad. Finally, the search exceeded the scope of the warrant.  For these reasons, the evidence seized in the execution of this search warrant and the fruits thereof must be suppressed.

## II.    FACTS

LMC, a family-owned company in Azusa, California, manufactures emergency power transmission systems and markets its products in over thirty countries.  LMC sells its products using sales representatives who are paid commission.  Enrique Faustino Aguilar Noriega ("Mr. Aguilar") was LMC's sales representative in Mexico.

The government has charged LMC, Keith E. Lindsey ("Dr. Lindsey"), LMC's President and majority shareholder, and Steve K. Lee ("Mr. Lee"), LMC's Chief Financial Officer, with conspiring with Mr. Aguilar (and other alleged unidentified co-conspirators) to violate the Foreign Corrupt Practices Act

("FCPA"), and with substantive FCPA violations, arising from sales to the Comisión Federal de Electricidad ("CFE") in Mexico.

### A.    Applications And Affidavits For Search Warrant

On November 14, 2008, the government applied for and obtained a search warrant to search *five* specified buildings at 760 N. Georgia Avenue, Azusa, California 91702.[1]  *See* Exhibit A, Search Warrant.

The search warrant set forth the specific statutory sections alleged to have been violated, including 18 U.S.C. §§ 371 (conspiracy), 1956 and 1957 (money laundering), and 15 U.S.C. § 78dd-1 (FCPA).  *See* Exhibit A, Search Warrant. Attachments A and B to the search warrant application describe the premises to be searched and the items to be seized.  *See* Exhibit A, Search Warrant, Attachments A and B.  The affidavit contains some background information, some law regarding the alleged offenses, descriptions of the premises to be searched and items to be seized, and the agent's rendition of the facts that "establish" probable cause.  *See* Exhibit B, Binder Affidavit.

### B.    Statement Of Probable Cause

The affidavit includes Special Agent Farrell A. Binder's ("Binder" or "the affiant") conclusion that the subject premises will contain evidence of violations of the FCPA, and the parasitic money laundering and conspiracy crimes.  In essence, Binder sets forth that CFE officials received bribes, and speculates that the Lindsey premises/buildings contain evidence of such bribery.

---

[1]    When they arrived to search, the agents actually found that there were seven buildings at the address: two of which were not mentioned in the warrant and for which the warrant did not allow a search.  The search of these two buildings is the subject of a separate Motion to Suppress (Motion to Suppress Number Two: November 20, 2008 Warrantless Search).  A third Motion (Motion to Suppress Number Three) addresses issues relating to searches of electronically stored information.  These other two suppression motions are filed concurrently with this motion.

1        To support this conclusion, the affidavit recites the "criminal" actions of a

2   third-party ("ABB") that are completely distinct and unrelated to Lindsey, and sets

3   forth purchases of luxury items and payments made by Mr. Aguilar for the purpose

4   of benefiting a CFE official.  Despite the salacious allegations, no facts connect

5   Lindsey to the alleged criminal acts.  Rather, Lindsey is alleged to have engaged in

6   business transactions with CFE and Grupo Internacional de Asesores S.A.

7   ("Grupo"), all pursuant to legitimate agreements between these parties.  Lindsey

8   made payments in this regard to the Grupo account connected to Mr. Aguilar and

9   his wife, as a result of the contracts between Lindsey and the CFE that are listed.

10   No facts suggest that Lindsey, or its employees, knew that anyone at CFE received

11   bribes for the purpose of securing CFE contracts for Lindsey.

12        The affidavit states as follows[2]:

13        On April 18, 2005, ABB Limited ("ABB"), an energy equipment company

14   based in Switzerland reported to the Securities and Exchange Commission

15   ("SEC") and the Department of Justice ("DOJ") that its subsidiary in Sugarland,

16   Texas, ABB Network Management ("ABB Sugarland"), had *possibly* paid bribes

17   to public officials at the CFE.  These bribes were *possibly* paid through three

18   intermediary companies, including a company named Sorvill International, S.A.

19   ("Sorvill").  *See* Exhibit B, Binder Affidavit, ¶ 13.  ABB is a large, global

20   company, publicly traded, with all the "bells and whistles" of a large company.

21   *See* http://www.abb.com/ (ABB website).

