JANET I. LEVINE (State Bar No. 94255)
MARTINIQUE E. BUSINO (STATE BAR NO. 270795)
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California  90071-2258
Phone:  (213) 622-4750
Fax:  (213) 622-2690
EMAIL: jlevine@crowell.com
EMAIL: mbusino@crowell.com

Attorneys for Defendant
Steve K. Lee

JAN L. HANDZLIK (STATE BAR NO. 47959)
THOMAS H. GODWIN (STATE BAR NO. 255384)
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, Ca 90404
Phone: (310) 586-6542
Fax: (310) 586-0542
EMAIL: handzlikj@gtlaw.com
EMAIL: godwin@gtlaw.com

Attorneys for Defendants Lindsey Manufacturing
Company and Keith E. Lindsey

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>ENRIQUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE,<br><br>                Defendants. | CASE NO. CR 10-1031(A)-AHM<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE OBTAINED IN SEARCHES AND SEIZURES OF DIGITAL DEVICES AND DATA (SUPPRESSION MOTION THREE: ELECTRONICALLY STORED INFORMATION); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS; EXHIBITS; [PROPOSED] ORDER (FILED UNDER SEPARATE COVER)**<br><br>Date: March 21, 2011<br>Time: 3:00 p.m.<br>Place: Courtroom 14 |

# **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES...................................................................ii

INDEX OF EXHIBITS .......................................................................iii

MEMORANDUM OF POINTS AND AUTHORITIES.......................................2

I.      INTRODUCTION ....................................................................2

II.     STATEMENT OF FACTS.........................................................3

III.    ESI IS SUBJECT TO THE FOURTH AMENDMENT ............................8

IV.     THE SEARCHES HERE VIOLATED THE

        FOURTH AMENDMENT .........................................................9

        A.     The General Search Of ESI.............................................10

        B.     The Warrantless Search Of ESI In Buildings 6 And 7 ..................10

        C.     The Failure To Comply With The Orders In The

               November 14, 2008 And/Or November 20, 2008 Warrants...........11

V.      CONCLUSION .....................................................................12

DECLARATION OF JANET I. LEVINE...............................................13

DECLARATION OF KEITH E. LINDSEY ..............................................16

DECLARATION OF STEVE K. LEE ....................................................17

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Mancusi v. DeForte,*
  392 U.S. 364 (1968) ......................................................................... 2

*United States v. Comprehensive Drug Testing, Inc.,*
  621 F.3d 1162 (9th Cir. 2010) (en banc and per curiam) ..................... 2, 7, 8, 9

*United States v. Comprehensive Drug Testing, Inc.*
  579 F.3d 989 (9th Cir. 2009) (en banc) ................................................ 7

*United States v. Crozier,*
  777 F.2d 1376 (9th Cir. 1985) ............................................................. 8

*United States v. Gonzalez, Inc.,*
  412 F.3d 1102 (9th Cir. 2005) ............................................................. 2

*United States v. Leary,*
  846 F.2d 592 (10th Cir. 1988) ............................................................. 2

*United States v. Luong,*
  470 F.3d 898 (9th Cir. 2006) ............................................................... 8

*United States v. Murphy,*
  516 F.3d 1117 (9th Cir. 2008) ............................................................. 11

*United States v. Tamura,*
  694 F.2d 591 (9th Cir. 1982) ......................................................... 8, 9, 10

**OTHER AUTHORITIES**

U.S. CONST. amend. IV ........................................................................... 8

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | Search Warrant for Lindsey Manufacturing & Lindsey International, dated November 14, 2008 (including Attachments A and B) |
| B | Affidavit of Agent Farrell A. Binder in Support of Search Warrant for Lindsey Manufacturing & Lindsey International, dated November 14, 2008 |
| C | Federal Bureau of Investigation ("FBI") 302 Report of Search of Lindsey on November 20, 2008, dated November 21, 2008 |
| D | Receipts for Property Seized by the FBI |
| E | Agent Notes of Search of Building 6, dated November 20, 2008 |
| F | Agent Notes of Search of Building 7, dated November 20, 2008 |
| G | Email from Janet I. Levine to Assistant United States Attorney Douglas M. Miller, and DOJ Senior Trial Attorneys Nicola J. Mrazek and Jeffrey Goldberg, dated January 29, 2011 |
| H | Letter from DOJ Senior Trial Attorney Jeffrey Goldberg to Janet I. Levine, Jan L. Handzlik, and Stephen G. Larson, dated February 1, 2011 |
| I | Search Warrant for Lindsey Manufacturing & Lindsey International, dated November 20, 2008 (including Attachments A and B) |
| J | Affidavit of Agent Farrell A. Binder in Support of Nov. 20th SW, dated November 20, 2008 |

