JANET I. LEVINE (STATE BAR NO. 94255)
MARTINIQUE E. BUSINO (STATE BAR NO. 270795)
CROWELL & MORING LLP
515 SOUTH FLOWER STREET, 40TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2258
PHONE: (213) 622-4750
FAX: (213) 622-2690
EMAIL: jlevine@crowell.com
EMAIL: mbusino@crowell.com

Attorneys for Defendant
Steve K. Lee

JAN L. HANDZLIK (STATE BAR NO. 47959)
THOMAS H. GODWIN (STATE BAR NO. 255384)
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, Ca 90404
Phone: (310) 586-6542
Fax: (310) 586-0542
EMAIL: handzlikj@gtlaw.com
EMAIL: godwint @gtlaw.com

Attorneys for Defendants Lindsey Manufacturing
Company and Keith E. Lindsey

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 10-1031(A)-AHM |
| Plaintiff, | **NOTICE OF MOTION; MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO CO-CONSPIRATOR ADMISSIONS BEFORE PROOF OF PRELIMINARY FACTS; EXHIBIT; [PROPOSED] ORDER (FILED UNDER SEPARATE COVER)** |
| v. | |
| ENRIQUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE, | |
| Defendants. | Date: March 21, 2011<br>Time: 3:00 p.m.<br>Place: Courtroom 14 |

MOTION EXCLUDE REFERENCE TO CO-CONSPIRATOR ADMISSIONS

TO: UNITED STATES ATTORNEY ANDRÉ BIROTTE JR., ASSISTANT UNITED STATES ATTORNEY DOUGLAS M. MILLER, AND UNITED STATES DEPARTMENT OF JUSTICE SENIOR TRIAL ATTORNEYS NICOLA J. MRAZEK AND JEFFREY GOLDBERG:

PLEASE TAKE NOTICE that on Monday, March 21, 2011, at 3:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable A. Howard Matz, defendants Lindsey Manufacturing Company, Keith E. Lindsey, and Steve K. Lee, by and through their counsel of record, will move this Court for an order excluding reference to and/or admission of purported "co-conspirator" statements before the facts preliminary to the admission of such statements are established.

This Motion is based upon the attached Memorandum of Points and Authorities, exhibit, all files and records in this case, and all matter that has been later adduced.

DATED: February 28, 2011          Respectfully submitted,

                                                 JANET I. LEVINE
                                                 CROWELL & MORING LLP

                                                 __/s/ Janet I. Levine_____
                                                 By: JANET I. LEVINE
                                                 Attorneys for Defendant
                                                 Steve K. Lee

DATED: February 28, 2011          Respectfully submitted,

                                                 JAN L. HANDZLIK
                                                 GREENBERG TAURIG LLP

                                                 __/s/ Jan L. Handzlik_____
                                                 By: JAN L. HANDZLIK
                                                 Attorneys for Defendant
                                                 Lindsey Manufacturing Company and
                                                 Keith E. Lindsey

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The government has indicated that it intends to introduce co-conspirator statements. *See* Exhibit A, Letter of Douglas Miller dated January 26, 2011. It has not yet identified who made those statements, what those statements are, against whom it intends to introduce them, and what it intends to use to prove the facts preliminary to the admission of such statements.

In this case, one of the key alleged co-conspirators, Enrique Aguilar, is not present. Aside from the usual concerns these statements raise, there is a concern the government will attempt to admit alleged co-conspirator statements to prove the absent defendant's involvement in the charged crimes.

Given this lack of disclosure by the government regarding what statements they intend to admit, the Court should determine as a threshold matter (in the form of a hearing under Federal Rule of Evidence 104) whether the essential preliminary facts are established.

### II. ARGUMENT

For a co-conspirator statement to be admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence, there must be proof of a conspiracy and that the statement was made by one of the co-conspirators in the course and furtherance of that conspiracy.[1] *Id.* Mere conversation between co-conspirators is not admissible. *United States v. Eubanks*, 591 F.2d 513, 520 (9th Cir. 1979) ("Mere conversations between conspirators or merely narrative declarations are not admissible as declarations in furtherance of a conspiracy.") (internal citations and quotations omitted).

