ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DOUGLAS M. MILLER (SBN: 240398)
Assistant United States Attorney
NICOLA J. MRAZEK
JEFFREY A. GOLDBERG
Senior Trial Attorneys
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2216
    Facsimile: (213) 894-6436
    Email: douglas.m.miller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 10-1031(A)-AHM |
|---|---|
| Plaintiff, | ) GOVERNMENT'S REPLY IN FURTHER SUPPORT OF ITS (1) MOTION TO ADMIT PRIOR GRAND JURY TESTIMONY FOR SUBSTANTIVE PURPOSES AND (2) MOTION TO PERMIT THE GOVERNMENT TO LEAD CERTAIN WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| ENRIQUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY, | |
| Defendants. | ) Hearing: March 24, 2011, 9:30 a.m. (Courtroom 14) |

Plaintiff United States of America, by and through its attorneys of record, the United States Department of Justice, Criminal Division, Fraud Section, and the United States Attorney for the Central District of California (collectively, "the government"), hereby files its reply in further support of its (1) motion to admit prior grand jury testimony for substantive purposes and (2) motion to permit the government to lead certain witnesses. The government's reply, which responds to defense

opposition #241, is based upon the attached memorandum of points and authorities, the files and records in this matter, as well as any evidence or argument presented at any hearing on this matter.

DATED: March 12, 2011

                                      Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


                                                        /s/
DOUGLAS M. MILLER
Assistant United States Attorney

NICOLA J. MRAZEK
JEFFREY A. GOLDBERG
Senior Trial Attorneys
Criminal Division, Fraud Section

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government has moved pursuant to Rule 801(d)(1)(A) of the Federal Rules of Evidence to admit at trial, for substantive purposes, the prior grand jury testimony of Sergio Cortez, Mang Hue Kwok, and Philip Spillane, all of whom are currently employed by defendant LINDSEY MANUFACTURING COMPANY ("LMC"). As explained in its opening brief, the government intends to call Cortez, Kwok, and Spillane at trial, despite the fact that they have refused to meet with or otherwise speak to the government, and they apparently intend to invoke their Fifth Amendment rights against self-incrimination.[1] In a related request, the government has moved pursuant to Rule 611(c) to permit the government to lead these witnesses as may be necessary to develop their trial testimony.

In response, the defendants primarily argue that the motions are "premature." (Opp'n #241 at 3-4). But the government was clear in its opening brief that the motions were conditional — the first motion seeks permission to substantively use grand jury testimony "if" the witnesses do not testify in conformity

---

[1] Putting aside the fact that the jury will ultimately decide the significance of the trial testimony, the government did not state in its opening brief that Cortez, Kwok, and Spillane "inculpate[]" the defendants. (Opp'n #241 at 3 n.1). Rather, the government stated in its brief that these witnesses made statements "adverse" to the defendants. (Gov't Mot. at 6). Also, the defendants' response seems to suggest that the government has somehow limited itself to calling only these three LMC employees as trial witnesses. (See Opp'n #241 at 3: "[T]he government explains that it intends to call three LMC employees at trial."). But the government has never said that Cortez, Kwok, and Spillane are the only LMC employees who will be called to testify.

therewith, and the second motion alerts the Court that Rule 611(c) "might" come into play.  (Gov't Mot. at 7, 23).[2]

The defendants' response also includes two incorrect legal assertions.  First, the defendants are wrong when they write that prior grand jury testimony is admissible for substantive purposes "if the prior testimony is <u>inconsistent</u> with the trial testimony."  (Opp'n #241 at 4; emphasis in original).  Although the word "inconsistent" is used in Rule 801(d)(1)(A), it is well-settled that, for the purposes of that rule, "inconsistency . . . may be found in evasive answers, inability to recall, silence, or changes of position."  <u>United States v. Dennis</u>, 625 F.2d 782, 795 (8th Cir. 1980).  The defendants do not address <u>Dennis</u>, nor the other related cases cited by the government.[3]

Second, the defendants are wrong when they assert — without any supporting authority — that "[t]he fact that these witnesses are current LMC employees does not make them hostile to the government."  (Opp'n #241 at 4).  But the government explained in its opening brief that a witness need not be hostile "in the

---

[2] Given how clear the government was in its opening brief, it is difficult to understand why one or more of the defendants find it necessary to make sarcastic comments about whether "the government has access to a crystal ball."  (Opp'n #241 at 4).  These kinds of remarks, whether made directly to the government or indirectly through a court filing, do not assist the Court in deciding the issues and have no place in this federal criminal litigation.

[3] In making their argument, the defendants incorrectly state that the government has "concluded" that these witnesses "will" testify inconsistently with their grand jury testimony.  (<u>Id.</u> at 3).  Again, the government's grand jury motion explicitly indicated that it was conditional.

sense of being contemptuous or surly" in order for a party to invoke Rule 611(c).  United States v. Brown, 603 F.2d 1022, 26 (1st Cir. 1979).  The defendants do not address Brown, nor any of the other cases cited by the government.

In addition, Rule 611(c) expressly applies not only to hostile witnesses, but also to "witness[es] identified with an adverse party."  Fed. R. Evid. 611(c).  Here, Cortez, Kwok, and Spillane are plainly "identified" with LMC (as well as with defendants KEITH E. LINDSEY and STEVE K. LEE), and therefore they fall squarely within the scope of Rule 611(c).  See, e.g., Alpha Display Paging, Inc. v. Motorola Commc'ns & Elecs., Inc., 867 F.2d 1168, 1171 (8th Cir. 1989) (employee of adverse party was a "witness identified with" that party); Haney v. Mizell Memorial Hosp., 744 F.2d 1467, 1478 (11th Cir. 1984) (same); Ellis v. City of Chicago, 667 F.2d 606, 613 (7th Cir. 1981) (same).