JANET I. LEVINE (STATE BAR NO. 94255)
MARTINIQUE E. BUSINO (STATE BAR NO. 270795)
CROWELL & MORING LLP
515 SOUTH FLOWER STREET, 40TH FLOOR
LOS ANGELES, CALIFORNIA  90071-2258
PHONE: (213) 622-4750
FAX: (213) 622-2690
EMAIL: jlevine@crowell.com
EMAIL: mbusino@crowell.com

Attorneys for Defendant
Steve K. Lee

JAN L. HANDZLIK (STATE BAR NO. 47959)
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, Ca 90404
Phone: (310) 586-6542
Fax: (310) 586-0542
EMAIL: handzlikj@gtlaw.com

Attorneys for Defendants Lindsey Manufacturing
Company and Keith E. Lindsey

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 10-1031(A)-AHM |
| Plaintiff, | **NOTICE OF MOTION; MOTION** |
| | ***IN LIMINE* TO PROHIBIT** |
| v. | **GOVERNMENT FROM** |
| | **VOUCHING FOR WITNESS AND** |
| ENRIQUE FAUSTINO AGUILAR | **TO EXCLUDE INFLAMMATORY** |
| NORIEGA, ANGELA MARIA | **EVIDENCE; EXHIBITS;** |
| GOMEZ AGUILAR, LINDSEY | **[PROPOSED] ORDER (FILED** |
| MANUFACTURING COMPANY, | **UNDER SEPARATE COVER)** |
| KEITH E. LINDSEY, and | |
| STEVE K. LEE, | |
| Defendants. | |

TO: UNITED STATES ATTORNEY ANDRÉ BIROTTE JR., ASSISTANT UNITED STATES ATTORNEY DOUGLAS M. MILLER, AND UNITED STATES DEPARTMENT OF JUSTICE SENIOR TRIAL ATTORNEYS NICOLA J. MRAZEK AND JEFFREY GOLDBERG:

PLEASE TAKE NOTICE that, as soon as the matter may be heard, in the Courtroom of the Honorable A. Howard Matz, defendants Lindsey Manufacturing Company, Keith E. Lindsey, and Steve K. Lee (collectively, the "Lindsey-Lee Parties"), by and through their counsel of record, will move this Court for an order prohibiting the government from vouching for witness Jean-Guy Lamarche and excluding inflammatory evidence, namely, letter and email communications with Mr. Lamarche.

This Motion is based upon the attached Memorandum of Points and Authorities, exhibits, all files and records in this case, and all matter that has been later adduced.

DATED:  April 11, 2011            Respectfully submitted,

                                  JANET I. LEVINE
                                  CROWELL & MORING LLP


                                  __/s/ Janet I. Levine_____
                                  By: JANET I. LEVINE
                                  Attorneys for Defendant
                                  Steve K. Lee

DATED:  April 11, 2011            Respectfully submitted,

                                  JAN L. HANDZLIK
                                  GREENBERG TRAURIG LLP


                                  __/s/ Jan L. Handzlik_____
                                  By: JAN L. HANDZLIK
                                  Attorneys for Defendant
                                  Lindsey Manufacturing Company and
                                  Keith E. Lindsey

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3

Desperate times result in desperate measures.  But desperate times do not

4

permit the government to vouch for witnesses or create inflammatory exhibits to be

5

paraded before the jury.  A "key" government witness in this case is Jean-Guy

6

Lamarche.  Since the government's labored and unnecessarily drawn out process to

7

obtain a "protective order" for his identity, in February 2011, the government has

8

puffed up Lamarche's importance to this case and protected him from scrutiny.

9

Now it has given him *transactional immunity* for any crime he has committed at

10

anytime in the United States, anywhere in the United States, so long as there is

11

some "connection" to Enrique Aguilar or Lindsey Manufacturing Company.

12

Giving immunity, even transactional immunity – however unheard of – is

13

the government's prerogative.  What it cannot do is vouch for its witness, put the

14

credibility of its prosecutors behind its witness, or create false impressions of

15

threats and danger.  It also cannot "create" inflammatory exhibits and then use

16

them to unduly prejudice the defendants.  This motion is directed to the vouching

17

and false impressions set forth in the government's recent discovery production.

18

## II.   ARGUMENT

19

### A.   Prohibition on Improper Vouching

20

It is well established that a prosecutor may not vouch for his or her witness.

21

Improper witness vouching is one form of prosecutorial misconduct.  *United States*

22

*v. Weatherspoon*, 410 F.3d 1142, 1145-46 (9th Cir. 2005).  The government

23

improperly vouches for a witness by (1) presenting personal assurances to the jury

24

about the witness's credibility and/or (2) arguing that evidence which has not been

25

introduced at trial supports the witness's testimony.  *Id*. at 1146.

