ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DOUGLAS M. MILLER (SBN: 240398)
Assistant United States Attorney
NICOLA J. MRAZEK
JEFFREY A. GOLDBERG
Senior Trial Attorneys
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2216
    Facsimile: (213) 894-6436
    Email: douglas.m.miller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ENRIQUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY,<br><br>    Defendants. | Case No. CR 10-1031(A)-AHM<br><br>ORDER DENYING MOTIONS TO SUPPRESS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANTS |

The Court, having read and considered (1) the four motions to suppress evidence seized during the November 20, 2008 search filed by defendants LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE ("defendants") (Mot. #209, 210, 211, 222), (2) the government's oppositions to those motions (Mot. #251, 257), (3) defendants' replies to the government's

oppositions (Mot. #289, 292), and (4) the testimony and arguments presented at the March 23, 2011 and the March 25, 2011 hearings on those motions, hereby makes the following findings:

1. Defendants have standing to challenge the search warrants executed at defendant Lindsey Manufacturing Company on November 20, 2008.

2. The affidavits FBI Special Agent Farrell Binder ("SA Binder") submitted in support of the search warrants on November 14, 2008 and November 20, 2008 were both supported by probable cause, i.e., evidence establishing "a fair probability" that evidence of a crime will be found in a particular place. See Illinois v. Gates, 462 U.S. 213, 238 (1983). Evidence establishing each and every element of a prima facie case of a violation was not required. United States v. Fried, 576 F.2d 787, 790 (9th Cir. 1978). The evidence of money laundering did not have to include the tracing of specific funds, but only that the proceeds of specified unlawful activity were involved in a transaction, even if commingled. United States v. Rutgard, 116 F.3d 1270, 1292 (9th Cir. 1997).

3. Any errors, omissions or inaccurate representations in SA Binder's affidavits were immaterial and not essential to Judge Nagle's findings of probable cause, and without them there still would have been probable cause for any careful and reasonable magistrate judge to issue the warrants anyway.

4. There was no bad faith, dishonesty, or recklessness on the part of SA Binder in the preparation of the search warrant affidavits. SA Binder's testimony at the evidentiary hearing in this matter was credible and supports this finding. Moreover,

United Magistrate Judge Margaret Nagle acted fairly and impartially in authorizing those search warrants. Accordingly, the FBI agents acted in good faith when relying on the authenticity of the search warrants to conduct the searches.

5. The "catch all" provision in the search warrants that allowed agents to search and seize "other documents relating to or reflecting the operation of a business involved in contracting with foreign governmental entities or with intermediaries" did not render the search unconstitutionally over-broad. This provision was sufficiently limited by and can only be understood in the context of the antecedent reference to "subject persons and entities" earlier in that same sentence.

6. The provision in the November 20, 2008 search warrant that allowed agents to seize documents relating to Maquinaria Unida, Exim Forwarding, and Energia Electrica Economica ("EEE"), was not over-broad and was not based on evidence obtained during the warrantless search of buildings six and seven.

7. Defendants' argument that FBI agents seized documents outside the scope of the search warrants as indicated at Exhibit D of Motion #209 is mooted by the government's representation to the Court that it has examined the Bates numbers referenced in Exhibit D will not seek to introduce any of the documents bearing those Bates numbers at trial.

8. The search protocol the FBI agents followed when searching the digital devices seized from defendant Lindsey Manufacturing Company failed to strictly comply with the Ninth Circuit's guidance in <u>United States v. Tamura</u>, 694 F.2d 591 (9th Cir. 1982), in that it allowed computer personnel and the case

agents to simultaneously inspect the computer images for information falling within the items to be seized.  However, because it is evident that the search protocols the FBI agents used attempted to comply with Tamura and they were not acting willfully or in bad faith when they deviated from its guidance, the search of the digital devices was reasonable under the Fourth Amendment.

    9.    Accordingly, defendants' motions (Mot. #209, 210, 211, 222) to suppress evidence seized as a result of the search warrants are DENIED.

DATED: April 14, 2011

_____
THE HON. A. HOWARD MATZ
United States District Judge