ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DOUGLAS M. MILLER (SBN: 240398)
Assistant United States Attorney
NICOLA J. MRAZEK
JEFFREY A. GOLDBERG
Senior Trial Attorneys
      1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2216
      Facsimile: (213) 894-6436
      Email: douglas.m.miller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                  UNITED STATES DISTRICT COURT

             FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 10-1031(A)-AHM |
| Plaintiff, | GOVERNMENT'S MOTION TO LIMIT THE TESTIMONY OF RONALD L. DURKIN; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| ENRIQUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY, | [PROPOSED ORDER FILED SEPARATELY] |
| Defendants. | |

     Plaintiff United States of America, by and through its
attorneys of record, the United States Department of Justice,
Criminal Division, Fraud Section, and the United States Attorney
for the Central District of California (collectively, "the
government"), hereby file the Government's Motion to Limit the
Testimony of Ronald L. Durkin.  This motion is based upon the
attached memorandum of points and authorities, the files and

1   records in this matter, as well as any evidence or argument
2   presented at any hearing on this matter.
3   DATED:     April 19, 2011
4                                   Respectfully submitted,
5
6                                   ANDRÉ BIROTTE JR.
                                    United States Attorney
7                                   ROBERT E. DUGDALE
                                    Assistant United States Attorney
8                                   Chief, Criminal Division
9
10                                  _____/s/_____
                                    DOUGLAS M. MILLER
11                                  Assistant United States Attorney
12                                  NICOLA J. MRAZEK
                                    JEFFREY A. GOLDBERG
13                                  Senior Trial Attorneys
                                    Criminal Division, Fraud Section
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

The defendants in this case seek to call expert Ronald L. Durkin, their forensic accountant, as part of the defendants' case.  The government does not object to Mr. Durkin being called as an expert witness.  However, the government does request that Mr. Durkin's testimony be limited in the following four ways pursuant to the Federal Rules of Evidence.

First, Mr. Durkin should be prohibited from testifying that Grupo's Global Financial account was a "bank" account.  In Mr. Durkin's first declaration, he states, "I also obtained and reviewed the complete banking records for Grupo's Global account for the relevant time period."  (CR 222-1 at 5).  In Mr. Durkin's second declaration, Mr. Durkin states that "[t]hese securities were held in a securities account as distinct from the Grupo brokerage ('bank') account with which we are concerned." (CR 293-1 at 8).  As has been established by all four witnesses from Global Financial, that entity is a <u>brokerage</u> firm, not a <u>bank</u>, and Grupo's account was a <u>brokerage</u> account, not a <u>bank</u> account. As there is no basis for asserting that Global Financial is a bank, Mr. Durkin should be prohibited from doing so to avoid confusing the jury.

Second, Mr. Durkin should be prohibited from testifying as to the tracing of funds in Grupo's brokerage account.  As this Court ruled in its order concerning the <u>Franks</u> hearing, evidence of money laundering does <u>not</u> "have to include the tracing of specific funds, but only that the proceeds of specified unlawful

-1-

1  activity were involved in a transaction, even if commingled.

2  United States v. Rutgard, 116 F.3d 1270, 1292 (9th Cir. 1997)."

3  (CR 439).  The funds Lindsey Manufacturing Company deposited into

4  the Grupo account were, unquestionably, commingled with other

5  funds in that account.  See Supp. Durkin Decl., CR 293-1 ("[T]he

6  balances in the account at the time of the subject transactions

7  were made up of irrevocably commingled funds.").  The government

8  will stipulate to that fact.  Any further testimony concerning

9  dollar-for-dollar tracing will only waste the jurors' time and

10 confuse them.  See United States v. Marbella, 73 F.3d 1508, 1515

11 (9th Cir. 1996) (upholding a district court's exclusion of

12 tracing evidence as "irrelevant" to money laundering charges);

13 see also United States v. Garcia, 37 F.3d 1359, 1365 (9th Cir.

14 1994) ("We conclude that under the money laundering statutes, due

15 to the fungibility of money, it is sufficient to prove that the

16 funds in question came from an account in which tainted proceeds

17 were commingled with other funds.").

18      If this Court allows Mr. Durkin to testify as to the tracing

19 of funds, the government requests that he be prohibited from

20 stating or implying that tracing dollar-for-dollar is in any way

21 a requirement for the Foreign Corrupt Practices Act or money

22 laundering charges.  The jury should also be instructed at that

23 time that such tracing is not required.

24      Third, Mr. Durkin should be prohibited from wrongly stating

25 that the Grupo account had a negative account balance or the

26 account was "overdrawn."  (CR 222-1 at 5).  First, the evidence

27

28                              -2-

at trial has established that at no time did the brokerage
account have a negative balance.  Indeed, in its first year the
Grupo account always had approximately $200,000 in assets and
then, soon after, always had over $1,000,000 in assets.

Furthermore, even if Mr. Durkin were to clarify his
testimony to explain that there were times that the Grupo
brokerage account was fully invested and that, consequently, it
did not hold any cash assets, that testimony would still be
irrelevant for two reasons.  First, just as there is no
requirement for tracing, there is no requirement that money
laundering funds be kept as cash.  Second, even if Grupo was a
bank account and even if its accounts dropped below zero, as long
as the proceeds of the specified unlawful activity are commingled
in the account, there is no requirement that the account maintain
a positive balance.  See Marbella, 73 F.3d at 1515 (holding that
to prove money laundering the government need not prove the
account used "maintained a positive balance between the time the
illegal proceeds were deposited" and when the money laundering
transactions were made).

Fourth, Mr. Durkin should be prohibited from mentioning in
any way the Franks hearing for which he was originally retained.
Counsel for defendant STEVE K. LEE has already inappropriately
attempted to argue through cross-examination of Special Agent
Bryan Willet that the search warrant affidavit contained "lies,"

-3-

1   an argument this Court rejected during pretrial litigation.[1]  The

2   defendants should not be permitted to raise this irrelevant,

3   foreclosed, and prejudicial issue again through Mr. Durkin's

4   testimony.

5        Finally, the government requests that the defendants be

6   directed to supply at least two days before Mr. Durkin testifies

7   any documents Mr. Durkin reviewed in preparation for his

8   testimony and any summary or demonstrative exhibits they wish to

9   use with Mr. Durkin.  Throughout this trial, the defense has

10  introduced exhibits that have never been shown to the government,

11  much less produced in reciprocal discovery.  The government has

12  not objected to any of this evidence in an attempt to be

13  accommodating and to not unduly slow the trial.  However, the

14  defendants should be on notice that the government will

15  //

16  //

17

18

19

20

21

22

23

    [1] RT 4/15/11, pp. 1884-85

24

        LEVINE:  What did you read in advance, the search warrant
25  affidavit?
        WILLET:  The search warrant affidavit.
26      LEVINE:  You know that has lies in it, right?
        GOLDBERG: Objection, Your Honor.
27      THE COURT: Sustained.

28                              -4-

1  object to Mr. Durkin's testimony as a whole if it does not get

2  the documents two days in advance.

3  DATED:   April 19, 2011          Respectfully submitted,

4                                   ANDRÉ BIROTTE JR.
                                    United States Attorney
5
                                    ROBERT E. DUGDALE
6                                   Assistant United States Attorney
                                    Chief, Criminal Division
7

8
                                   _____/s/_____
9                                   DOUGLAS M. MILLER
                                    Assistant United States Attorney
10
                                    NICOLA J. MRAZEK
11                                  JEFFREY A. GOLDBERG
                                    Senior Trial Attorneys
12                                  Criminal Division, Fraud Section

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                       -5-