1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FILED
CLERK, U.S. DISTRICT COURT

MAY − 6 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                                   DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

Plaintiff,

v.

ENRIQUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, KEITH E. LINDSEY, STEVE K. LEE, AND LINDSEY MANUFACTURING COMPANY,

Defendants.

CASE NO. CR 10-1031 AHM

JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# JURY INSTRUCTIONS – TABLE OF CONTENTS

COURT'S INSTRUCTION NO. 1
DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW ........... 1

COURT'S INSTRUCTION NO. 2
THE CHARGE – PRESUMPTION OF INNOCENCE ................ 2

COURT'S INSTRUCTION NO. 3
CHARGE AGAINST DEFENDANT NOT EVIDENCE – PRESUMPTION
OF INNOCENCE – BURDEN OF PROOF ..................... 3

COURT'S INSTRUCTION NO. 4
DEFENDANT'S DECISION NOT TO TESTIFY ................ 4

COURT'S INSTRUCTION NO. 5
REASONABLE DOUBT – DEFINED ...................... 5

COURT'S INSTRUCTION NO. 6
WHAT IS EVIDENCE ............................ 7

COURT'S INSTRUCTION NO. 7
WHAT IS NOT EVIDENCE ......................... 8

COURT'S INSTRUCTION NO. 8
STIPULATIONS OF FACT ......................... 9

COURT'S INSTRUCTION NO. 9
DIRECT AND CIRCUMSTANTIAL EVIDENCE ............. 10

COURT'S INSTRUCTION NO. 10
WEAKER OR LESS SATISFACTORY EVIDENCE ............ 11

COURT'S INSTRUCTION NO. 11
ENGLISH TRANSLATION / INTERPRETATION ............ 12

COURT'S INSTRUCTION NO. 12
TRANSCRIPT OF RECORDING IN A FOREIGN LANGUAGE ....... 13

COURT'S INSTRUCTION NO. 13
ACTIVITIES NOT CHARGED ....................... 14

COURT'S INSTRUCTION NO. 14
SEPARATE CONSIDERATION OF MULTIPLE COUNTS – MULTIPLE
DEFENDANTS .............................. 15

COURT'S INSTRUCTION NO. 15
CORPORATE DEFENDANT ........................ 16

COURT'S INSTRUCTION NO. 16
ENTITY RESPONSIBILITY – ENTITY DEFENDANT – AGENCY .... 17

COURT'S INSTRUCTION NO. 17
STATEMENTS BY DEFENDANT ...................... 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. 18
OPINION EVIDENCE, EXPERT WITNESS . . . . . . . . . . . . . . . . . . . . . . . 19

COURT'S INSTRUCTION NO. 19
CHARTS AND SUMMARIES IN EVIDENCE . . . . . . . . . . . . . . . . . . . 20

COURT'S INSTRUCTION NO. 20
IDENTITY OF ABB INCORPORATED . . . . . . . . . . . . . . . . . . . . . . . . . 21

COURT'S INSTRUCTION NO. 21
JUDGING THE EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

COURT'S INSTRUCTION NO. 22
CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

COURT'S INSTRUCTION NO. 23
TESTIMONY OF WITNESS INVOLVING SPECIAL
CIRCUMSTANCES – PLEA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

COURT'S INSTRUCTION NO. 24
GRAND JURY TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

COURT'S INSTRUCTION NO. 25
"ON OR ABOUT" EXPLAINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

COURT'S INSTRUCTION NO. 26
APPROXIMATE AMOUNT – EXPLAINED . . . . . . . . . . . . . . . . . . . 27

COURT'S INSTRUCTION NO. 27
CONSPIRACY – ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

COURT'S INSTRUCTION NO. 28
CONSPIRACY – KNOWING OF AND ASSOCIATION WITH OTHER
CONSPIRATORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

COURT'S INSTRUCTION NO. 29
STATUS AS CONSPIRATOR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

COURT'S INSTRUCTION NO. 30
FOREIGN CORRUPT PRACTICES ACT – ELEMENTS
(GENERALLY) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

COURT'S INSTRUCTION NO. 31
FOREIGN CORRUPT PRACTICES ACT – DEFINITIONS . . . . . . . . . . 34

COURT'S INSTRUCTION NO. 32
COMISIÓN FEDERAL DE ELECTRICIDAD . . . . . . . . . . . . . . . . . . . 37

COURT'S INSTRUCTION NO. 33
LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-
CONSPIRATOR (*PINKERTON* CHARGE) . . . . . . . . . . . . . . . . . . . 38

