1 | ANDRÉ BIROTTE JR.
United States Attorney
2 | ROBERT E. DUGDALE
Assistant United States Attorney
3 | Chief, Criminal Division
DOUGLAS M. MILLER (SBN: 240398)
4 | Assistant United States Attorney
NICOLA J. MRAZEK
5 | JEFFREY A. GOLDBERG
Senior Trial Attorneys
6 |     1300 United States Courthouse
    312 North Spring Street
7 |     Los Angeles, California 90012
    Telephone: (213) 894-2216
8 |     Facsimile: (213) 894-6436
    Email: douglas.m.miller@usdoj.gov
9 | STEVEN R. WELK
Assistant United States Attorney
10 | Chief, Asset Forfeiture Section
JENNIFER M. RESNIK
11 | Assistant United States Attorney
Asset Forfeiture Section
12 | California Bar No. 233634
    Federal Courthouse, 14th Floor
13 |     312 North Spring Street
    Los Angeles, California 90012
14 |     Telephone:  (213) 894-6595
    Facsimile:  (213) 894-7177
15 |     E-mail: jennifer.resnik@usdoj.gov

16 | Attorneys for Plaintiff
United States of America

17 |

18 |              UNITED STATES DISTRICT COURT

19 |         FOR THE CENTRAL DISTRICT OF CALIFORNIA

20 |                   WESTERN DIVISION

UNITED STATES OF AMERICA,       )   CR No. 10-1031(A) - AHM
21 |                              )
            Plaintiff,           )
22 |                              )   [PROPOSED]
            v.                   )   PRELIMINARY ORDER OF FORFEITURE
23 |                              )
ENRIQUE FAUSTINO AGUILAR        )
24 | NORIEGA, ANGELA MARIA GOMEZ    )
AGUILAR, KEITH E. LINDSEY,      )
25 | STEVE K. LEE, and              )
LINDSEY MANUFACTURING COMPANY,  )
26 |                              )
                                 )
27 |            Defendants.        )
_____ )
28 |

Upon consideration of the application of plaintiff United States of America for a preliminary order of forfeiture and the guilty verdicts against defendants Keith E. Lindsey, Steve K. Lee and Lindsey Manufacturing Company on Counts One through Six of the First Superseding Indictment ("Indictment") this Court ORDERS as follows:

## I.    FORFEITABLE PROPERTY

The following property is subject to forfeiture to the United States:

A.          <u>General Criminal Forfeiture Order</u>:
Defendants Keith E. Lindsey, Steve K. Lee and Lindsey Manufacturing Company shall forfeit to the United States of America:

(1) All right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 371 (<u>i.e.</u>, Count One of the Indictment), and Title 18, United States Code, Section 2, and Title 15, United States Code, Section 78dd-2(a) (<u>i.e.</u>, Counts Two through Six of the Indictment)  for which defendants have been convicted; and

(2)   Substitute property of equal value to the property described in paragraph I.A.1 if, by any act or omission of any of the defendants the property described in paragraph I.A.1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold or

1       deposited with a third party; has been placed beyond the

2       jurisdiction of the Court; has been substantially diminished

3       in value; or has been commingled with other property which

4       cannot be divided without difficulty.

5                        **II.   IMPLEMENTATION**

6       IT IS FURTHER ORDERED as follows:

7       A.   Upon the entry of this Order, and pursuant to Fed. R.

8    Civ. P. 32.2(b)(3) and 21 U.S.C. § 853(g), the United States

9    Attorney General (or a designee) is authorized to seize the

10   Property identified in Section I above.   To the extent the United

11   States at any time identifies specific property subject to

12   forfeiture pursuant to Section I.A above, the United States shall

13   apply for a seizure warrant to seize such property in the manner

14   set forth in 21 U.S.C. § 853(f), and shall move to amend this or

15   any other then-existing order of forfeiture in this matter to

16   include such property, or any subsequently issued money judgment

17   pursuant to Fed. R. Civ. P. 32.2(e).

