ROBERT L. CORBIN (State Bar No. 75445)
JESSICA L. TULK (State Bar No. 266258)
CORBIN, FITZGERALD & ATHEY LLP
601 West Fifth Street, Suite 1150
Los Angeles, California 90071-2024
Tel: (213) 612-0001
Fax: (213) 612-0061
rlcorb@corbfitzlaw.com
jtulk@corbfitzlaw.com

Attorneys for Third-Parties
Lela Lindsey, Colleen Lindsey
and

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 10-1031(A)- AHM |
| Plaintiff, | **THIRD-PARTY LELA LINDSEY'S OPPOSITION TO THE GOVERNMENT'S *EX PARTE* APPLICATION FOR POST-CONVICTION RESTRAINING ORDER** |
| v. | |
| ENRIGUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, KEITH E. LINDSEY, and LINDSEY MANUFACTURING COMPANY, | |
| Defendants. | |

The government has applied *ex parte* for a restraining order for seven bank accounts. Two of the accounts are community property of Lela Lindsey and Keith Lindsey. These accounts are (1) Bank of America account number xxxxx-x5342, in the name of Keith E. Lindsey and Lela Lindsey; and (2) LPL Financial account in the name of The Keith and Lela Lindsey Family Trust dated April 24, 1996. The government states that the balance of the Bank of America account on May 27, 2011,

1

1  was $82,455 and that the balance of the LPL Financial account on May 31, 2011, was

2  $26,000, with two non-custody investments associated with the account having a value

3  of approximately $210,000.

4       Both accounts are part of the Family Trust, originally created in 1996 and

5  revised in 2005.  (Lela Lindsey Decl., ¶ 3).  Keith and Lela Lindsey are co-trustors and

6  trustees of the Family Trust.  (*Id.*)  The Family Trust is revocable so long as both Dr.

7  and Mrs. Lindsey are alive.  (*Id.*)  All of the property of the Family Trust is community

8  property.  (*Id.*)  In other words, the accounts are what they appear to be – the joint

9  accounts of a husband and wife.  Therefore, it cannot be disputed that the requested

10  restraining order would affect the property of Mrs. Lindsey, a third-party.

11       The government's burden is to establish probable cause to believe that the

12  property is subject to forfeiture.  *See United States v. Monsanto*, 491 U.S. 600, 615-

13  616 (1989) (standard for issuance of restraining order is probable cause).  If  the

14  government had listed these accounts in the indictment and the grand jury had made a

15  probable cause finding, that would have sufficed to support the issuance of the

16  restraining order.  *See United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005).

17  Otherwise, the government must submit an affidavit supporting its application for the

18  restraining order that sets forth the facts establishing the forfeitability of the property.

19       Here, the government's showing is exceptionally weak as to the two community

20  property accounts.  Essentially, the government submits the Declaration of Daniel

21  Parker, which states that the accounts exist.  Not surprisingly, then, the application is

22  devoted to a discussion of substitute assets.  At most, the application is an elaboration

23  on the point that Section 853(g) states that the district court ***"may"*** issue a post-

24  conviction order.  21 U.S.C. § 853(g).  The government does nothing to suggest ***why***

25  this Court could exercise its discretion in favor of the government.

26       No one disputes that Lindsey Manufacturing Company is a legitimate company

27  that makes and sells a legitimate product.  No one disputes that Dr. and Mrs. Lindsey

28

Corbin,
Fitzgerald &
Athey LLP

THIRD-PARTY LELA LINDSEY'S OPPOSITION TO THE GOVERNMENT'S EX PARTE
APPLICATION FOR POST-CONVICTION RESTRAINING ORDER

1  need to support themselves between now and sentencing.  No one disputes that Mrs.

2  Lindsey has been convicted of nothing.  Therefore, there is no just reason to deny her

3  access to her own money.

4       In general, this case presents little need for a restraining order.  The Lindseys are

5  an established couple with documented assets.  The government's most fruitful avenue

6  for satisfying a money judgment is to make sure that Lindsey Manufacturing Co.

7  remains a going concern.

8       Accordingly, Mrs. Lindsey respectfully requests that the government's *ex parte*

9  application be denied as to Bank of America account no. xxxx-x5342 and the LPL

10 Financial account in the name of The Keith and Lela Lindsey Family Trust dated April

11 24, 1996.

12       Dated: June 2, 2011.

13                                Respectfully submitted,

14

15                                CORBIN, FITZGERALD & ATHEY LLP

16                                By: /s/  Robert L. Corbin_____

17                                      Robert L. Corbin
                                   Attorneys for Lela Lindsey, Colleen Lindsey
18                                 and Jordan Lindsey

19

20

21

22

23

24

25

26

27

28

Corbin,
Fitzgerald &
Athey LLP

## DECLARATION OF LELA LINDSEY

I, Lela Lindsey, declare as follows:

1.      I am the wife of Dr. Keith E. Lindsey.

2.      I am familiar with the Bank of America account no. xxxxx-x5342 in the name of Keith E. Lindsey and Lela Lindsey.  I am familiar with the LPL Financial account in the name of The Keith and Lela Lindsey Family Trust ("Family Trust") dated April 24, 1996.

3.      Both accounts are part of the Family Trust, which was created in 1996 and restated in 2005.  My husband and I are the trustors and trustees of the Family Trust. The Family Trust is revocable while both of us are still alive.  All property of the Family Trust is community property.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of June, 2011, at _____, California.


_____
Lela Lindsey

Corbin,
Fitzgerald &
Athey LLP

THIRD-PARTY LELA LINDSEY'S OPPOSITION TO THE GOVERNMENT'S EX PARTE
APPLICATION FOR POST-CONVICTION RESTRAINING ORDER