22        As a result, the SEC conducted an investigation into Sorvill.  The

23   "investigation" revealed that Lindsey made "large payments to Sorvill and to

24

---

25  [2]     While all "facts" are taken from the search warrant application and affidavit,

26  the "facts" are not true.  In addition, significant exculpatory information was

    omitted.  *See* Motion for *Franks* Hearing, filed concurrently with this Motion.  But,

27  for the purpose of this Motion, the government's rendition of facts is accepted as

28  true.  Even then, the "facts" do not support the issuance of the search warrant.

1    Global Financial ("Global"), a brokerage firm in Houston, Texas." *See* Exhibit B,

2    Binder Affidavit, ¶ 14.  These payments to Global were to the Grupo account.  *See*

3    Exhibit B, Binder Affidavit, ¶ 14.

4         Bank records showed that both Sorvill and Grupo were controlled by Mr.

5    Aguilar, and defendant Angela Gomez Cepeda Aguilar ("Mrs. Aguilar")

6    (collectively the "Aguilars"), "Mexican citizens who claim to be relatives of

7    Nestor Moreno Diaz" ("Mr. Moreno"), a "public official" who was Assistant

8    Director of Generation for CFE at the time Lindsey made payments to Grupo.  *See*

9    Exhibit B, Binder Affidavit, ¶ 15.

10        Sorvill's bank records list Mr. Aguilar as the Company Director, and Mrs.

11   Aguilar as one of the signatories on the Company account.  *See* Exhibit B, Binder

12   Affidavit, ¶ 19.

13        Grupo's bank records list Mrs. Aguilar as a Company Director and indicate

14   that Mr. Aguilar authorized certain account transactions.  *See* Exhibit B, Binder

15   Affidavit, ¶ 20.

16        Grupo's bank records also show that between September 2003 and May

17   2008, Lindsey paid $5,330,022.38 to Grupo.[3]  *See* Exhibit B, Binder Affidavit, ¶

18   51.

19        Binder then opines that from this there is probable cause to believe that Mr.

20   Aguilar, Mrs. Aguilar, and Cesar Moreno "used $2,262,301 of that money (the

21   payments to Grupo)" for the benefit of Mr. Moreno.  *See* Exhibit B, Binder

22   Affidavit, ¶ 51.  Supporting this conclusion, Binder also states that at the same time

23   Lindsey's payments to Grupo were benefiting Mr. Moreno, "CFE Mexico, where

24

25

26   [3]     The affidavit also states that Lindsey made "large payments" to Sorvill, *see*
     Exhibit B, Binder Affidavit, ¶¶ 14, 18(e)-(f).  Understandably, it contains no details
27   about the Sorvill payments.  As is shown in the Motion for *Franks* Hearing, this
     was false.  Lindsey made *no* payments to Sorvill.
28

     NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE
                                    5

1    [Mr. Moreno] was acting as a foreign official, awarded Lindsey nineteen (19)

2    government contracts."[4]  *See* Exhibit B, Binder Affidavit, ¶ 51.

3    **III.   ARGUMENT**

4          Binder's affidavit does not establish probable cause to believe that any crime

5    was committed, a basic necessity for the issuance of a search warrant.  But even

6    assuming for purposes of argument that some probable cause is established, the

7    search warrant authorizes seizure of items for which absolutely no probable cause

8    is established (an overbroad search).  And, the government's search exceeded that

9    authorized by the warrant.[5]

10

11

12

13   _____

14   [4]      The balance of the affidavit addresses the gifts allegedly given by the
15   Aguilars to Nestor Moreno, Lindsey's payments to Grupo, and the CFE contracts
16   awarded to Lindsey.  *See* Exhibit B, Binder Affidavit, ¶¶ 27-43.