1

## **INDEX OF EXHIBITS (continued)**

2

3

| **Exhibit** | **Description** |
|---|---|
| K | Search Warrant for Digital Devices Seized on November 20, 2008 from Lindsey Manufacturing & Lindsey International, dated August 20, 2010 (including Attachments A and B) |
| L | Affidavit of Agent Farrell A. Binder in Support of Aug. 20th SW, dated August 20, 2008 |
| M | FBI 302 Report of Interview of Steve K. Lee on November 20, 2008, dated November 30, 2008 |
| N | FBI 302 Report of Interview of Keith E. Lindsey on November 20, 2008, dated December 3, 2008 |
| O | "Consent to search" for Buildings 6 and 7, dated November 20, 2008 |
| P | Agent Notes of Search of Building 2, dated November 20, 2008 |
| Q | Orders obtained after August 2010, permitting continued seizure of various digital devices |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       TO: UNITED STATES ATTORNEY ANDRÉ BIROTTE JR., ASSISTANT

2   UNITED STATES ATTORNEY DOUGLAS M. MILLER, AND UNITED

3   STATES DEPARTMENT OF JUSTICE SENIOR TRIAL ATTORNEYS

4   NICOLA J. MRAZEK AND JEFFREY GOLDBERG:

5       PLEASE TAKE NOTICE that on Monday, March 21, 2011, at 3:00 p.m., or

6   as soon thereafter as the matter may be heard, in the Courtroom of the Honorable

7   A. Howard Matz, defendants Lindsey Manufacturing Company ("LMC"), Keith E.

8   Lindsey ("Dr. Lindsey"), and Steve K. Lee ("Mr. Lee"), by and through their

9   counsel of record, will move this Court to suppress all evidence obtained in the

10  searches and seizures of digital devices and data (electronically stored information)

11  that began with the search of Lindsey Manufacturing Company on November 20,

12  2008, and continued thereafter until at least December 2010.  This motion is based

13  on the accompanying Memorandum of Points and Authorities, declarations of

14  Janet I. Levine, Keith E. Lindsey, and Steve K. Lee, exhibits, all files and records

15  in this case, and all matter that may be later adduced.

16  DATED:  February 28, 2011    Respectfully submitted,

17

18                  JANET I. LEVINE
                CROWELL & MORING LLP

19                  By: /s/ Janet I. Levine_____

20                  JANET I. LEVINE
                Attorneys for Defendant

21                  Steve K. Lee

22

23  DATED:  February 28, 2011    Respectfully submitted,

24                  JAN L. HANDZLIK

25                  GREENBERG TRAURIG LLP

26                  By: /s/  Jan L. Handzlik_____

27                  Attorneys for Defendants
                Lindsey Manufacturing Company and

28                  Keith E. Lindsey

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## INTRODUCTION

4      Electronically Stored Information ("ESI")[1] is often found on devices such as

5   computers, thumb drives, servers, and personal digital assistants that comingle vast

6   amounts of unrelated information.  ESI poses unique searching difficulties,

7   especially for searches conducted during execution of a search warrant.  Despite

8   those difficulties, the Fourth Amendment applies fully to searches of ESI.  *See*

9   *generally United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th

10  Cir. 2010) (en banc and per curiam).  As set forth herein, the ESI searches in this

11  case were conducted outside the constraints of the Fourth Amendment and outside

12  the procedures set forth in the initial search warrant.  Because of that, evidence

13  obtained in these ESI searches, and all fruits thereof, must be suppressed.[2]

14  ///

15

16

---

17  [1]      The term "Electronically Stored Information" is used to describe data seized

18  from digital devices, digital data storage devices, and digital data.

19  [2]      LMC and Dr. Lindsey have standing to challenge the searches of ESI in this

20  case:  Dr. Lindsey is the President of LMC, a member of the board of directors of
    LMC, and, along with his wife, owner of 86-percent of the company's stock and
    the real property where LMC is located; and he has the authority to grant, deny, or

21  restrict entry of guests to the Azusa office complex.  *See* Declaration of Keith E.
    Lindsey at ¶¶ 3-5.  *See United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1116-17

22  (9th Cir. 2005) (finding that officers/owners of a small family run business have
    standing to challenge the contents of all conversations captured by a wiretap at the

23  company's main office).  Regarding LMC, it also has standing to challenge this
    warrantless search.  *See United States v. Leary*, 846 F.2d 592, 596 (10th Cir. 1988)

24  (stating that a "corporate defendant has standing with respect to searches of
    corporate premises and seizure of corporate records") (internal citation and

25  quotations omitted).  Mr. Lee has standing to challenge the search of the digital
    data seized from his office and from digital devices in which he has a privacy

26  interest.  *See Mancusi v. DeForte*, 392 U.S. 364, 369 (1968) (stating that "[i]t has
    long been settled that one has standing to object to a search of his office, as well as

27  of his home").  Mr. Lee had a right to control those who entered his office, his
    storage areas, his electronic data, and his work space.  *See* Declaration of Steve K.