---

[1] Without knowing what the proffered statements are, there are potential Confrontation Clause issues that cannot be addressed. *See generally Crawford v. Washington*, 541 U.S. 36 (2004).

MOTION EXCLUDE REFERENCE TO CO-CONSPIRATOR ADMISSIONS
2

1  Before admitting such a statement, the "Court must be satisfied that the
2  statement actually falls within the definition of the Rule." *Bourjaily v. United*
3  *States*, 483 U.S. 171, 175 (1987).  Under Fed. R. Evid. 104(a) and 801(d)(2)(E),
4  the Court has the discretion to require that the preliminary facts be proven first.
5  *United States v. Gere*, 662 F.2d 1291, 1294 (9th Cir. 1981); *United States v.*
6  *Zemek*, 634 F.2d 1159, 1169 (9th Cir. 1980) ("[T]he order of proof is within the
7  sound discretion of the trial court.").  And, if the "interests of justice require," the
8  Court can require the Rule 104 hearing to be held outside the presence of the jury
9  and before the admission of the alleged co-conspirator statements.  Fed. R. Evid.
10 104(c).  In this case, out of the presence of the jury, proof of the preliminary facts
11 should be required.
12      There is no way, given the government's mass of discovery and the
13 government's refusal to identify the statements before trial, that defense counsel
14 can have any idea what the supposed "co-conspirator" statements are; thus,
15 surprise and improper disclosure to the jury are possible.  And, mentioning
16 inadmissible evidence can taint a jury – even if a limiting instruction is later given.
17 *See, e.g., United States v. Merino-Balderrama*, 146 F.3d 758, 764 (9th Cir. 1998);
18 *Bruton v. United States*, 391 U.S. 123, 135 (1968).
19      In this case, since there is no direct evidence of guilt against the defendants
20 who are before the Court, it is critical that no inadmissible evidence be permitted to
21 taint the jury.  The only way to assure that is to set a clear line – requiring proof of
22 the conspiracy and that any so-called co-conspirator statements were made in the
23 course and furtherance of the conspiracy before there can be mention of co-
24 conspirator statements.
25 ///
26
27
28 ///

## IV. CONCLUSION

For the reasons set forth herein, the Court should exclude all mention of and questioning designed to elicit co-conspirator statements until it makes, outside the presence of the jury, a proper showing.

DATED: February 28, 2011     Respectfully submitted,

JANET I. LEVINE
CROWELL & MORING LLP

 /s/ Janet I. Levine
By: JANET I. LEVINE
Attorney for Defendant
Steve K. Lee

DATED: February 28, 2011     JAN L. HANDZLIK
GREENBERG TRAURIG LLP

 /s/ Jan L. Handzlik
By: JAN L. HANDZLIK
Attorneys for Defendants
Lindsey Manufacturing Company and
Keith E. Lindsey

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, at Crowell & Moring LLP at 515 S. Flower Street, 40th Floor, Los Angeles, California 90071. I am over the age of 18 and not a party to the within action.

On **February 28, 2011**, I served the foregoing document described as **NOTICE OF MOTION; MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO CO-CONSPIRATOR ADMISSIONS BEFORE PROOF OF PRELIMINARY FACTS; EXHIBIT; [PROPOSED] ORDER (FILED UNDER SEPARATE COVER)** on the parties in this action by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following:

Douglas M. Miller (Assistant United States Attorney)
Email: doug.miller@usdoj.gov

Nicola J. Mrazek (United States Department of Justice Senior Trial Attorney)
Email: nicola.mrazek@usdoj.gov

Jeffrey Goldberg (United States Department of Justice Senior Trial Attorney)
Email: jeffrey.goldberg2@ usdoj.gov

Jan L. Handzlik (Attorney for Defendants Lindsey Manufacturing Company and Keith E. Lindsey)
Email: handzlikj@gtlaw.com
Email: godwint@gtlaw.com

Stephen G. Larson (Attorney for Defendant Angela Maria Gomez Aguilar)
Email: slarson@girardikeese.com
Email: mweber@girardikeese.com

1
2    I declare under penalty of perjury under the laws of the State of California
3    that the above is true and correct.
4        Executed on **February 28, 2011**, at Los Angeles, California.
5
6                    /s/Kristen Savage Garcia
7                   KRISTEN SAVAGE GARCIA