26

Vouching is not permitted because the "jury may be inclined to give weight

27

to the prosecutor's opinion in assessing the credibility of witnesses, instead of

28

making the independent judgment of credibility to which the defendant is entitled."

*Id*. at 1147 (internal citations and quotations omitted).  Vouching is particularly problematic "where [, as is true in this case,] the credibility of the witness is crucial."  *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993) (internal citation and quotations omitted).

Mr. Lamarche is a Canadian citizen who resides in Canada.  He was a business partner with Enrique Aguilar from at least 1997 until approximately 2000. His communications with Steve Lee at Lindsey Manufacturing Company occurred *before* any of the wrongdoing alleged in the First Superseding Indictment.  Yet, Mr. Lamarche is being presented as a key government witness through which the government will purportedly show that Mr. Lee and Lindsey Manufacturing Company knew that Enrique Aguilar was engaged in bribery.  In this case, any vouching for Mr. Lamarche's veracity is especially problematic and objectionable.

This motion seeks to preclude the prosecution from using at trial recent letters, just produced to the defense, to vouch for the credibility of Jean-Guy Lamarche.  *See*, *e.g.*, Exhibit A, Email from Danielle Higginbotham to Jean-Guy Lamarche dated Monday, April 4, 2011 ("Higginbotham Email").  In the Higginbotham Email, Ms. Higginbotham, a self-described employee of Assistant United States Attorney Douglas M. Miller, tells Mr. Lamarche that she can relate to him because she has lived in Venezuela and can therefore understand many of his "concerns" about being a witness in this case.  She then goes on to say that "you [Mr. Lamarche] are an important witness in this case and the jury should know the truth about what happened."  *See* Exhibit A, Higginbotham Email.

This language implies that the government, and Mr. Miller in particular, believes in the veracity of Mr. Lamarche's testimony and that the jurors should give great weight to his version of events – a personal assessment that the government is barred from presenting to the jury.  Under its ethical obligations, the government simply cannot assert before the jury – in any fashion – that Mr. Lamarche is telling the truth, as the government does in the Higginbotham Email.

1   *See*, *e.g.*, *Weatherspoon*, 410 F.3d at 1147 (finding as improper vouching the

2   following statement by prosecution during closing:  "The point, ladies and

3   gentleman, is he told the truth in that handwritten statement that he gave on that

4   morning, he told the truth when he came into the Grand Jury under oath, and he

5   was in front of you today and told the truth to you.").

6        In light of the government's relationship with Mr. Lamarche, as evidenced in

7   the Higginbotham Email and other correspondence recently produced, this motion

8   also seeks to preclude the government from making any improper comments about

9   Mr. Lamarche's credibility or engaging in any inappropriate questioning of Mr.

10  Lamarche regarding his veracity.  For example, the government cannot ask Mr.

11  Lamarche to describe in detail any truth-telling obligations of his immunity

12  agreement with the government or to engage in any other colloquy suggesting that

13  the government (1) has guaranteed or can guarantee that the Mr. Lamarche is

14  telling the truth or (2) has monitored or is monitoring Mr. Lamarche's testimony

15  for truthfulness.  *See*, *e.g.*, *Necoechea*, 986 F.2d at 1278; *see also United States v.*

16  *Brooks*, 508 F.3d 1205, 1209-10 (9th Cir. 2007).  Nor can it refer to any facts

17  outside the record, including facts from its recent, carefully drafted letters, to

18  bolster Mr. Lamarche's credibility.

19       **B.  Exclusion of Inflammatory Evidence**

20       These recently created communications between Mr. Lamarche and certain

21  government agents and attorneys must also be excluded from evidence because

22  they are highly inflammatory and prejudicial to the defense.  These

23  communications repeatedly refer to purported threats to Mr. Lamarche's safety

24  allegedly made by Enrique Aguilar and other unidentified individuals (with a

25  strong suggestion that defense counsel is responsible for those threats), the

26  potential placement of Mr. Lamarche in witness protection as a result of these

27  threats, and Mr. Lamarche's "fear" about testifying in these proceedings:

28

MOTION *IN LIMINE* TO PROHIBIT GOVERNMENT FROM VOUCHING FOR WITNESS
AND TO EXCLUDE INFLAMMATORY EVIDENCE
4

- *See* Exhibit A, Higginbotham Email (referring to Mr. Lamarche's concern about being a witness in this case "because of the terrible treatment [he and his] family have endured at the hands of Mr. Aguilar in the past");

- *See* Exhibit B, Letter to Jean-Guy Lamarche from DOJ Attorney Nicola Mrazek dated April 6, 2011 (noting that "the United States understands that you and your family have some safety concerns due to a recent visit from investigators working for the defendants in this case and in light of your prior dealings with Enrique Aguilar" and detailing the witness protections offered by the United States);