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. 34
MONEY LAUNDERING CONSPIRACY – ELEMENTS
(18 U.S.C. § 1956(h)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

COURT'S INSTRUCTION NO. 35
MONEY LAUNDERING: CONCEALING PROCEEDS OF SPECIFIED
UNLAWFUL ACTIVITY (18 U.S.C. § 1956(a)(1)(B)(i)) . . . . . . . . . . . . 42

COURT'S INSTRUCTION NO. 36
DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

COURT'S INSTRUCTION NO. 37
CONSIDERATION OF EVIDENCE – CONDUCT OF JURY . . . . . . . . . 45

COURT'S INSTRUCTION NO. 38
USE OF NOTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

COURT'S INSTRUCTION NO. 39
JURY CONSIDERATION OF PUNISHMENT . . . . . . . . . . . . . . . . . . . 47

COURT'S INSTRUCTION NO. 40
VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

COURT'S INSTRUCTION NO. 41
COMMUNICATION WITH COURT . . . . . . . . . . . . . . . . . . . . . . . . . . 49

# COURT'S INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.

It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.

You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

## COURT'S INSTRUCTION NO. 2
## THE CHARGE – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges defendants LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE with conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") and violation of the FCPA.  The government charges defendant ANGELA AGUILAR with conspiracy to commit money laundering and money laundering.  The charges against the defendants are contained in the First Superseding Indictment.

The First Superseding Indictment simply describes the charges the government brings against the defendants. The First Superseding Indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and are presumed to be innocent unless and until the government proves that each defendant is guilty beyond a reasonable doubt.

In addition, every defendant has the right to remain silent and never has to prove innocence or to present any evidence.

2

# COURT'S INSTRUCTION NO. 3

## CHARGE AGAINST DEFENDANT NOT EVIDENCE – PRESUMPTION OF INNOCENCE – BURDEN OF PROOF

The First Superseding Indictment is not evidence. The defendants have pleaded not guilty to the charges. A defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 4
## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that a defendant did not testify.

# COURT'S INSTRUCTION NO. 5

## REASONABLE DOUBT – DEFINED

Defendants ANGELA AGUILAR, LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE are presumed to be innocent of the crimes charged. Thus the defendants, although accused of crimes in the First Superseding Indictment, began the trial with a "clean slate" – with no evidence against them. The First Superseding Indictment is not evidence of any kind. The defendants are, of course, not on trial for any act or crime not contained in the First Superseding Indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves beyond a reasonable doubt that defendants ANGELA AGUILAR, LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE have committed each and every element of a particular charged offense in the First Superseding Indictment, you must find the

5

## COURT'S INSTRUCTION NO. 5 (CONT'D)

defendants not guilty of that particular offense. If you view the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt – you must adopt the conclusion of innocence.

6

# COURT'S INSTRUCTION NO. 6

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

# COURT'S INSTRUCTION NO. 7
## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# COURT'S INSTRUCTION NO. 8
## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COURT'S INSTRUCTION NO. 9
# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# COURT'S INSTRUCTION NO. 10
## WEAKER OR LESS SATISFACTORY EVIDENCE

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to, consider this fact in your deliberations.

You must remember, however, that a defendant is not obliged to produce any evidence or to call any witnesses.

# COURT'S INSTRUCTION NO. 11
## ENGLISH TRANSLATION / INTERPRETATION

The Spanish language has been used during this trial. The evidence you are to consider is only that provided through the official court interpreters and translators. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English interpretation and translation and disregard any different meaning.

12

# COURT'S INSTRUCTION NO. 12

## TRANSCRIPT OF RECORDING IN A FOREIGN LANGUAGE

During the trial, you heard recordings in the Spanish language. A transcript of the recordings has been admitted into evidence.

The transcript is an official English-language translation of the recording.

Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript even if you would translate it differently.

# COURT'S INSTRUCTION NO. 13
## ACTIVITIES NOT CHARGED

You are here only to determine whether each defendant is guilty or not guilty of the charges in the First Superseding Indictment.

The defendants are not on trial for any conduct or offense not charged in the First Superseding Indictment.

# COURT'S INSTRUCTION NO. 14
## SEPARATE CONSIDERATION OF MULTIPLE COUNTS – MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific count.