18      B.   Upon entry of this Order, the United States is

19   authorized to conduct any discovery for the purpose of

20   identifying, locating, or disposing of property subject to

21   forfeiture pursuant to Section I.A above ("I.A property"), in

22   accordance with 21 U.S.C. § 853(m) and Rule 32.2(b)(3) of the

23   Federal Rules of Criminal Procedure.   "Any discovery" shall

24   include all methods of discovery permitted under the Federal

25   Rules of Civil Procedure.

26      C.   Upon entry of this Order, and after amendment of the

27   applicable order of forfeiture in this matter to include

28   specifically identified Section I.A property, the United States

                                3

1   Attorney General (or a designee) is authorized to commence any
2   applicable proceeding to comply with statutes governing third
3   party rights, including giving notice of this and any other Order
4   affecting such property.  The following paragraphs shall apply to
5   any ancillary proceeding conducted in this matter:

6       (1)  Pursuant to 21 U.S.C. § 853(n)(1), the United States
7            Marshal shall forthwith publish once in a newspaper of
8            general circulation notice of this order and any other
9            Order affecting such Section I.A property, notice of
10           the Marshal's intent to dispose of such property in
11           such manner as the Attorney General may direct, and
12           notice that any person, other than the defendants,
13           having or claiming a legal interest in the Section I.A
14           property (only) must file a petition with the Court
15           within thirty (30) days of the publication of notice or
16           receipt of actual notice, whichever is earlier.  The
17           United States shall also, to the extent practicable,
18           provide written notice to any person known to have an
19           alleged interest in the Section I.A property.
20           *Provided*, no notice or ancillary proceeding is required
21           to the extent that this Order consists of a money
22           judgment against the defendants.  Fed. R. Crim. P.
23           32.2(c)(1).

24      (2)  Any person, other than the above named defendants,
25           asserting a legal interest in the Section I.A property
26           only, may, within thirty days of the publication of
27           notice or receipt of notice, whichever is earlier,
28           petition the court for a hearing without a jury to

                                4

1          adjudicate the validity of his alleged interest in the
2          Section I.A property, and for an amendment of the order
3          of forfeiture, pursuant to 21 U.S.C. § 853(n).
4     (3)  Any petition filed by a third party asserting an
5          interest in the Section I.A property shall be signed by
6          the petitioner under penalty of perjury and shall set
7          forth the nature and extent of the petitioner's right,
8          title, or interest in such property, the time and
9          circumstances of the petitioner's acquisition of the
10         right, title or interest in the property, any
11         additional facts supporting the petitioner's claim, and
12         the relief sought.
13    (4)  After the disposition of any motion filed under Fed. R.
14         Crim. P. 32.2(c)(1)(A) and before a hearing on the
15         petition, discovery may be conducted in accordance with
16         the Federal Rules of Civil Procedure if the Court
17         determines that such discovery is necessary or
18         desirable to resolve factual issues.
19    (5)  The United States shall have clear title to the Section
20         I.A property following the Court's disposition of all
21         third-party interests, or, if no petitions are filed,
22         following the expiration of the period provided in 21
23         U.S.C. § 853(n)(2) for the filing of third party
24         petitions.
25    D.   Pursuant to Fed. R. Crim. P. 32.2(b)(4), this
26  Preliminary Order of Forfeiture shall become final as to
27  defendants Keith E. Lindsey, Steve K. Lee and Lindsey
28  Manufacturing Company at the time of sentencing and shall be made

                                 5

1  part of their sentences and included in their judgments.

2      E.    The Court shall retain jurisdiction to enforce this

3  Order, and to amend it as necessary, pursuant to Fed. R. Crim. P.

4  32.2(e).

5      F.    The Clerk of the Court shall forward four certified

6  copies of this order to Assistant U.S. Attorney Jennifer M.

7  Resnik.

8  DATED: _May 23_____, 2011          _____

9                                      The Honorable A. Howard Matz

10

    Submitted by:

11

12  ANDRÉ BIROTTE JR.
    United States Attorney
13  ROBERT E. DUGDALE
    Assistant United States Attorney
14  Chief, Criminal Division
    STEVEN R. WELK
15  Assistant United States Attorney
    Chief, Asset Forfeiture Section
16

17  _____

    JENNIFER M. RESNIK
18  Assistant United States Attorney
    Attorneys for United States
19

20

21

22

23

24

25

26

27

28

                              6