17   [5]      Dr. Lindsey has standing to challenge the search:  he is the President of
     LMC, a member of the board of directors for LMC, he owns 86-percent of the
18   company's stock and the property where LMC is located in trust with his wife, and
     he has the authority to grant, deny, or restrict entry of guests to the Azusa office
19   complex.  *See* Declaration of Keith E. Lindsey at ¶¶ 3-5.  *Cf. United States v.*
20   *Gonzalez, Inc.*, 412 F.3d 1102, 1116-17 (9th Cir. 2005) (finding that
     officers/owners of a small family run business had standing to challenge the
21   contents of all conversations captured by a wiretap at the company's main office).
     LMC also has standing to challenge this warrantless search.  *See United States v.*
22   *Leary*, 846 F.2d 592, 596 (10th Cir. 1988) (stating that a "corporate defendant has
23   standing with respect to searches of corporate premises and seizure of corporate
     records") (internal citation and quotations omitted).  Mr. Lee has standing to
24   challenge the search of his office, storage areas, and work space.  *See Mancusi v.*
25   *DeForte*, 392 U.S. 364, 369 (1968) (stating that "[i]t has long been settled that one
     has standing to object to a search of his office, as well as of his home").  Mr. Lee
26   had a right to control those who entered his office, his storage areas, and his work
27   space.  *See* Declaration of Steve K. Lee at ¶¶ 3-6; *Mancusi*, 392 U.S. at 369.

28

NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE
6

A.   <u>The Search Warrant Affidavit Fails To Establish Probable Cause That Any Crime Was Committed</u>

A search warrant must establish probable cause that a crime has been committed and that evidence of that crime will be present at the premises to be searched.  *See* Fed. R. Crim. P. 41(d)(1); *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  The examination of whether probable cause exists is limited to the four corners of the affidavit.  *United States v. Luong*, 470 F.3d 898, 904-05 (9th Cir. 2006) ("[t]his Court has repeatedly held that '[a]ll data necessary to show probable cause for the issuance of a search warrant must be contained within the four corners of a written affidavit given under oath'") (quoting *United States v. Gourde*, 440 F.3d 1065, 1067 (9th Cir. 2006) (en banc)).  This affidavit lacks facts that establish that any crime was committed.

The warrant claims that an FCPA violation was committed – but it fails to provide proof of several elements of the FCPA – and, thus, the FCPA violation is not established.  It ignores that to violate the FCPA, there must be a "knowing" and "corrupt" intent by a *domestic concern*, or *employee* or *agent* thereof, to bribe a foreign official, to obtain or retain business.[6]

Lindsey is the only "domestic concern" described in the affidavit.  *See* Exhibit B, Binder Affidavit, ¶ 23 (Lindsey "qualifies as a 'domestic concern' under the FCPA.").  But no facts show that Lindsey, Dr. Lindsey, Mr. Lee, or *any*

---

[6]      The elements of a violation of 15 U.S.C. § 78dd-2(a) are: (1) a domestic concern, (2) that made use of a means or instrumentality of interstate commerce, (3) corruptly, (4) in furtherance of an offer or payment of anything of value to any person, (5) while knowing that the money would be offered or given directly or indirectly to any foreign official, (6) for purposes of influencing any act or decision of such foreign official in his official capacity.  *See United States v. Jefferson*, 594 F. Supp. 2d 655, 667-68 (E.D. Va. 2009) (citing *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt Int'l. B.V. v. Schreiber*, 327 F.3d 173, 179-80 (2d Cir. 2003)).

1    Lindsey employee or agent, corruptly authorized payments to the Grupo account,

2    "knowing" that the money would be offered or given directly or indirectly to any

3    foreign official.

4           The only thing that seems to be established by the affidavit is that money

5    Lindsey paid to Grupo was used by the Aguilars to benefit Nestor Moreno.[7]  No

6    facts establish probable cause for Lindsey's knowledge or corrupt intent; no facts

7    establish probable cause for anything more than just a payment by Lindsey to the

8    Aguilars' company, and a later use of funds by the Aguilars.  And the facts in the

9    affidavit do show that Lindsey is a legitimate business.

10          As a substitute for relevant facts concerning Lindsey, Binder discusses the

11   completely inapposite ABB Sugarland investigation.  Binder's affidavit states that

12   Lindsey made several payments to Grupo, a company affiliated with Mr. and Mrs.

13   Aguilar, *see* Exhibit B, Binder Affidavit, ¶¶ 18(f), 20, and that Lindsey made

14   payments to Sorvill, a company also affiliated with Mr. and Mrs. Aguilar.  *See*

15   Exhibit B, Binder Affidavit, ¶¶ 18(e), 19.

16          Binder then opines that because Lindsey supposedly paid Sorvill, (a

17   company associated with *possible* bribe payments on behalf of ABB Sugarland)

18   Lindsey's payments to the Grupo account must also be bribes intended to obtain

19   business with CFE.  This sheer speculation and guilt by association – lacking any

20   factual basis – is not a substitute for probable cause.  *United States v. Lopez*, 482

21   F.3d 1067, 1074 (9th Cir. 2007) ("It is well established that a person's mere

22   presence or 'mere propinquity to … criminal activity does not, without more, give

23   rise to probable cause.'" (quoting *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979)).  *But*

24   *see supra*, footnote 3 (no payment made to Sorvill).