28  Lee at ¶¶ 3-6; *Mancusi*, 392 U.S. at 369.

## II.

## STATEMENT OF FACTS

On November 14, 2008, the government applied for and obtained a warrant to search Buildings 1 through 5[3] at Lindsey Manufacturing Company and Lindsey International (collectively "Lindsey").  *See* Exhibit A, Search Warrant for Lindsey Manufacturing & Lindsey International, dated November 14, 2008 (including Attachments A and B) ("Nov. 14th SW"); Exhibit B, Affidavit of Agent Farrell A. Binder in Support of Nov. 14th SW, dated November 14, 2008 ("Nov. 14th Binder Affidavit").

The warrant directed the searching officers to seize "business records" relating to: Comisión Federal de Electricidad, Sorvill International, S.A., Global Financial, Asset Management Plus, Enrique Faustino Aguilar Noriega, Angela Gomez Cepeda Aguilar, Nestor Moreno Diaz, Grupo Internacional De Asesores S.A., Cesar Moreno, and/or any agent or employee of any of the above (collectively referred to as the "Subject Persons And/Or Entities").  *See* Exhibit A, Nov. 14th SW, Attachment B, ¶ 1(a).

With reference to ESI, (described as "digital data" in the search warrant), the warrant stated, in pertinent part:  "In searching the digital device or data image [ ], the computer personnel may examine *all of the data* contained in the digital device or data image to view their precise contents . . . ."  *See* Exhibit A, Nov. 14th SW, Attachment B, ¶ 4(v) (emphasis added).  As set forth below, this overbroad command runs afoul of the Fourth Amendment.

---

[3]     The building numbers were attached to the buildings by the author of the search warrant.  As is evidenced in the later search warrant that issued in the late afternoon of November 20, 2008, there were at least two buildings at Lindsey (Buildings 6 and 7) for which a search was not authorized by the Nov. 14th SW. *See infra* at 5.

1   Only one, two-page report and a few pages of handwritten notes of the

2   search have been produced.  *See* Exhibit C, Federal Bureau of Investigation

3   ("FBI") 302 Report of Search of Lindsey on November 20, 2008, dated November

4   21, 2008 ("302 Report").  An unknown number – but at least 19 – federal law

5   enforcement agents arrived at Lindsey on November 20, 2008, to search the

6   premises and to interrogate Dr. Lindsey and Mr. Lee.  *See* Declaration of Janet I.

7   Levine ("Levine Decl.") at ¶ 7.  Nothing in the reports indicates the exact time of

8   arrival, but it was clearly before 7:30 a.m.  *See* Levine Decl. at ¶ 6.  Agents

9   immediately cleared the buildings of all of the employees.  As the inventory

10  reveals, ESI was reviewed and seized in the searches conducted that day.  *See*

11  Exhibit D, Receipts for Property Seized by the FBI ("Property Receipts").[4]

12  As soon as they arrived and began to clear the premises, agents found two

13  buildings – which are referenced as Buildings 6 and 7 – for which they had no

14  warrant to search.  Despite the lack of a search warrant for these buildings, the

15  agents ordered employees out of Buildings 6 and 7, and started searching the

16  buildings and the computers in those buildings.  Building 6 was searched from at

17  least 9:55 a.m. to 1:30 p.m.; the computers were searched by three agents:  Susan

18  Guernsey (case agent), John Davis, and Clint Wilmsen.  *See* Exhibit E, Agent

19  Notes of Search of Building 6, dated November 20, 2008; Exhibit C, 302 Report,

20  p. 1.  Similarly, Building 7 was searched from at least 9:45 a.m. to 1:30 p.m.:  the

21  same three agents that searched the computers in Building 6 also searched the

22  computers in Building 7.  *See* Exhibit F, Agent Notes of Search of Building 7,

23  dated November 20, 2008; Exhibit C, 302 Report, p. 2.