- *See* Exhibit C, Email Chain between Nicola Mrazek, Special Agent Olivier Farache, and Jean-Guy Lamarche, Bates-Numbered Lindsey_MISC_026977-78 (prejudicially referring to Mr. Lamarche's communications with an FBI agent, Mr. Farache, from the "Violent Crimes and Major Offenders" unit);[1]

- *See* Exhibit D, Email Chain between Nicola Mrazek, Special Agent Olivier Frache, and Jean-Guy Lamarche, Bates-Numbered Lindsey_MISC_026971 (again referring to FBI agent's prejudicial title – "Violent Crimes and Major Offenders" unit – and referring to witness protection assistance); and

- *See* Exhibit E, FBI 302 Report of Jean-Guy Lamarche Dated March 26, 2011 and Transcribed March 30, 2011, including attached March 18, 2011 Email from Jean-Guy Lamarche to Farrell Binder (both referring to Mr. Lamarche's fear of testifying, an alleged visit by defense investigators [not described as menacing or threatening], and previous threats to Mr. Lamarche made by Enrique Aguilar and the "Mexican Mafia").

---

[1]     Significantly, Mr. Farache was apparently just added to this team and seems to be the only agent from his "team" on this case.

The suggestion that defense counsel threatened any person's safety is patently absurd.  However, Mr. Lamarche is free to testify about that on the stand, where his credibility – and not the government's – will be at issue.  Allowing the introduction of any documentary evidence created by the government suggesting that a witness in the case is afraid to take the stand and has been or is currently being threatened due to testimony he might give in this case is not only preposterous but unduly prejudicial.  The government should not be able to present this list of terribles to the jury.

These communications are highly prejudicial and therefore must be excluded under Fed. R. Evid. 403.  In addition, they also are wholly irrelevant to any charge set forth in the First Superseding Indictment.  Fed. R. Evid. 401 and 402.  This case involves financial crimes; there are no allegations of violence, physical abuse, witness intimidation, verbal threats, menacing conduct, or any gang-related activity by any party before the Court (as unfairly suggested by the title of Special Agent Olivier Farache).  These documents and any other documents created by the government referring to threats made to Mr. Lamarche, his fear of testifying, and witness protection should be excluded.

///

///

///

///

IV.    **CONCLUSION**

For the foregoing reasons, the Court should prohibit the government from improperly vouching for Mr. Lamarche's credibility, either in statements before the jury or through the introduction of evidence referring to Mr. Lamarche's veracity.  The Court should also preclude the government from introducing attached Exhibits A-E, and any other documents, whether created by the government or not, referring to potential threats to Mr. Lamarche, his fears, or to witness protection, because such evidence is irrelevant, highly inflammatory, and unfairly prejudicial under Fed. R. Evid. 403.


DATED:  April 11, 2011          Respectfully submitted,

                                JANET I. LEVINE
                                CROWELL & MORING LLP

                                 _/s/ Janet I. Levine_____
                                By:  JANET I. LEVINE
                                Attorney for Defendant
                                Steve K. Lee

DATED: April 11, 2011           JAN L. HANDZLIK
                                GREENBERG TRAURIG LLP

                                 _/s/  Jan L. Handzlik_____
                                By: JAN L. HANDZLIK
                                Attorneys for Defendants
                                Lindsey Manufacturing Company and
                                Keith E. Lindsey

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, at Crowell & Moring LLP at 515 S. Flower Street, 40th Floor, Los Angeles, California 90071. I am over the age of 18 and not a party to the within action.

On **April 11, 2011**, I served the foregoing document described as **NOTICE OF MOTION; MOTION *IN LIMINE* TO PROHIBIT GOVERNMENT FROM VOUCHING FOR WITNESS AND TO EXCLUDE INFLAMMATORY EVIDENCE; EXHIBITS; [PROPOSED] ORDER (FILED UNDER SEPARATE COVER)** on the parties in this action by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following:

Douglas M. Miller (Assistant United States Attorney)
Email: doug.miller@usdoj.gov

Nicola J. Mrazek (United States Department of Justice Senior Trial Attorney)
Email: nicola.mrazek@usdoj.gov

Jeffrey Goldberg (United States Department of Justice Senior Trial Attorney)
Email: jeffrey.goldberg2@ usdoj.gov

Jan L. Handzlik (Attorney for Defendants Lindsey Manufacturing Company and Keith E. Lindsey)
Email: handzlikj@gtlaw.com

Stephen G. Larson (Attorney for Defendant Angela Maria Gomez Aguilar)
Email: slarson@girardikeese.com
Email: mweber@girardikeese.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 11, 2011**, at Los Angeles, California.

 /s/Kristen Savage Garcia_____
KRISTEN SAVAGE GARCIA