# COURT'S INSTRUCTION NO. 15

## CORPORATE DEFENDANT

The fact that a defendant is a corporation should not affect your verdict. Under the law, a corporation is considered a person and all persons are equal before the law. Corporations are entitled to the same fair and conscientious consideration by you as any other person.

16

# COURT'S INSTRUCTION NO. 16
## ENTITY RESPONSIBILITY – ENTITY DEFENDANT – AGENCY

Lindsey Manufacturing Company is a corporation. A corporation may be found guilty of an offense. A corporation acts only through its agents and employees, that is, those officers, agents, employees, or other persons authorized or employed to act for it.

To sustain the charge of conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") or violation of the FCPA against Lindsey Manufacturing Company, the government must prove the following propositions:

First, the offense charged was committed by one or more agents or employees of Lindsey Manufacturing Company;

Second, in committing the offense, the agent or employee intended, at least in part, to benefit Lindsey Manufacturing Company; and

Third, the acts by the agent or employee were committed within the authority or scope of his employment.

For an act to be within the authority of an agent or the scope of the employment of an employee, it must deal with a matter whose performance is generally entrusted to the agent or employee by Lindsey Manufacturing Company.

It is not necessary that the particular act was itself authorized or directed by Lindsey Manufacturing Company.

If an agent or an employee was acting within the authority or scope of his employment, Lindsey Manufacturing Company is not relieved of its responsibility because the act was illegal.

17

## COURT'S INSTRUCTION NO. 17
## STATEMENTS BY DEFENDANT

You have heard testimony that defendant STEVE K. LEE made certain statements. It is for you to decide (1) whether he made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made them.

Also, statements have been received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

# COURT'S INSTRUCTION NO. 18
## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from a witness who, because of education or experience, was permitted to state opinions and the reasons for his opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# COURT'S INSTRUCTION NO. 19
## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COURT'S INSTRUCTION NO. 20
## IDENTITY OF ABB INCORPORATED

ABB Incorporated ("ABB Inc.") is the U.S. subsidiary of ABB Limited ("ABB Ltd."), a large Swiss-Swedish, multinational company.  ABB Inc. conducted its Comisión Federal de Electricidad ("CFE") business through a unit based in Sugarland, Texas, called ABB Network Management ("ABB NM").

ABB Inc., ABB Ltd., and ABB NM have no relation to and should not be confused with SBB, Incorporated, a Canadian company.

# COURT'S INSTRUCTION NO. 21
## JUDGING THE EVIDENCE

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.  Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling witnesses or producing any evidence, because the burden of proving guilt beyond a reasonable doubt is always with the government.

22

# COURT'S INSTRUCTION NO. 22

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.

You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

23

# COURT'S INSTRUCTION NO. 23
## TESTIMONY OF WITNESS INVOLVING SPECIAL
## CIRCUMSTANCES – PLEA

You have heard testimony from Fernando Maya Basurto, a witness who pleaded guilty in another case and is cooperating with the government. This guilty plea is not evidence against the defendants, and you may consider it only in determining the witness's believability.

In evaluating the testimony of this witness, you should consider the extent to which or whether his testimony may have been influenced by these factors.

In addition, you should examine the testimony of this witness with greater caution than that of other witnesses.

24

## COURT'S INSTRUCTION  NO. 24
### GRAND JURY TESTIMONY

You have heard evidence that Mang Hue Kwok, Sergio Cortez, and FBI Special Agent Susan Guernsey made statements prior to this trial that were under oath and before the grand jury and that may be different from their testimony at trial.  When a statement is made under oath and before the grand jury, you may not only use it to help you decide whether you believe the witnesses' testimony in this trial but you may also use it as evidence of the truth of what the witnesses said in the earlier grand jury testimony.

25

# COURT'S INSTRUCTION NO. 25
## "ON OR ABOUT" EXPLAINED

The First Superseding Indictment charges that certain acts alleged in the First Superseding Indictment were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the First Superseding Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

# COURT'S INSTRUCTION NO. 26
## APPROXIMATE AMOUNT – EXPLAINED

Certain counts in the First Superseding Indictment allege that approximate amounts of money were involved in the crimes charged.

It is not necessary for the government to prove the exact or precise amount of money alleged in the First Superseding Indictment.