25

26   _____

27   [7]      In fact, this is not accurate because Agent Binder had no proof Lindsey

28   money was used in this fashion.  *See supra*, footnote 3, and the *Franks* motion,
     filed concurrently.

1    Lindsey is the only domestic concern alleged in the affidavit.  Without facts

2    that Lindsey or one of its employees or agents acted knowingly and corruptly,

3    Lindsey's payments to Grupo were not *criminal* acts.  And without Lindsey's

4    involvement as a domestic concern, anything the Aguilars did is not an FCPA

5    crime.  And, thus, there is no basis for this warrant.

6        B.    There Is No Probable Cause To Search Lindsey

7        The affidavit does not establish that evidence of a crime would be found at

8    Lindsey.  All Lindsey did was get contracts with CFE and pay a sales

9    representative after it was paid by CFE.  That is not probable cause to search

10   Lindsey.  Indeed, of the nineteen contracts Lindsey was supposedly awarded as a

11   result of illegal payments to Mr. Moreno, ten were awarded in the two years before

12   August 3, 2006.  *See* Exhibit B, Binder Affidavit, ¶¶ 43(a)-(e); (g)-(k).

13   Significantly, the first allegedly "corrupt payment" made by the Aguilars on behalf

14   of Mr. Moreno was on August 28, 2006.  *See* Exhibit B, Binder Affidavit, ¶ 34(a).

15       C.    The Warrant Authorizes Seizure Of Items For Which There Is No

16             Probable Cause

17       The warrant is overbroad and allows seizure of items for which there is no

18   probable cause.  For example, at the end of a request seeking "business records"

19   relating to CFE, Sorvill, Global, Asset Management Plus, Mr. and Mrs. Aguilar,

20   Mr. Moreno, Grupo, Cesar Moreno, and/or any agents or employees of these

21   "subject persons and/[or]entities," the warrant then adds an unusual and overly

22   broad request for "other documents relating to or reflecting the operation of a

23   business involved in contracting with foreign governmental entities or with

24   intermediaries."  *See* Exhibit A, Search Warrant, Attachment B, ¶ 1(a); Exhibit B,

25   Binder Affidavit, ¶ 50(a).

26       While the first part of this request is limited to "business records" relating to

27   the "subject persons and/[or]entities," the "catch-all" request contains no such

28   limitation.  *See* Exhibit A, Search Warrant, Attachment B, ¶ 1(a); Exhibit B,

NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE

9

Binder Affidavit, ¶ 50(a).  Essentially, this request subjects every Lindsey document to seizure as numerous Lindsey's customers are potentially "foreign governmental entities."[8]  Also, Lindsey sells its products, even in the United States, through sales representative "intermediaries."  In fact, that is just what the agents seized – virtually every paper and transaction document and device containing electronically stored information at Lindsey.  *See* Declaration of Janet I. Levine at ¶¶ 2-4.  And the affidavit fails to establish probable cause showing how this "catch-all" request relates to one of the crimes alleged in the warrant.  Unless the affidavit showed probable cause to believe Lindsey was permeated with FCPA violations, these general seizures were not allowed.  *See United States v. Kow*, 58 F.3d 423, 427 (9th Cir. 1995) (stating that a general "seizure of business documents may be justified if the government establishes probable cause to believe that . . . all of the business's records are likely to evidence criminal activity.") (citation omitted).  It did not, and all documents seized under this request that do not relate to one of the "subject persons and/[or] entities" must be suppressed.[9]

> D.  The Government Seized Items Beyond The Scope Of The Search Warrant

If this "catch-all" request is limited to the "subject persons and/[or] entities," then the agents seized documents outside the scope of the warrant.