24  No report establishes what was seized, observed, or discovered in the search

25  of any particular place or any particular digital device.  The inventory of seized

26  property gives no guidance to what ESI was discovered in any specific place.

27  _____

28  [4]   For Exhibit D, Property Receipts, see specifically the highlighted items.

MOTION TO SUPPRESS EVIDENCE OF ELECTRONICALLY STORED INFORMATION
4

There is one two-page report, three pages of notes, and an inventory, but nothing else.  Requests to the government for further information regarding what was taken from where and by whom has yielded nothing.  *See* Exhibit G, Email from Janet I. Levine to Assistant United States Attorney Douglas M. Miller, and DOJ Senior Trial Attorneys Nicola J. Mrazek and Jeffrey Goldberg, dated January 29, 2011 ("Jan. 29, 2011 email"); Exhibit H, Letter from DOJ Senior Trial Attorney Jeffrey Goldberg to Janet I. Levine, Jan L. Handzlik, and Stephen G. Larson, dated February 1, 2011 ("Feb. 1, 2011 letter"); Levine Decl. at ¶¶ 3-5.

At 4:55 p.m. on November 20, 2008, hours after the searches of Buildings 6 and 7 were complete, and the computers located therein were searched and imaged, the agents obtained a warrant to search Buildings 6 and 7.  *See* Exhibit I, Search Warrant for Lindsey Manufacturing & Lindsey International, dated November 20, 2008 (including Attachments A and B) ("Nov. 20th SW"); Exhibit J, Affidavit of Agent Farrell A. Binder in Support of Nov. 20th SW, dated November 20, 2008 ("Nov. 20th Binder Affidavit").

The search warrant obtained later in the day on November 20, 2008, also added to the subject persons and/or entities in the November 14, 2008, search warrant, three entities that had not been on the November 14, 2008, search warrant: (1) Maquinaria Unida SA de CV, (2) Energia Electrica Economica SA de CV, and (3) Exim Forwarding, Incorporated.  *See*, *e.g.*, Exhibit I, Nov. 20th SW, Attachment B, p. 43, ¶ 1(a).  The information that led to adding these entities had been obtained earlier.  It is not known whether the information to add these entities was obtained in the ESI searches, or the warrantless searches of Buildings 6 and 7.[5]

---

[5]     This is information uniquely in the possession of the government, as they removed LMC employees from the buildings during the searches.  Given the scant notes (three pages) and reports (one two-page report), it is impossible to really know what was seized, from where, by whom, and when.

ESI was seized in the searches of Buildings 1 through 7; most of the computers were imaged. *See* Exhibit D, Property Receipts; Exhibit K, Search Warrant for Digital Devices Seized on November 20, 2008 from Lindsey Manufacturing & Lindsey International, dated August 20, 2010 (including Attachments A and B) ("Aug. 20th SW"); Exhibit L, Affidavit of Agent Farrell A. Binder in Support of Aug. 20th SW, dated August 20, 2008 ("Aug. 20th Binder Affidavit").

The search warrant in this case provides that if a digital device or digital data was seized:

> after conducting such an initial search, the case agents determine that the digital device or data image contains data falling within the list of items to be seized pursuant to this warrant, the government will either (1) return the digital device, keeping a data image for further analysis, provided that, prior to such return, the owner and user(s) of the digital device stipulate individually and in writing to the authenticity and accuracy of the data image or (2) seek an order of the Court allowing the government to retain the original digital device for further analysis. If the digital device or data image does not contain any data falling within the list of items to be seized pursuant to this warrant, the government will return the digital device or delete the data image. If the government needs additional time to determine whether the digital device or data image contains any data falling within the list of items to be seized pursuant to this warrant, it may seek an extension of the time period from the Court within the original sixty day period from the date of execution of the warrant.

*See* Exhibit A, Nov. 14th SW, Attachment B, ¶ 4(vi).[6]

The agents have kept the ESI since the November 20, 2008, search. Until August 20, 2010, almost two years after the search, no order was obtained (at least none the government has provided to counsel) allowing this lengthy seizure of ESI.

---

[6] While the November 20, 2008, search warrant and related affidavit do not contain similar language, these requirements were incorporated by reference. *See* Exhibit J, Nov. 20th Binder Affidavit, p. 10, ¶ 12.