27

# COURT'S INSTRUCTION NO. 27
## CONSPIRACY – ELEMENTS

Defendants LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE are charged in Count One of the First Superseding Indictment with conspiring to violate the Foreign Corrupt Practices Act ("FCPA"), a law I will describe for you shortly. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or around February 2002, and ending in or around March 2009, there was an agreement between two or more persons to commit the crime alleged in the conspiracy, namely to violate the FCPA;

Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all jurors agreeing on a particular overt act that you find was committed.

A conspiracy is a kind of criminal partnership — an agreement of two or more persons to commit one or more crimes.

The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime alleged in the First Superseding Indictment as the object of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the

## COURT'S INSTRUCTION NO. 27 (CONT'D)

unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.

On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

# COURT'S INSTRUCTION NO. 28
# CONSPIRACY – KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy, like that charged in Count One and Count Seven, may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, a defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out the object of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

30

# COURT'S INSTRUCTION  NO. 29
## STATUS AS CONSPIRATOR

Unless someone intended to join a conspiracy and agreed to accomplish a specific illegal object of that conspiracy, his or her mere association with members of a conspiracy, the existence of an opportunity to join that conspiracy, or simple knowledge, approval of, or acquiescence in the object or purpose of that conspiracy, is not sufficient to make the defendant a conspirator.

31

## COURT'S INSTRUCTION NO. 30
## FOREIGN CORRUPT PRACTICES ACT – ELEMENTS (GENERALLY)

Defendants LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE are charged in Counts Two, Three, Four, Five, and Six with violations of the Foreign Corrupt Practices Act ("FCPA"). The FCPA makes it a federal crime to offer to pay, pay, promise to pay, or authorize the payment of money or anything of value to a foreign official for purposes of influencing any act or decision of that foreign official in his official capacity, or for purposes of securing any improper advantage in order to obtain or retain business.

A defendant may be found guilty of this crime only if the government proves all of the following six elements beyond a reasonable doubt:

(1) The defendant is a "domestic concern," or an officer, director, employee, or agent of a "domestic concern," or a stockholder of a domestic concern who is acting on behalf of such domestic concern.

(2) The defendant acted corruptly and willfully.

(3) The defendant made use of the mails or of any means or instrumentality of interstate commerce in furtherance of conduct that violates this statute.

(4)(a) The defendant knowingly either paid, or offered, promised, or authorized the payment of, money or anything of value to a foreign official.

OR

(b) The defendant knowingly either paid, or offered, promised, or authorized the payment of, money or anything of value to a recipient other than a foreign official while knowing that all or a portion of the payment or gift would be offered, given, or promised (directly or indirectly), to a foreign official.

32

**COURT'S INSTRUCTION NO. 30 (CONT'D)**

(5) The payment was intended for at least one of the following purposes:

   (a) to influence any act or decision of the foreign official in his official capacity;

   (b) to induce the foreign official to use his influence with a foreign government (or a department, agency, or instrumentality of such government) to affect or influence any act or decision of such government, department, agency, or instrumentality; or

   (c) to secure any improper advantage.

AND

(6) The payment was made to assist the defendant in obtaining business for any person or company, retaining business with any person or company, or directing business to any person or company.

33

# COURT'S INSTRUCTION NO. 31
## FOREIGN CORRUPT PRACTICES ACT – DEFINITIONS
### "Domestic Concern"

A "domestic concern" is: (a) any individual who is a citizen, national, or resident of the United States; and (b) any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship which has its principal place of business in the United States, or which is organized under the laws of a State of the United States or a territory, possession, or commonwealth of the United States.

### "Corruptly and Willfully"

An act is done "corruptly" if it is done voluntarily and intentionally, and with a bad purpose or evil motive of accomplishing either an unlawful end or result, or a lawful end or result but by some unlawful method or means. The term "corruptly" in the Foreign Corrupt Practices Act ("FCPA") is intended to connote that the offer, payment, or promise was intended to induce the recipient to misuse his official position.

A person acts "willfully" if he acts deliberately and with the intent to do something the law forbids, that is, with a bad purpose to disobey or disregard the law. The person need not be aware of the specific law and rule that his conduct may be violating, but the person must act with the intent to do something that the law forbids.

### "Interstate Commerce"

The term "interstate commerce" means trade, commerce, transportation, or communication among the several States, or between any foreign country and any State or between any State and any place or ship outside thereof, and such term includes the intrastate use of (a) a telephone or other interstate means of communication, or (b) any other interstate instrumentality.