Law enforcement officials are only authorized to seize the documents detailed in the warrant.  *See Crozier*, 777 F.3d at 1381 ("search must be limited to

---

[8]      This phrase itself is vague.  What is a governmental entity?  *See* Motion to Dismiss (filed concurrently).

[9]      This request also leaves the seizure of documents to the discretion of the executing officer – something else which is not allowed.  *See United States v. Crozier*, 777 F.2d 1376, 1381 (9th Cir. 1985).  Attached hereto as Exhibit D is a List of Items Seized Without Probable Cause and/or Beyond the Scope of the Warrant.

the terms of the warrant") (citation omitted).  Here, agents executing this warrant went well beyond the items listed in Attachment B, reviewing and seizing materials for entities such as "Maquinaria Unida" and "Exim Forwarding," and sales to countries other than Mexico.  *See* Exhibit C, Receipts for Property Seized by the United States Department of Justice, Federal Bureau of Investigation; Exhibit D, List of Items Seized Without Probable Cause and/or Beyond the Scope of the Warrant.[10]  All materials falling outside of the documents listed in Attachment B must be suppressed.

E.      *Leon*'s Good Faith Exception Does Not Apply

*United States v. Leon* established a "good faith" exception to the exclusionary rule.  468 U.S. 897 (1984).  In *Leon*, the Supreme Court held that the exclusionary rule does not apply when officers acted with "objectively reasonable reliance" on a search warrant that is later found invalid.  *Id.* at 922.  When, however, an affidavit is "*so lacking in indicia of probable cause*," reliance on the warrant cannot be considered "objectively reasonable," and the good faith exception cannot apply.  *Id.* at 923 (internal citation and quotations omitted) (emphasis added); *Luong*, 470 F.3d at 905 (finding that since the affidavit contained no appreciable indicia of probable cause the good faith exception did not apply).  And, it does not apply to seizures outside the scope.

The government bears the burden of proving that the good faith exception applies.  *See United States v. Michaelian*, 803 F.2d 1042, 1048 (9th Cir. 1986).  An affidavit, such as this one, lacking in proof of the elements, is certainly not one for

---

[10]     For Exhibit C, Receipts for Property Seized by the United States Department of Justice, Federal Bureau of Investigation, see specifically the highlighted items.  After the searches were completed, the agents obtained a "follow on" warrant later, seeking after-the-fact authorization to seize these items.  *See* Exhibit E, FBI 302 Report of Search of Lindsey on November 20, 2008, dated November 21, 2008 ("302 Report").

1  which there can be objective reliance.  Given that Binder's affidavit is so lacking in

2  probable cause, reliance on it cannot be objectively reasonable; *Leon*'s good faith

3  exception does not apply, and the government will not be able to bear its burden to

4  prove otherwise.

5  **IV.    <u>CONCLUSION</u>**

6          For the foregoing reasons, LMC, Dr. Lindsey, and Mr. Lee respectfully

7  request an order suppressing all evidence seized during the unlawful search of

8  LMC and all fruits thereof.  *See Wong Sun v. United States*, 371 U.S. 471 (1963).

9

10  DATED:  February 28, 2011          Respectfully submitted,

11                                     JANET I. LEVINE
12                                     CROWELL & MORING LLP

13                                       __/s/ Janet I. Levine_____
14                                     By: JANET I. LEVINE
15                                     Attorneys for Defendant
                                       Steve K. Lee
16
17  DATED: February 28, 2011           JAN L. HANDZLIK
                                       GREENBERG TRAURIG LLP
18

19                                       __/s/  Jan L. Handzlik_____
20                                     By: JAN L. HANDZLIK
21                                     Attorneys for Defendants
                                       Lindsey Manufacturing Company and
22                                     Keith E. Lindsey

23

24

25

26

27

28

## DECLARATION OF JANET I. LEVINE

I, Janet I. Levine, declare:

1.      I am a lawyer duly admitted to practice law before this court and in California.  I am counsel of record for Steve K. Lee in this case.  I have personal and first-hand knowledge of the facts set forth in this Declaration, unless otherwise stated, and, if called as a witness, I could and would testify competently to those facts.

2.      I have reviewed the discovery produced by the government in this case regarding the search of Lindsey Manufacturing Company on November 20, 2008. I have also reviewed, or have had others in my office review, the documents seized during this search.