MOTION TO SUPPRESS EVIDENCE OF ELECTRONICALLY STORED INFORMATION

6

1   Neither Mr. Lee nor Dr. Lindsey stipulated to the data images' authenticity and

2   accuracy.  *See* Declaration of Keith E. Lindsey ("Lindsey Decl.") at ¶ 6;

3   Declaration of Steve K. Lee ("Lee Decl.") at ¶ 7.

4          On August 26, 2009, an en banc panel of the Ninth Circuit decided *United*

5   *States v. Comprehensive Drug Testing, Inc.*  579 F.3d 989 (9th Cir. 2009) (en

6   banc).  The decision was amended/reissued in 2010.  *United States v.*

7   *Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010) (en banc and per

8   curiam).

9          On August 20, 2010, a year after the first en banc *Comprehensive Drug*

10  *Testing* case was decided (two years after the searches and just after the arrest of

11  Angela Aguilar, but shortly before the indictments here), the agents sought a

12  search warrant permitting – through a "filter team" – the search of the ESI seized

13  two years earlier.[7]  *See* Exhibit K, Aug. 20th SW; Exhibit L, Aug. 20th Binder

14  Affidavit.

15         The August 2010 search warrant does not disclose details of any searches

16  that were done of the ESI in the two years preceding the 2010 search warrant.[8]  It

17  only states that, on August 26, 2009, "before [the case agent] had conducted a

18  *complete* search of the [ESI]," the Ninth Circuit's decision in *Comprehensive Drug*

19  *Testing* was issued.  *See* Exhibit L, Aug. 20th Binder Affidavit, pp. 24-25, ¶ 28

20  (emphasis added).  Nothing is known about when, how, or who searched the ESI

21  _____

22  [7]     For a description of the "filter team" process, *see* Exhibit K, Aug 20th SW,

23  Attachment B, pp. 32-37, ¶ 5(a)-(j).

24  [8]     The 2010 search warrant seeks authority to search 15 subject items that were
     seized on November 20, 2008.  The November 14, 2008, search warrant

25  (incorporated by reference in the November 20, 2008, search warrant), indicates
     that, if the government will keep any such items or a data image over 60 days, it

26  was to obtain court permission or the user's written stipulation as to the
     authenticity and accuracy of the data image.  *See* Exhibit A, Nov. 14th SW,

27  Attachment B, ¶ 4(vi).  It did not do so.

28

MOTION TO SUPPRESS EVIDENCE OF ELECTRONICALLY STORED INFORMATION

7

1  between August 2009 and August 2010.  And nothing is known specifically about

2  the November 2008 to August 2009 searches.

3  ## III.

4  ## ESI IS SUBJECT TO THE FOURTH AMENDMENT

5       A search warrant must specifically set forth the place(s) to be searched and

6  the item(s) to be seized.  U.S. CONST. amend. IV.  The search warrant must be

7  supported by an affidavit setting forth probable cause to justify each search and

8  seizure.  *United States v. Luong*, 470 F.3d 898, 904-05 (9th Cir. 2006).  General

9  warrants violate the Fourth Amendment, *United States v. Crozier*, 777 F.2d 1376,

10  1381 (9th Cir. 1985), *United States v. Tamura*, 694 F.2d 591, 597 (9th Cir. 1982),

11  as do searches and seizures beyond the four corners of the warrant.  *See id.* at 595

12  ("[I]n searches made pursuant to warrants only the specifically enumerated items

13  may be seized.").  This warrant – and its execution – suffers from both

14  deficiencies.

15       As the government acknowledged in its August 20, 2010, search warrant

16  affidavit, ESI is subject to the Fourth Amendment.  *See* Exhibit L, Aug. 20th

17  Binder Affidavit, p. 23, ¶ 26; pp. 24-25, ¶ 28.  This acknowledgment is in accord

18  with case law.  *Comprehensive Drug Testing*, 621 F.3d at 1176 ("[The] pressing

19  need of law enforcement for broad authorization to examine electronic records . . .

20  creates a serious risk that every warrant for electronic information will become, in

21  effect, a general warrant, rendering the Fourth Amendment irrelevant."); *see also*

22  *Tamura*, 694 F.2d at 595-96.

23       A warrant to search, including one permitting a search of ESI, is not a

24  license to rummage through digital data and devices and take anything of interest

25  that is discovered; to do so would "make a mockery of *Tamura*" by turning all

26  warrants for digital data into general warrants.  *Comprehensive Drug Testing*, 621

27  F.3d at 1171; *see also id.* at 1178 (Kozinski, J., concurring).  Thus, even for ESI,

28  the warrant must specifically indicate what can be searched, and probable cause

must be set forth to justify each authorized search.  This is even true when there are voluminous documents and the documents are intermingled.