34

# COURT'S INSTRUCTION NO. 31 (CONT'D)

Transmitting or receiving funds through use of a bank that does business in the United States constitutes the use of a means or instrumentality of interstate commerce.

## "Payment"

The defendant must have intended to further a payment, or an offer, promise, or authorization of payment, of money or of anything of value. However, it is not required that the payment actually be made, because an offer or promise to pay and the authorization of payment by the defendant are also prohibited by the FCPA. Thus, if the defendant authorized another person to pay a bribe, that authorization alone is sufficient for you to find that this element has been proven.

## "Knowledge"

A person has "knowledge" for purposes of the FCPA if: (a) he is aware that he is engaging in conduct, or that a circumstance exists, or that a result is substantially certain to occur; or (b) he has a firm belief that such circumstance exists or that such result is substantially certain to occur. A person is deemed to have such knowledge if the evidence shows he was aware of a high probability of the existence of such circumstance, unless he actually believes such circumstance does not exist.

## "Foreign Official"

The term "foreign official" means any officer or employee of a foreign government (or any department, agency, or instrumentality of that government), or any person acting in an official capacity for or on behalf of any such government or department, agency, or instrumentality. An "instrumentality" of a foreign government can include certain state-owned or state-controlled companies.

35

**COURT'S INSTRUCTION NO. 31 (CONT'D)**

**"Purpose to Influence or Induce"**

The payment, or the offer, promise, or authorization of payment, of money or of anything of value must have been made for at least one of these purposes:

(a) to influence any act or decision of the foreign official in his official capacity;

(b) to induce the foreign official to use his influence with a foreign government (or a department, agency, or instrumentality of such government) to affect or influence any act or decision of such government, department, agency, or instrumentality; or

(c) to secure any improper advantage.

Proof that any foreign official was actually influenced is not required.

**"Purpose to Obtain or Retain Business"**

The payment, or the offer, promise, or authorization of payment, of money or of anything of value must also have been made for the purpose of assisting the defendant in obtaining business for any person or company, retaining business with any person or company, or directing business to any person or company. Proof that the defendant actually obtained, retained, or directed any business whatsoever as a result of the payment, or of the offer, promise, or authorization of payment, of money or of anything of value is not necessary.

# COURT'S INSTRUCTION NO. 32
## COMISIÓN FEDERAL DE ELECTRICIDAD

The Constitution of Mexico provides that the supply of electricity is a government function and that the provision of electricity is a public service. The Comisión Federal de Electricidad ("CFE") was created by Mexico as a decentralized public entity with its own legal status and assets. The President of Mexico appoints CFE's General Director.

# COURT'S INSTRUCTION NO. 33
## LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)

Each member of a conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of violating one or more of the counts alleging violations of the Foreign Corrupt Practices Act ("FCPA") if the government proves each of the following elements beyond a reasonable doubt:

First, another person accused in the particular count you are considering committed the crime of violating the FCPA as alleged in that count;

Second, the other person was a member of the conspiracy charged in Count One;

Third, the other person committed the crime alleged in that count in furtherance of the conspiracy;

Fourth, the defendant whose guilt or innocence you are determining was a member of the same conspiracy at the time the violation of the FCPA was committed by the other person; and

Fifth, the other person's conduct in violating the FCPA fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

# COURT'S INSTRUCTION NO. 34
## MONEY LAUNDERING CONSPIRACY – ELEMENTS
### (18 U.S.C. § 1956(h))

Defendant ANGELA AGUILAR is charged in Count Seven of the First Superseding Indictment with conspiring to launder money in violation of Section 1956(h) of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following two elements beyond a reasonable doubt:

(1) Beginning in or around 2002, and ending in or around March 2009, there was an agreement between two or more persons to commit at least one crime alleged in the money laundering conspiracy, namely violation of Section 1956(a)(1)(B)(i) (concealing proceeds of specified unlawful activity), violation of Section 1956(a)(2)(A) (international money laundering to promote a specified unlawful activity), or violation of Section 1957 (transactions of more than $10,000 using criminally derived proceeds).

Section 1956(a)(1)(B)(i) (money laundering: concealing proceeds of specified unlawful activity) is described in Court's Instruction No. 35.

Section 1956(a)(2)(A) of Title 18 (international money laundering to promote a specified unlawful activity) prohibits a person from transporting, transmitting, or transferring or attempting to transport, transmit, or transfer a monetary instrument or funds from a place outside the United States to or through a place in the United States or from a place in the United States to or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity.