3.      After reviewing these materials, we have identified documents that were either seized without probable cause or were beyond the scope of the warrant. Attached hereto as Exhibit D is a list of these documents.

4.      We have also identified similar items (seized without probable cause or beyond the scope of the warrant) listed on the Receipts for Property Seized by the United States Department of Justice, Federal Bureau of Investigation.  These receipts have been attached hereto as Exhibit C; the items at issue have been highlighted.


I declare under the penalties of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 28th day of February 2011, at Los Angeles, California.


 /s/Janet I. Levine_____
JANET I. LEVINE

## DECLARATION OF KEITH E. LINDSEY

I, Keith E. Lindsey, declare:

1.      I am a defendant in this case.  Unless otherwise stated, I have personal and first-hand knowledge of the facts set forth in this Declaration, and, if called as a witness, I could and would testify competently to those facts.

2.      This declaration is written in support of a motion to suppress evidence and is not an admission of guilt.  *See Simmons v. United States*, 390 U.S. 377, 389-94 (1968).

3.      On November 20, 2008, I was the President of Lindsey Manufacturing Company ("LMC") and Lindsey International ("LI"), and a member of the board of directors for LMC.  In these roles, I am involved in the daily business activities of these two companies.

4.      On November 20, 2008, my wife, Lela Lindsey, and I owned 86% of the stock of LMC and LI in a family trust.  We also owned the property at 760 N. Georgia Avenue, Azusa, California 91702, where LMC and LI are located.

5.      On November 20, 2008, I had the authority to grant, deny, or restrict entry of guests and others to 760 N. Georgia Avenue.


I declare under the penalties of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 28th day of February 2011, at Los Angeles, California.


 /s/ Keith E. Lindsey (original on file)
KEITH E. LINDSEY

## **DECLARATION OF STEVE K. LEE**

I, Steve K. Lee, declare:

1.      I am a defendant in this case.  I have personal and first-hand knowledge of the facts set forth in this Declaration, unless otherwise stated, and, if called as a witness, I could and would testify competently to those facts.

2.      This declaration is written in support of a motion to suppress evidence and is not an admission of guilt.  *See Simmons v. United States*, 390 U.S. 377, 389-94 (1968).

3.      On November 20, 2008, I was the Chief Financial Officer of Lindsey Manufacturing Company ("LMC").  I have worked at LMC since 1981.

4.      I have had my own private office at LMC since before 2002.

5.      I spend a majority of my work day in my office.  I lock the door when I leave daily.

6.      The majority, but not all, of my working files are located in my office, or stored electronically.  I have files elsewhere in which I have a privacy interest.


I declare under the penalties of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 28th day of February 2011, at Los Angeles, California.


/s/ Steve K. Lee (original on file)____
STEVE K. LEE

15

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, at Crowell & Moring LLP at 515 S. Flower Street, 40th Floor, Los Angeles, California  90071. I am over the age of 18 and not a party to the within action.

On **February 28, 2011**, I served the foregoing document described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE SEIZED IN NOVEMBER 20, 2008 SEARCH (SUPPRESSION MOTION ONE: NOVEMBER 14, 2008 SEARCH WARRANT); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS; EXHIBITS; [PROPOSED] ORDER (FILED UNDER SEPARATE COVER)** on the parties in this action by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following:

Douglas M. Miller (Assistant United States Attorney)
Email: doug.miller@usdoj.gov

Nicola J. Mrazek (United States Department of Justice Senior Trial Attorney)
Email: nicola.mrazek@usdoj.gov

Jeffrey Goldberg (United States Department of Justice Senior Trial Attorney)
Email: jeffrey.goldberg2@ usdoj.gov

Jan L. Handzlik (Attorney for Defendants Lindsey Manufacturing Company and Keith E. Lindsey)
Email: handzlikj@gtlaw.com
Email: hayesm@gtlaw.com

Stephen G. Larson (Attorney for Defendant Angela Maria Gomez Aguilar)
Email: slarson@girardikeese.com
Email: mweber@girardikeese.com

1    I declare under penalty of perjury under the laws of the State of California

2  that the above is true and correct.

3    Executed on **February 28, 2011**, at Los Angeles, California.

4

5                   /s/Kristen Savage Garcia

6                  KRISTEN SAVAGE GARCIA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28