*Tamura* provides a two-prong test for intermingled documents – a test applicable to ESI seized pursuant to a warrant: first, are the documents so intermingled that over-seizure is necessary with offsite review; if so, there must be procedures in place for the offsite review that respect Fourth Amendment interests. *Tamura*, 694 F.2d at 595-96.  "[W]here documents are so intermingled that they cannot feasibly be sorted on site, we suggest that the Government and law enforcement officials generally can avoid violating fourth amendment rights by sealing and holding the documents pending approval by a magistrate judge of a further search . . . ."  *Id*.  As *Tamura*, the seminal case of intermingling noted, "the essential safeguard required is that the wholesale removal must be monitored by the judgment of a neutral, detached magistrate."  *Id*. at 596.

The *Comprehensive Drug Testing* decision, in accord with *Tamura*, recognized that a procedure respecting the Fourth Amendment must be in place to search ESI containing intermingled information.  As set forth below, the searches of ESI in this case were prohibited general searches.  First, the search warrant allowed a wholesale search of ESI regardless of probable cause; and, second, the execution of the search warrant violated *Tamura* and *Comprehensive Drug Testing*.  The searches exceeded the permissible boundaries of the warrant, were not justified by probable cause, and, as such, violated the Fourth Amendment.

## IV.

## THE SEARCHES HERE VIOLATED THE FOURTH AMENDMENT

Several searches were conducted of the ESI.  How many exactly, the government has not said.  What each search specifically found, the government has not said.  How the items were found, it has not said.  When each search was conducted, it has not said.  Who and how the ESI was held for two years, it has not

said. [9]  But clearly, on November 20, 2008, when the ESI was first seized and searched, no procedure was in place to ensure that general searches of ESI were not conducted.  Indeed, the warrant itself seems to have blessed the general search. Given this, and the warrantless search of ESI in Buildings 6 and 7, all ESI seized in the searches should be suppressed.

**A.   The General Search Of ESI**

Neither the November 14, 2008, search warrant, nor the warrant from the late afternoon of November 20, 2008, contained any limits on the searches and seizures, nor did they impose any procedures, conditions, or safeguards for searching ESI.  Instead, the agents were permitted to examine "*all* the data contained in the digital device or data image to view their precise contents . . . ." *See* Exhibit A, Nov. 14th SW, Attachment B, ¶ 4(v) (emphasis added).  *Tamura*, 694 F.2d at 595-96.

And, while the August 2010 warrant may have contained procedures intended to protect Fourth Amendment interests, it was "too little too late."  The fact that a "filter team" was put in place almost two years after these items were seized and originally searched, a year after the Ninth Circuit specifically confirmed that *Tamura* requires safeguards on these types of searches, cannot remedy the harm done by these general searches and the government's failure to follow the law.

**B.   The Warrantless Search Of ESI In Buildings 6 And 7**

Not only were the searches of ESI in Buildings 6 and 7 general, they were conducted without a warrant.  *See* Exhibit C, 302 Report, (searches from at least 9:55 a.m. until 1:30 p.m. (Building 6) and from at least 9:45 a.m. until 1:31 p.m. (Building 7); warrant for these buildings was not issued until 4:55 p.m.).  As such,

---

[9]     *See* Exhibit G, Jan. 29, 2011 email; Exhibit H, Feb. 1, 2011 letter; Levine Decl. at ¶¶ 3-5.

1  the burden now falls to the government to prove that a valid exception to the

2  warrant requirement exists.[10]  *United States v. Murphy*, 516 F.3d 1117, 1120 (9th

3  Cir. 2008).

4  **C.**   **The Failure To Comply With The Orders In The November 14, 2008**

5           **And/Or November 20, 2008 Warrants**

6           As a separate and distinct basis upon which the ESI must be suppressed, the

7  November 2008 warrants dictated that if the government seized any digital

8  devices, there was a 60-day window within which to conduct off-site searches of

9  the device or image.  After 60 days, the government had to either return any device

10  or image, or seek a court order allowing more time to search or allowing the

11  government to retain the device (or obtain a stipulation for the user as to

12  authenticity).  No such order apparently exists.  No such stipulation exists.

13  Without an order or stipulation, the government should have either returned the

14  original devices, or destroyed any copies by January 20, 2009.  As a result, even if

15  the searches and seizures comported with the Fourth Amendment – which they did

16  not – failure to comply with the provisions of the warrant requires suppression.