**COURT'S INSTRUCTION NO. 34 (CONT'D)**

Section 1957 of Title 18 (transactions of more than $10,000 using criminally derived proceeds) prohibits a person from knowingly engaging or attempting to engage in a monetary transaction when the person knew that the transaction involved property or funds that were the proceeds of some criminal activity, the property had a value of more than $10,000, the property was in fact proceeds of a specified unlawful activity alleged in the First Superseding Indictment, and the transaction took place in the United States.

AND

(2) The defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

A conspiracy is a kind of criminal partnership — an agreement of two or more persons to commit one or more crimes.

The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in count seven of the First Superseding Indictment as the object of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is

40

## COURT'S INSTRUCTION NO. 34 (CONT'D)

as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

The specified unlawful activity is a violation of the Foreign Corrupt Practices Act or violation of the criminal bribery law of Mexico. In general, Mexican law makes it illegal for a public servant to receive money or other gifts, or to accept a promise to be given such money or other gifts, in exchange for performing an act in relation to his public duties.

41

# COURT'S INSTRUCTION NO. 35
# MONEY LAUNDERING: CONCEALING PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY (18 U.S.C. § 1956(a)(1)(B)(i))

Defendant ANGELA AGUILAR is charged in Count Eight of the First Superseding Indictment with laundering money in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code. The alleged laundering consisted of depositing a check issued from Grupo's Global Financial brokerage account ending XX964 for approximately $297,500 into a Pacific Western bank account ending in XX200 for the purchase of a Ferrari in Beverly Hills in California. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1) The defendant conducted a financial transaction involving property that constituted the proceeds of specified unlawful activity, namely a violation of the Foreign Corrupt Practices Act or violation of the criminal bribery law of Mexico. In general, Mexican law makes it illegal for a public servant to receive money or other gifts, or to accept a promise to be given such money or other gifts, in exchange for performing an act in relation to his public duties.

(2) The defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity referred to in paragraph (1).

AND

(3) The defendant knew that the property involved in the financial transaction (the $297,500 check) constituted the proceeds of some form of unlawful activity that was a felony crime under state, federal, or foreign law.

42

# COURT'S INSTRUCTION NO. 35 (CONT'D)

A financial transaction is a transaction involving the use of a financial institution that is engaged in, or the activities of which affects interstate or foreign commerce in any way.

43

# COURT'S INSTRUCTION NO. 36
## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S INSTRUCTION NO. 37
## CONSIDERATION OF EVIDENCE – CONDUCT OF JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, social media such as Facebook and Twitter, or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# COURT'S INSTRUCTION NO. 38
## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

46

# COURT'S INSTRUCTION NO. 39
## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against a defendant beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 40
## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

# COURT'S INSTRUCTION NO. 41
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of a defendant, until after you have reached a unanimous verdict or have been discharged.

## COURT'S INSTRUCTION NO. 42

Defendants LINDSEY MANUFACTURING COMPANY, KEITH E. LINDSEY, and STEVE K. LEE are charged in Counts Two, Three, Four, Five and Six with violations of the Foreign Corrupt Practices Act ("FCPA"). The first superseding indictment alleges that the means and instrumentalities of interstate and international commerce used to commit these offenses were as follows:

### COUNT TWO

11/1/2006        Wire transfer of approximately $92,116.74 from defendant LINDSEY MANUFACTURING's Preferred Bank account in California to Grupo's Global Financial brokerage account in Texas

### COUNT THREE

11/17/2006      Wire transfer of approximately $1,567,416.00 froM defendant LINDSEY MANUFACTURING's Preferred Bank account in California to Grupo's Global Financial brokerage account in Texas

### COUNT FOUR

11/28/2006      Wire transfer of approximately $1,567,416.00 from defendant LINDSEY MANUFACTURING's Preferred Bank account in California to Grupo's Global Financial brokerage account in Texas

### COUNT FIVE

2/9/2007          Wire transfer of approximately $115,879.56 from defendant LINDSEY MANUFACTURING'S Preferred Bank account in California to Grupo's Global Financial brokerage account in Texas

**COURT'S INSTRUCTION NO. 42 (CONT'D)**

<u>COUNT SIX</u>

9/17/2007          Wire transfer of approximately $260,468 from defendant
                   LINDSEY MANUFACTURING's California United
                   Bank account in California to Grupo's Global Financial
                   brokerage account in Texas