17  ///

18

19

20  ///

21

22

23  ///

24

25

26

_____

27  [10]      *See* Suppression Motion Number Two, November 20, 2008 Warrantless

28  Search.

MOTION TO SUPPRESS EVIDENCE OF ELECTRONICALLY STORED INFORMATION

11

1

**V.**

2

**CONCLUSION**

3          For the reasons set forth herein, the evidence seized in the searches of the

4     ESI, and all fruits thereof, must be suppressed.

5

6     DATED:  February 28, 2011          Respectfully submitted,

7

8                                        JANET I. LEVINE
                                         CROWELL & MORING LLP
9

10                                        _/s/ Janet I. Levine_____
                                         By: JANET I. LEVINE
11                                        Attorneys for Defendant
                                         Steve K. Lee
12

13    DATED:  February 28, 2011          Respectfully submitted,

14

15                                        JAN L. HANDZLIK
                                         GREENBERG TRAURIG LLP
16

17                                        _/s/  Jan L. Handzlik_____
18                                        By: JAN L. HANDZLIK
                                         Attorneys for Defendants
19                                        Lindsey Manufacturing Company and
20                                        Keith E. Lindsey

21

22

23

24

25

26

27

28

# DECLARATION OF JANET I. LEVINE

I, Janet I. Levine, hereby declare as follows:

1.    I am a lawyer duly admitted to practice law before this Court and in California.  I am counsel of record for defendant Steve K. Lee in this case.  I have personal and first-hand knowledge of the facts set forth in this Declaration, unless otherwise stated, and, if called as a witness, could and would testify competently to these facts.

2.    I have reviewed all of the discovery materials that I have located that relate to the search.  Because of the vast amounts of discovery and the limited indexing accompanying the material, it is possible that I have missed some items.  The materials I reviewed include:

a.   One two-page report of the search of Lindsey Manufacturing Company on November 20, 2008, dated November 20, 2008 (Exhibit C);

b.   Three sets of notes, each a single page, related to the searches of Buildings 2, 6, and 7 on November 20, 2008 (Exhibits P, E, and F);

c.   The reports of the November 20, 2008, interrogations of Steve K. Lee and Keith E. Lindsey (Exhibits M and N);

d.   The purported "consent to search" for Buildings 6 and 7, dated November 20, 2008 (without a time), by Steven D. Scholfield (Exhibit O);

e.   The November 14, 2008 search warrant and affidavit (Exhibit A and B);

f.   The November 20, 2008 search warrant and affidavit (Exhibits I and J);

g.   The August 20, 2010 search warrant and affidavit (Exhibits K and L);

h.   The orders obtained after August 2010, permitting continued seizure of various digital devices (Exhibit Q)

i.   The inventory of the November 20, 2008 search (Exhibit D); and

j.   Photos taken by agents of the November 20, 2008 search.

MOTION TO SUPPRESS EVIDENCE OF ELECTRONICALLY STORED INFORMATION
13

1   I have not located any documents except as set forth above that set forth where,

2   when, how, or by whom any ESI was searched and seized.

3   3.      I have asked for all discovery related to the execution of the search warrant

4   and the warrantless searches.  The last communication by me to the government

5   was an email sent on January 29, 2011.  It provides:

> that many orders (including court extensions allowing continued
> possession of digital devices) are missing" along with "any reports on
> the off-site digital searches . . ." including "reports on digital searches
> completed by FBI SAs Charles Moon and Farrell Binder.

*See* Exhibit G, Email from Janet I. Levine to Assistant United States Attorney

Douglas M. Miller, and DOJ Senior Trial Attorneys Nicola J. Mrazek and Jeffrey

Goldberg.

4.      In response, the government said:

> "[it] has indeed produced all search warrants and related orders . . ."
> and that it was "inquiring with the Federal Bureau of Investigation to
> determine whether there exist any discoverable notes associated with
> the subsequent off-site searches of the seized digital devices, as well
> as related reports written by Special Agents Moon and Binder."

*See* Exhibit H, Letter from DOJ Senior Trial Attorney Jeffrey Goldberg to Janet I.

Levine, Jan L. Handzlik, and Stephen G. Larson.

5.      No other information has been provided in response to my January 29, 2011

request.

6.      The government has also not provided a report indicating exactly when the

search of LMC began.  The only report provided states that the federal agents

began searching building 2 at approximately 7:30 a.m.  Certainly they arrived

earlier as they first secured and cleared the buildings.

7.      The discovery related to the search shows that at least 19 federal agents

participated in the search of LMC.  These include:  Jerrus Floyd, Roman Garcia,

Gigi G. Joyner, Joy Mitchell, Stephanie Talamantez, Jeffrey A. Yesensky, Joel

1  Prim, Alan Lee, Michael Scott, Clint Wilmsen, John Davis, Susan Guernsey,

2  Christopher T. Dodson, Bryan Willett, Farrell Binder, Carlos Narro, Ana L. Torres,

3  Terri Brand, and Sharon M. Cannella.

4       I declare under penalty of perjury that the foregoing is true and correct to the

5  best of my knowledge.

6       Executed this 28th day of February, 2011 at Los Angeles, California.

7

8                   _/s/Janet I. Levine_____

9                   JANET I. LEVINE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF KEITH E. LINDSEY

I, Keith E. Lindsey, declare:

1.     I am a defendant in this case.  I have personal and first-hand knowledge of the facts set forth in this Declaration, unless otherwise stated, and, if called as a witness, I could and would testify competently to those facts.

2.     This declaration is written in support of a motion to suppress evidence and is not an admission of guilt.  *See Simmons v. United States*, 390 U.S. 377, 389-94 (1968).

3.     On November 20, 2008, I was the President of Lindsey Manufacturing Company ("LMC") and Lindsey International ("LI"), and a member of the board of directors for LMC.  In these roles, I was and am highly involved in the daily business activities of these two companies.

4.     On November 20, 2008, my wife, Lela Lindsey, and I owned 86% of the stock of LMC and LI in a family trust.  We also owned the property at 760 N. Georgia Avenue where LMC and LI are located.

5.     On November 20, 2008, I had the authority to grant, deny, or restrict entry of guests to 760 N. Georgia Avenue.

6.     I do not recall having stipulated to the authenticity and accuracy of any images of data seized from LMC or LI on November 20, 2008.

I declare under the penalties of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 28th day of February 2011, at Los Angeles, California.


/s/ Keith E. Lindsey (original on file)__
KEITH E. LINDSEY

16

## **DECLARATION OF STEVE K. LEE**

I, Steve K. Lee, declare:

1.      I am a defendant in this case.  I have personal and first-hand knowledge of the facts set forth in this Declaration, unless otherwise stated, and, if called as a witness, I could and would testify competently to those facts.

2.      This declaration is written in support of a motion to suppress evidence and is not an admission of guilt.  *See Simmons v. United States*, 390 U.S. 377, 389-94 (1968).

3.      On November 20, 2008, I was the Chief Financial Officer of Lindsey Manufacturing Company ("LMC").  I have worked LMC since 1981.

4.      I have had my own private office at LMC since before 2002.  I have access to computers at LMC and store information on them.  I have a privacy interest in my electronically stored information.

5.      I spend a majority of my work day in my office.  I lock the door when I leave daily.

6.      The majority, but not all, of my working files are located in my office, or stored electronically.

7.      I do not recall having stipulated to the authenticity and accuracy of any images of data seized from my office or files at LMC on November 20, 2008.

I declare under the penalties of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 28th day of February 2011, at Los Angeles, California.


/s/ Steve K. Lee (original on file)_____
STEVE K. LEE

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, at Crowell & Moring LLP at 515 S. Flower Street, 40th Floor, Los Angeles, California  90071. I am over the age of 18 and not a party to the within action.

On **February 28, 2011**, I served the foregoing document described as **NOTICE OF MOTION; MOTION TO SUPPRESS EVIDENCE OBTAINED IN SEARCHES AND SEIZURES OF DIGITAL DEVICES AND DATA (ELECTRONICALLY STORED INFORMATION); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATIONS OF JANET I. LEVINE, KEITH E. LINDSEY, AND STEVE K. LEE; EXHIBITS** on the parties in this action by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following:

Douglas M. Miller (Assistant United States Attorney)
Email: doug.miller@usdoj.gov

Nicola J. Mrazek
(United States Department of Justice Senior Trial Attorney)
Email: nicola.mrazek@usdoj.gov

Jeffrey Goldberg
(United States Department of Justice Senior Trial Attorney)
Email: jeffrey.goldberg2@usdoj.gov

Jan L. Handzlik (Attorney for Defendants Lindsey Manufacturing Company and Keith E. Lindsey)
Email: handzlikj@gtlaw.com
Email: hayesm@gtlaw.com

Stephen G. Larson (Attorney for Defendant Angela Maria Gomez Aguilar)
Email: slarson@girardikeese.com
Email: mweber@girardikeese.com

1        I declare under penalty of perjury under the laws of the State of California

2 that the above is true and correct.

3        Executed on **February 28, 2011**, at Los Angeles, California.

4

5          /s/ Kristen Savage Garcia

6        KRISTEN SAVAGE GARCIA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28